UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | |
| | : | 3:17-cv-01104-VLB |
| v. | : | |
| | : | |
| YALE UNIVERSITY, INC. | : | |
|     Defendant. | : | SEPTEMBER 22, 2017 |

### Form 26(F) Report of Parties' Planning Meeting

Date Complaint Filed: July 5, 2017

Date Complaint Served: July 18, 2017

Defendant's Answer Due: September 7, 2017

Pursuant to Fed R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September 11, 2017. The participants were: Claire Howard for Plaintiff and David Salazar-Austin for Defendant.

I.     Certification

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the proposed case management plan. Counsel further verify that they have forwarded a copy of this report to their clients.

II.     Jurisdiction

    A.     <u>Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to

28 U.S.C. § 1331 because it presents a federal question under 42 U.S.C. §2000 *et. seq.* and 29 U.S.C. §621, *et. seq.*

  B. <u>Personal Jurisdiction</u>

 Personal jurisdiction over the Defendant is not contested.

III. Brief Description of Case

  A. <u>Claims of Plaintiff</u>:

Plaintiff claims that Defendant retaliated against her by denying her a year-long sabbatical and tenure in response to her opposition to sexual harassment and other discriminatory employment practices and because she participated in Yale University Title IX investigation of sexual harassment in the Department of Spanish & Portuguese in violation of Title VII, the Connecticut Fair Employment Practices Act and Connecticut General Statues § 31-51q protecting speech in the private work place. In addition, Plaintiff claims that Defendant breached the employment agreement with Plaintiff, including the implied covenant of good faith and fair dealing, and committed the tort of negligent misrepresentation when the Defendant failed to enforce the Faculty Handbook terms involving recusal of professors from tenure and promotion decisions where a conflict of interest exists despite representations that such recusals would be required. Plaintiff claims that she has suffered damages as a result of Defendant's actions.

  B. <u>Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants</u>:

Defendant denies all material allegations in Plaintiff's Complaint and will assert defenses to Plaintiff's claims as set forth in its answer to the Complaint or to be proven at trial. Defendant reserves the right to add additional or other

**defenses, or to delete or withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.**

**IV. Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:**

    **1. Plaintiff received an offer letter on February 19, 2008 that established she was offered a four year term from July 1, 2008 to June 30, 2012.**

    **2. Plaintiff received notice on February 15, 2016 that the Department vote for her tenure had been negative.**

    **3. Plaintiff's employment with Defendant terminated on June 30, 2017.**

**V. Case Management Plan:**

    **A. <u>Standing Order on Scheduling in Civil Cases</u>**

**The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases (as follows):**

    **B. <u>Scheduling Conference with the Court</u>**

**The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If a conference is scheduled, the parties prefer a conference by telephone.**

    **C. <u>Early Settlement Conference</u>**

    **1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time:**

    **2. The parties do not request an early settlement conference.**

**3.** If an early settlement conference is ordered, the parties prefer a settlement conference with a magistrate judge.

**4.** The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.** **Joinder of Parties and Amendment of Pleadings**

**1.** The parties should be allowed to file motions to join additional parties and amend the pleadings as allowed under the Federal Rules of Civil Procedure.

**2.** Defendant's answer or other response to the Complaint was due and filed on September 7, 2017.

**E.** **Discovery**

**1.** The parties anticipate that discovery will be needed on Plaintiff's allegations and Defendants' affirmative defenses, including, but not limited to:

- **Plaintiff's employment with Defendant;**
- **The rules and regulations relevant to Plaintiff's tenure decision;**
- **The Defendant's Title IX investigation and Climate Review; involving the Department of Spanish & Portuguese (the discoverability of which Defendant does not concede);**
- **Defendant's denial of Plaintiff's promotion, and justification for the decision; and**
- **Plaintiff's alleged damages.**

**2.** All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by August 1, 2018.

3. **Discovery will not be conducted in phases.**

4. **The parties anticipate that the plaintiff(s) will require a total of 10 depositions of fact witnesses and that the defendant(s) will require a total of 2-4 depositions of fact witnesses. The depositions will be completed by August 1, 2018.**

5. **The parties may request permission to serve more than 25 interrogatories.**

6. **Both parties may call expert witnesses at trial. On or before April 1, 2018, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). Depositions of Plaintiff's experts will be completed by May 1, 2018.**

7. **On or before June 1, 2018, Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). Depositions of Defendant's experts will be completed by July 1, 2018.**

8. **A damages analysis will be provided by any party who has a claim or counterclaim for damages in accordance with the above expert schedule.**

9. **Undersigned counsel have discussed the disclosure and preservation of electronically stored information (ESI) and the parties agree to the following procedures for the preservation, disclosure and management of ESI:**

   - **The parties agree to work cooperatively to try and reach agreement regarding a reasonable and proportional strategy for the search, review and production of ESI search**

**methodologies that are to be used to find information relevant to the claims or defenses in this matter, including identifying individuals whose communications should be searched, and date ranges for proposed searches. However, the producing party will have the final determination in the search methodologies to be employed in order to comply with its discovery obligations;**

- **To the extent that search terms are used as a methodology for identifying potentially relevant documents, counsel for the responding party will consult with the individuals who are believed to have sent or received relevant communications and identify proposed search terms. Counsel for the responding party will propose search terms to counsel for the requesting party, and counsel will then confer and try to reach agreement on the proposed search terms that will be used;**

- **Proposed search terms will not be the exclusive means of searching for electronically stored information, and may not be used at all, but it is understood that the responding party is still obligated to engage in reasonable efforts to identify and produce responsive documents of whether those documents contain one of the agreed upon search terms, subject to Defendant's potential proportionality arguments;**

- **If a discovery request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, in accordance with Fed. R. Civ. P. 34(b)(2)(E)(ii);**
- **If the party responding to a request for electronically stored information objects to the requested form of production, the parties agree to confer in good faith about said objections and comply with Fed. R. Civ. P. 34(b)(2)(D);**
- **The parties agree that there is a presumption that each party will bear the costs of assembling and producing the discoverable information in its possession. However, if a party responding to discovery believes that compliance with a discovery request will result in undue burden or expense and it intends to seek an order from the Court to shift the cost of responding to the requesting party, such a motion will only be filed after the parties have conferred in good faith concerning the matter, after the responding party has provided information supporting the undue burden or expense of the discovery request, and before the responding party incurs the costs that it intends to ask the Court to shift to the requesting party.**

**10.** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. These issues will be controlled by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

**11.** The parties will not be exchanging the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure as this case has been issued an order regarding Initial Discovery Protocols.

**12.** The parties agree to accept electronic service of documents and communications pursuant to Rule 5(b)(2)(E) of the Rules of Civil Procedure.

**F.** <u>**Dispositive Motions**</u>**:**

Dispositive motions will be filed on or before August 31, 2018. Plaintiff requests that before the filing of any dispositive motion, the moving party be required discuss the basis of the proposed motion in good faith with opposing counsel, and request a pre-filing conference with the Court. Plaintiff is requesting this procedure because of the enormous amount of time that summary judgment practice requires from the parties, and the Court, and previous experience with summary judgment motions that are filed when a proper basis for moving for summary judgment is not present.

**G.** <u>**Joint Trial Memorandum**</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 1, 2018 (if no dispositive motion is filed) or 45 days after a ruling on a dispositive motion if summary judgment is denied.

**VI.    Trial Readiness**

The case will be ready for trial no sooner than 30 days after filing the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Respectfully submitted,**

**THE PLAINTIFF**

By: __29654_____        Date: _9/22/17_____
       Claire Howard
       Fed Bar No. 29654
       Madsen, Prestley & Parenteau, LLC
       402 Asylum Street
       Hartford, CT 06105
       Tel. (860) 246-2466
       Fax (860) 246-1794
       Email: choward@mppjustice.com

**THE DEFENDANT**

By: __25564_____ Date: __9/22/17__
     **Victoria Woodin Chavey**
     **Fed. Bar No. 14242**
     **David Salazar-Austin**
     **Fed Bar No. 25564**
     **Jackson Lewis P.C.**
     **90 State House Square, 8th Floor**
     **Hartford, CT 06103**
     **Tel. (860) 522-0404**
     **Fax (860) 247-1330**
     **Email: Victoria.Chavey@jacksonlewis.com**
     **David.Salazar-Austin@jacksonlewis.com**