UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>    Plaintiff | : | Civil Action NO. |
| vs. | : | 3:17-cv-01104-VLB |
| YALE UNIVERSITY, INC.<br>    Defendant | : | NOVEMBER 8, 2017 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

I.  INTRODUCTION

Pursuant to Rule 15 and 20(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves for permission to file her Second Amended Complaint, attached as *Exhibit A*, to remove Count Two, which alleges retaliation in violation of General Statutes § 31-51q, and to add facts to clarify the cause of action in Count One.

The purpose of Plaintiff's Amendment is to respond to Defendant's Motion to Dismiss Count Two by removing Count Two from her Complaint, re-order the remaining Counts in the Complaint, and detail how existing facts constitute acts of retaliation in Count One.  Defendant consents to Plaintiff's Amendment of the Complaint, but only to the removal of Count Two.  However, Defendant will not be unduly prejudiced as a result of the amendment of the complaint at this time, particularly given the early stage of the case as Defendant has not even provided responses to any discovery. As the interests of justice support Plaintiff's Motion,

the Court should grant Plaintiff permission to file the attached Second Amended Complaint.

## II.  PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure "has been construed broadly regarding the allowance of an amendment of pleadings.  The decision of whether to allow an amendment lies solely within the discretion of the trial court, and such discretion should be employed in conjunction with the 'liberalizing spirit of the Federal Rules.'"  *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citing Fed. R. Civ. P. 1).  The result of such liberal allowance is that a plaintiff should be allowed to test its claim on the merits if the facts upon which it relies provide a proper basis for relief." *In re Smith*, 204 B.R. 358, 360 (Bkrtcy E.D.N.Y. 1997).

"The courts of the Second Circuit have held that in order to deny leave to amend a pleading, a showing other than mere delay on the part of the movant is required.  *See Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995); *State Teachers Retirement Bd v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  This additional showing beyond mere delay can include bad faith of the movant or undue prejudice to the party opposing the motion for leave to amend.  The opponent of the motion for leave to amend has the burden of establishing one of these additional factors." *In re Smith*, 204 B.R. 358, 360-61 (Bkrtcy E.D.N.Y. 1997).  *See also Phillips v. Kidder, Peabody & Co.,* No. 87 Civ. 4936, 1994 WL 570072 *4 (S.D.N.Y. Oct. 13, 1994).

In accordance with these principles, courts have permitted plaintiffs to

2

amend pleadings where the additional claims incorporated into the amended complaint were based on the same facts and transactions, did not require significant delays of a trial or the expansion of discovery, and where no dispositive motions had yet been filed.  *See In re Smith*, 204 B.R. at 361-62; *Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, No. 99 Civ. 12003, 2002 WL 31387269 *3 (S.D.N.Y. Oct. 23, 2002).

This proposed amendment merely removes Count Two, which alleged Retaliation in violation of General Statutes § 31-51q, from the Complaint and incorporates facts into Count One which are based on the same transactions and occurrences already contained within the Complaint. These allegations added to Count One clarify the factual basis for Plaintiff's allegation of Retaliatory Discharge in violation of the Connecticut Fair Employment Practices Act and Title VII.

Defendant will not suffer any undue prejudice as a result of the proposed amendments to the complaint.  Discovery in this case closes on August 1, 2018.  To date, Defendant has not provided responses to the Court's Initial Discovery Employment Protocols or Plaintiff's first and second set of written discovery requests.  No depositions have been taken.  Therefore, Defendants have adequate opportunity to seek discovery with respect to any additional allegations.

Accordingly, the interests of justice support Plaintiff's motion for leave to amend the complaint.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend the Complaint to remove Count Two and to add facts to clarify the cause of action in Count One.

        PLAINTIFF
        SUSAN BYRNE

By:   s/ *Claire M. Howard*
      Claire M. Howard (ct29654)
      Madsen, Prestley & Parenteau, LLC
      402 Asylum Street
      Hartford, CT 06103
      Tel. (860) 246-2466
      Fax. (860) 246-1794
      E-mail: choward@mppjustice.com
      Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2017, a copy of the foregoing Motion for Extension of Time, filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      _s/   Claire M. Howard_____

      **Claire M. Howard**