**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SUSAN BYRNE,** | : | **CIVIL CASE NO.: 3:17-cv-01104-VLB** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
| **Defendant** | : | **FEBRUARY 2, 2018** |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Yale University, by and through its attorneys, Jackson Lewis, P.C., hereby answers the Second Amended Complaint of Susan Byrne, dated December 20, 2017, as follows.  Any allegation not specifically admitted is denied:

## INTRODUCTION

1.     Admitted that Plaintiff purports to assert the stated claims, but denied that Defendant discriminated or retaliated against Plaintiff and that she is entitled to the requested relief.

2.     Admitted that Plaintiff purports to assert the stated claims, but denied that Plaintiff can establish a violation of the cited statutes or common law.

## JURISDICTION

3.     Admitted.

4.     Admitted.

5.     Admitted on information and belief that Plaintiff filed administrative claims on or about August 1, 2016.  The remaining allegations of Paragraph 5 are

denied.

6.      Admitted on information and belief that the Connecticut Commission on Human Rights and Opportunities issued its Release of Jurisdiction on June 26, 2017.  Defendant has insufficient knowledge or information upon which to admit or deny the remaining allegations of Paragraph 6, and leaves Plaintiff to her proof.

**PARTIES**

7.      Defendant admits the first sentence of Paragraph 7 on information and belief.  Defendant admits the second sentence of Paragraph 7.

8.      Defendant admits the first sentence of Paragraph 8.  As to the second sentence of Paragraph 8, there are no factual allegations, but only legal conclusions, which do not require a response.

**BACKGROUND**

9.      Admitted.

10.      Admitted that Plaintiff was interviewed by several people including Professors Rolena Adorno, Noël Valis, and Roberto González Echevarría.  As to the remaining allegations of Paragraph 10, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

11.      Admitted that, during the interview, there was discussion of Plaintiff's research.  As to the remaining allegations of Paragraph 11, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

12.      Defendant denies the third sentence of Paragraph 12.  As to the

2

remaining allegations of Paragraph 12, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

13.     Admitted that Plaintiff was invited to make a campus visit in February 2008 and to give a job talk, and that her visit included conversation with Professor Adorno.  As to the remaining allegations of Paragraph 13, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

14.     Admitted that Defendant used a Faculty Search Questionnaire in the hiring of Plaintiff.  The referenced document speaks for itself.

15.     Admitted that Defendant offered Plaintiff the position of Assistant Professor in the Department of Spanish and Portuguese in or around February 2008.  The remaining allegations of Paragraph 15 are denied.

16.     Admitted that Defendant sent Plaintiff an offer letter dated February 19, 2008.  The referenced document speaks for itself.

17.     Denied.

18.     Denied.

19.     Defendant admits the first sentence of Paragraph 19.  As to the second and third sentences of Paragraph 19, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

20.     As to the allegations of Paragraph 20, the referenced document speaks for itself.

21.     As to the allegations of Paragraph 21, the referenced document

3

speaks for itself.

22.     As to the allegations of Paragraph 22, the referenced document speaks for itself.

23.     Admitted that, in 2008, Defendant appointed Plaintiff to a ladder faculty position of Assistant Professor of Spanish. The remaining allegations of Paragraph 23 are denied.

24.     As to the allegations of Paragraph 24, the referenced document speaks for itself.

25.     Admitted that, in 2012, Defendant reappointed Plaintiff to a ladder faculty position of Assistant Professor of Spanish.

26.     As to the allegations of Paragraph 26, the referenced document speaks for itself.

27.     As to the allegations of Paragraph 27, the referenced document speaks for itself.

28.     Defendant admits that, in 2013, Plaintiff sought promotion to Associate Professor on Term and submitted various materials in support of such promotion, including her 2012 book publication.  Any remaining allegations of Paragraph 28 are denied.

29.     Admitted that Professor Adorno completed the referenced document in or around April 2013.  The referenced document speaks for itself.

30.     As to the allegations of Paragraph 30, the referenced document speaks for itself.  Any remaining allegations are denied.

31.     Admitted that the Department unanimously voted to promote

4

Plaintiff to Associate Professor on Term.  The referenced document speaks for itself, and the remaining allegations of Paragraph 31 are denied.

32.     Admitted that, in or around July 2013, Plaintiff was promoted to Associate Professor on Term.  As to the second sentence of Paragraph 32, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.  The third sentence is denied.

33.     Denied as to the term "fully vetted" to the extent it implies tenure-level review was undertaken in and before 2013.  As to the referenced "yearly reviews," those documents speak for themselves.  Any remaining allegations are denied.

34.     As to the allegations of Paragraph 34, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

35.     As to the first sentence of Paragraph 35, admitted on information and belief.  As to the second sentence of Paragraph 35, denied.  As to the third sentence of Paragraph 35, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

36.     As to the allegations of Paragraph 36, the referenced document speaks for itself.

37.     As to the allegations of Paragraph 37, the referenced document speaks for itself.

38.     As to the allegations of Paragraph 38, the referenced document speaks for itself.

5

39.    The allegations of Paragraph 39 are denied, except as to Plaintiff's alleged feelings or "fear," as to which Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    As to the allegations of Paragraph 45, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    As to the allegations of Paragraph 54, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

55.    As to the allegations of Paragraph 55, Defendant has insufficient

knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

56.    As to the allegations of Paragraph 56, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

57.    Admitted that an anonymous letter dated March 6, 2015 was received in the Department of Spanish and Portuguese.   The referenced documents speaks for itself.   The remaining allegations of Paragraph 57 are denied.

58.    Denied.

59.    Admitted that a Yale Daily News article dated March 25, 2015 reported on the anonymous letter. As to the remaining allegations of Paragraph 59, the referenced document speaks for itself.

60.    As to the allegations of Paragraph 60, the referenced document speaks for itself.

61.    Admitted.

62.    Admitted that Plaintiff sent a letter to Defendant dated April 1, 2015. As to the remaining allegations of Paragraph 62, the referenced document speaks for itself.

63.    Admitted that Dean Gendler emailed Plaintiff on April 2, 2015.  As to the remaining allegations of Paragraph 63, the referenced document speaks for itself.

64.    As to the allegations of Paragraph 64, Defendant has insufficient

knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

65.     Denied.

66.     Admitted that Professor Adorno sent Plaintiff a letter dated April 13, 2015.  As to the remaining allegations of Paragraph 66, the referenced document speaks for itself.

67.     Denied.

68.     Admitted, on information and belief, that Plaintiff was interviewed in 2015 by Jamaal Thomas and Barbara Goren in connection with the climate review.  Defendant has insufficient knowledge or information as to the date of the interview, and leaves Plaintiff to her proof.  The remaining allegations are denied.

69.     As to the allegations of Paragraph 69, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

70.     As to the allegations of Paragraph 70, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

71.     Admitted that Department Chair Adorno was interviewed on more than one occasion, but the remaining allegations of Paragraph 71 are denied.

72.     As to the allegations of Paragraph 72, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

73.     Admitted that Plaintiff sent a letter to Dean Gendler dated July 16,

8

2015.  The referenced document speaks for itself.

74.    Admitted that Dean Gendler emailed Plaintiff on July 24, 2015.  The referenced document speaks for itself.

75.    Admitted that, in or around August 2015, Plaintiff sought tenure and submitted supporting materials.  The remaining allegations of Paragraph 75 are denied, except that the referenced documents speak for themselves.

76.    Denied.

77.    Admitted that, in the fall of 2015, Plaintiff inquired of her recusal request, and Dean Gendler sent Plaintiff an email dated November 11, 2015 on that topic.  The referenced document speaks for itself.

78.    As to the allegations of Paragraph 78, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

79.    Denied.

80.    Admitted that, on or about December 15, 2015, Dean Gendler provided Department members with information about the climate review, and advised that a training session would be held for ladder faculty in the Department.  The remaining allegations are denied.

81.    Denied, except to admit that Professor Valis was removed as Director of Graduate Studies.

82.    Admitted that, on or about December 16, 2015, a meeting of the Faculty of the Arts and Sciences was held.  The remaining allegations of Paragraph 82 are denied.

9

83.     Admitted that Plaintiff attended and participated in the sexual harassment course presented in or around January 19, 2016.  The remaining allegations of Paragraph 83 are denied.

84.     Admitted that Dean Gendler sent Plaintiff an email dated January 19, 2016.  The referenced document speaks for itself.

85.     Admitted that Professor Valis emailed Plaintiff on or about February 11 and 12, 2016 regarding the tenure review.  As to the remaining allegations of Paragraph 85, Plaintiff has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

86.     Denied.

87.     Admitted that Plaintiff was inadvertently included on an email.  As to the remaining allegations of Paragraph 87, the referenced document speaks for itself.

88.     Defendant denies any "surreptitious" identification efforts.  As to the remaining allegations of Paragraph 88, Defendant has insufficient knowledge or information upon which to admit or deny, and leaves Plaintiff to her proof.

89.     Admitted that Plaintiff sent an email to Professors Adorno, Stith, and Valis, to which they did not respond.  The referenced document speaks for itself.

90.     Admitted that Defendant advised Plaintiff on or about February 15, 2016 that the Department had voted against her tenure application. Defendant denies the last sentence of Paragraph 90.  As to the remaining allegations of Paragraph 90, the referenced document speaks for itself.

91.     Admitted that Plaintiff submitted two appeal letters following her

Department's adverse tenure vote, and the Provost appointed a committee to review pursuant to applicable procedures.  Any remaining allegations are denied.

92.     Admitted that, on or about March 2, 2016, Plaintiff filed an appeal of Defendant's refusal to grant Plaintiff's recusal request.  The remaining allegations of Paragraph 92 are denied.

93.     Admitted that, on or about March 4, 2016, Plaintiff, through counsel, requested her personnel file.  The referenced document speaks for itself.

94.     As to the allegations in Paragraph 94, the March 4, 2016 letter speaks for itself.

95.     Denied.

96.     Admitted that, on or about March 8, 2016, Plaintiff filed an appeal of her Department's tenure vote.  The referenced document speaks for itself.

97.     Admitted that, on or about June 24, 2016, Plaintiff requested a one-year unpaid leave of absence, to permit Plaintiff to work at another University.  The remaining allegations of Paragraph 97 are denied.

98.     Admitted that, on or about July 25, 2016, the committee issued its report.  The referenced document speaks for itself.

99.     As to the allegations of Paragraph 99, the referenced document speaks for itself.

100.    Admitted that Plaintiff sent a letter to Provost Polak dated August 10, 2016.  The referenced document speaks for itself.

101.    Admitted that Provost Polak sent Plaintiff a letter dated August 23, 2016.  The referenced document speaks for itself.

11

102.   As to the allegations of Paragraph 102, Defendant denies Professor González Echevarría was "suspended" or "banned" or "forbidden" as alleged. Defendant admits it took appropriate action after a Title IX investigation into allegations concerning Professor González Echevarría.

103.   As to the allegations of Paragraph 103, Defendant admits that the Department of Spanish and Portuguese received new leadership, including an external committee, beginning in 2017.  The remaining allegations of Paragraph 103 are denied.

104.   Denied.

105.   Admitted that Plaintiff's term of employment ended on June 30, 2017, and that she was not tenured.  The remaining allegations of Paragraph 105 are denied.

106.   Denied.

107.   Denied.

**COUNT ONE:        ALLEGING RETALIATORY DISCHARGE ON THE BASIS OF PLAINTIFF'S EXERCISE OF HER RIGHTS UNDER THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT IN VIOLATION OF CONN. GEN. STAT. § 46a-58 *et seq*.**

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

**COUNT TWO:** **ALLEGING RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 2000E AND THE CIVIL RIGHTS ACT OF 1991**

**1-112.** **Defendant incorporates its answers to Paragraphs 1 through 112 as if fully set forth herein.**

**113.** **Denied.**

**COUNT THREE:** **ALLEGING NEGLIGENT MISREPRESENTATION**

**1-112.** **Defendant incorporates its answers to Paragraphs 1 through 112 as if fully set forth herein.**

**113.** **Denied.**

**114.** **Denied.**

**115.** **Denied.**

**116.** **Denied.**

**117.** **Denied.**

**118.** **Denied.**

**COUNT FOUR:** **ALLEGING BREACH OF THE EMPLOYMENT AGREEMENT**

**1-112.** **Defendant incorporates its answers to Paragraphs 1 through 112 as if fully set forth herein.**

**113.** **Denied.**

**114.** **Denied.**

**115.** **Denied.**

**116.** **Denied.**

## PRAYER FOR RELIEF

**Defendant denies that Plaintiff is entitled to the relief sought.**

## BY WAY OF AFFIRMATIVE DEFENSES[1]

**AFFIRMATIVE DEFENSE NO. 1**

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**AFFIRMATIVE DEFENSE NO. 2**

Plaintiff's claims for damages are barred or reduced by her failure to take reasonable steps to mitigate any alleged damages.

**AFFIRMATIVE DEFENSE NO. 3**

Plaintiff is not entitled to an award of punitive damages because Defendant made a good faith effort to enforce its anti-discrimination policy and/or such damages are not available as a matter of law.

**AFFIRMATIVE DEFENSE NO. 4**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust all procedural requirements, comply with all deadlines or timing requirements or otherwise satisfy prerequisites to commence this action.

---

[1] Defendant asserts these defenses without assuming any burden of production or proof that it would not otherwise have.

14

\* \* \* \*

Defendant reserves the right to amend its Answer, to add additional or other Defenses, delete or withdraw Defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

DEFENDANT,
YALE UNIVERSITY

By:    */s/ Victoria Woodin Chavey*
       Victoria Woodin Chavey (ct 14242)
       David C. Salazar-Austin (ct 25564)
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT 06103
       David.Salazar-Austin@jacksonlewis.com
       Victoria.Chavey@jacksonlewis.com
       Tel.: (860) 522-0404
       Fax: (860) 247-1330

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this 2d day of February, 2018, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*/s/ Victoria Woodin Chavey*
**Victoria Woodin Chavey**