UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **SUSAN BYRNE,** | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
|     **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
|     **Defendant** | : | MAY 3, 2018 |
| | : | |

## SUPPLEMENTAL BRIEFING ON DISCOVERY DISPUTES

Pursuant to the Court's Order (ECF 39), Defendant, Yale University, respectfully submits this brief addressing the remaining discovery issues in dispute.

First, the parties have reached agreement on the production of the Climate Review Report, as set forth below. This issue no longer requires the intervention of the Court.

Second, the Title IX Investigation Report sought by Plaintiff presents a fundamentally different question because—unlike the Climate Review Report—it was created *after* the tenure decisions at issue in this case. There could thus be no logical correlation between the alleged adverse employment action and the subsequently created Title IX Report, suggesting that this Request is little more than an attempt to discover "dirty laundry" that has no bearing on the actual issues in this case.

Third and finally, as this Court indicated during the teleconference of April 19, 2018, a university-wide scope is not appropriate when the alleged

adverse employment action was solely the decision of the Department of Spanish and Portuguese.  The burdensome discovery that Plaintiff seeks, regarding other employees, in other departments, is in no way proportional to the needs of this case.

**I.     *Climate Review Report (Agreement of the Parties)***

The parties have reached agreement on the production of the highly confidential Climate Review Report.  Yale will produce the full report, with exhibits.  Yale will only redact the names of Yale students, substituting anonymized student identifiers (e.g., "Student 1") for student names used in the report.  The report will also be designated, by agreement, as "Confidential—Attorneys' Eyes Only."

**II.    *The Title IX Report Post-Dates the Alleged Adverse Employment Action and Contains No Information that Could Reasonably Bear on Plaintiff's Claims of Retaliation.***

Plaintiff's argument that she is entitled to the Title IX Investigation Report ignores the sequence of events in this case, which makes it clear that the Title IX Report could not possibly contain evidence that bears on Plaintiff's retaliation claims.  Specifically, the Title IX complaint was filed on February 17, 2016 – after the tenure denial decision of February 9, 2016.[1]  Given that the Title IX complaint, the subsequent investigation, and any ultimate report regarding the investigation

---

[1] In the parties' Joint Summary, Plaintiff articulated arguments that relied upon the denial of a year-long sabbatical, an alleged adverse employment action that occurred in 2014 and is plainly time-barred.  Even if it was somehow not time-barred, the leave denial occurred long before the tenure denial decision, so Yale's arguments would apply with equal force to both the tenure denial and leave denial decisions.

2

*all* post-dated the alleged adverse employment actions, the Title IX Report lacks any logical connection to Plaintiff's claims.

The Federal Rules provide important limitations on the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Fed. R. Civ. P. 26(b)(1)** (emphasis added). Here, Plaintiff has no credible argument that the Title IX Report is important, or even relevant, to resolving the issues in dispute in this case. There is no allegation, nor could there be, that the Title IX Report deals with Professor Gonzalez Echevarria's retaliatory conduct. To the contrary, by definition, Title IX is a federal law that prohibits discrimination on the basis of sex in any educational program or activity that receives federal funding.[2]

The sequence of events here – denial of tenure decision preceding any allegedly protected activity in the Title IX process – makes it clear that the Title IX Report has no logical connection to Plaintiff's retaliation claims. *Compare Melman v. Montefiore Med. Ctr.,* 98 A.D.3d 107, 946 N.Y.S.2d 27, 42 (2012) (dismissing plaintiff's retaliation claim for lack of causation, because an

---

[2] Plaintiff's arguments are more consistent with a claim of sexual harassment, or more broadly, gender discrimination. Importantly, Plaintiff's claims in this case are of retaliation (two counts), negligent misrepresentation, and breach of contract. She does not allege gender discrimination. (ECF 33.)

3

employer's course of conduct "that had begun before the employee complained does not constitute retaliation because, in that situation, there is no causal connection between the employee's protected activity and the employer's challenged conduct"); *Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 139 (1st Cir. 2013) ("employee must show that the retaliator knew about her protected activity—after all, one cannot have been motivated to retaliate by something he was unaware of"); *Vinnett v. General Elec. Co.*, 271 Fed.Appx. 908, 914 (11th Cir. 2008) ("If the decision maker lacked notice of the protected activity, there can be no causal connection"). Indeed, there is no allegation or reason to believe that Professor Gonzalez Echevarria was even *aware* of the Title IX complaint at the time of the leave and tenure denial decisions, much less that he was aware of Professor Byrne's involvement.

In short, Plaintiff seeks discovery regarding a report that could not logically have had any impact on the adverse employment action about which she complains. At best, the discovery sought constitutes an impermissible fishing expedition, and the Court should not sanction discovery tactics designed to seek discovery not proportional to the needs of the case.[3]

---

[3] In addition, "[t]he burden of obtaining, reviewing, redacting and most likely sealing some of the materials sought would be substantial," which is another factor undercutting Plaintiff's entitlement to the discovery she seeks. *See Torcasio v. New Canaan Bd. of Ed.*, No. 3:15CV00053 (AWT), 2016 U.S. Dist. LEXIS 8103, at *25-28 (D. Conn. Jan. 25, 2016) (sustaining defendant's objections to plaintiff's requests for production of documents relating to other lawsuits and administrative proceedings).

### *III. Plaintiff Should Not Be Permitted Broad, University-Wide Discovery.*

Although the Court's order contemplates briefing on the Climate Review and Title IX reports only (ECF 39), Yale anticipates that Plaintiff will also seek to address the university-wide discovery that the Court denied her in the teleconference of April 19, 2018. To the extent Plaintiff seeks discovery regarding other employees in other departments, however, she has presented no facts or explanation as to why such discovery would bear on her claims.

Courts have widely recognized that if decisions are made at the department level – as was the case with regard to Plaintiff's alleged denial of tenure – then comparisons between a plaintiff and others outside her department are of little value. *See, e.g.*, *Zahorik v. Cornell Univ.*, 729 F.2d 85, 93 (2d Cir. 1984) ("denial of tenure by an English department simply cannot be compared with a grant of tenure in the physics or history departments"); *see also Rajaravivarma v. Bd. of Trustees for Connecticut State Univ. Sys.*, 862 F. Supp. 2d 127, 162 (D. Conn. 2012) ("[A]ny comparison to tenure candidates in other departments ... would not be meaningful.")

This principle is consistent with the case law limiting discovery to potential comparators – in other words, employees who are "similarly situated in all material respects" to Plaintiff. *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997); *Rubinow v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:08CV1697(VLB), 2010 U.S. Dist. LEXIS 45704, at *13-16 (D. Conn. May 10, 2010) (collecting cases and holding that discovery in a disparate treatment case is limited to information regarding employees who are similarly situated to the

5

plaintiff); *Raghavan v. Bayer USA, Inc.*, No. 3:05CV682(CFD), 2007 U.S. Dist. LEXIS 51916, at *6-11 (D. Conn. July 17, 2007) (holding that because employee comparison evidence is limited to treatment of employees similarly situated to the plaintiff, evidence of how other supervisors treated employees with different work responsibilities than the plaintiff was not discoverable); *Shah v. James P. Purcell Assocs., Inc.*, No. 3:05CV306(PCD), 2006 U.S. Dist. LEXIS 22490, at *7-8 (D. Conn. Apr. 12, 2006) (holding that discovery in disparate treatment case was limited to employees within the plaintiff's work unit and who were otherwise similarly situated to the plaintiff in all relevant aspects).

Here, Plaintiff explicitly alleges that it was the Department of Spanish and Portuguese that voted to deny her tenure. Yet now, she seeks to expand discovery to other departments with no connection to Plaintiff or her alleged protected activity. The tenure cases of other employees, in other departments, have no bearing at all on the question of whether the Department of Spanish and Portuguese retaliated against Plaintiff for engaging in protected activity.

Plaintiff appears to rest her arguments on the assertion that deviation from procedural norms can raise material questions about a decision-maker's motivations. But the discovery she seeks necessarily goes far beyond this purpose, as Yale has already produced documents regarding the relevant procedures. In other words, Plaintiff already has the information necessary to determine if the process involved in her tenure case complied with established procedures. Whether or not *other* departments, and *other* faculty decision-makers, deviated from those procedures in making decisions about *other*

6

employees does nothing to illuminate the issue of retaliation in *this* case.

Yale reserves the right to submit a responsive brief, with permission of the Court, once Plaintiff's brief makes clear what specific university-wide discovery she now seeks in the wake of the Court's comments during the April 19th teleconference.

### IV. Conclusion

For the reasons set forth above, Plaintiff is not entitled to discovery of the Title IX investigation report, nor to university-wide discovery regarding employees who cannot possibly be considered comparators, and thus have no bearing on this case.

DEFENDANT,
YALE UNIVERSITY

By:  */s/ David C. Salazar-Austin*
Victoria Woodin Chavey (ct 14242)
David C. Salazar-Austin (ct 25564)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
David.Salazar-Austin@jacksonlewis.com
Victoria.Chavey@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on this 3rd day of May, 2018, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*/s/ David C. Salazar-Austin*
David C. Salazar-Austin