UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE, | : |
| | :    Case No. 3:17-CV-1104 |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :    May 14, 2018 |
| YALE UNIVERSITY, INC. | : |
| | : |
|     Defendants. | : |

## ORDER

Before the court is Plaintiff Susan Byrne's motion seeking an order directing Defendant to provide documents responsive to Plaintiff's First Set of Interrogatories and Request for Production ("discovery requests"), specifically, Requests for Production Nos. 13 and 15. Request No. 13 seeks documents concerning a March 6, 2015 letter that Department Chair Rolena Adorno accused Plaintiff of orchestrating. Adorno subsequently voted against granting Plaintiff tenure. Request No. 15 seeks documents concerning Defendant's Title IX investigation, in connection with which Plaintiff provided testimony concerning Professor Roberto Gonzalez Echevarria's sexual harassment of Plaintiff and students just months before he voted to deny her tenure. Plaintiff does not seek the Title IX Report. She seeks documents concerning the Title IX investigation of Dr. Echevarria.

Federal Rule of Civil Procedure 26(b)(1) prescribes the scope and limits of discovery. It provides that unless otherwise limited by Court

1

order, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court finds Request for Production No. 13 falls within the permissible scope of discovery. The March 6, 2015 letter was reputed to have been instigated by Plaintiff and led to the climate review. The attribution to Plaintiff occurred in a university publication, which the Court assumes has significant distribution. It also pre-dated her denial of tenure. At the very least it may lead to the discovery of information concerning Plaintiff's perceived involvement with the letter.

Request for Production No. 15 is overly broad and disproportionate to the extent it seeks production of all raw material collected and used to prepare the Title IX report. However, to the extent it seeks production of material gathered as part of the Title IX investigation and used to prepare only the portion of the report relating to the Department of Spanish and Portuguese, and to the extent it seeks information relating to events which occurred and views which formed prior to or contemporaneous with the tenure decision, it is both relevant and proportional. The Title IX complaint

was filed on February 17, 2016—just one week after the February 9, 2016 denial of tenure.  Thus, the Title IX report and the tenure decision are in very close proximity and occurred within the same information cycle rendering a causal connection possible.   Further, Defendant's argument that there is no evidence that Echevarria knew about the Title IX complaint is unavailing.  His knowledge of the criticism is potentially probative of his motivation, even if he had no knowledge of the complaint.  In fact, he might have been motivated to deny Plaintiff tenure to quell the criticism and avert escalation of the matter resulting in a formal complaint, investigation, or report.

                IT IS SO ORDERED.


                \_\_\_\_\_/s/_____
                Hon. Vanessa L. Bryant
                United States District Judge


Dated at Hartford, Connecticut:  May 14, 2018