UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **SUSAN BYRNE,** | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
| Defendant | : | JUNE 20, 2018 |
| | : | |

## CONSENTED-TO MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for this Court, Defendant, Yale University, hereby respectfully moves for a three-month extension of the discovery deadline, which is currently August 1, 2018. Plaintiff's counsel, Claire Howard, has consented to this Motion, which is the first request to extend the discovery period, and Defendant anticipates that no further requests will be sought. There is good cause to grant the requested extension, as follows:

1. The parties have been working diligently on discovery throughout this case. Both parties served written discovery in mid-September, and each party consented to the other party's request for extension of time to respond until November. The parties also provided responses to the Initial Discovery Protocols.

2. Defendant spent several months seeking to respond to the Plaintiff's complaint, which was amended twice in light of Defendant's motions, and the operative complaint was filed in mid-December (Dkt. #33).

3. **To date, Defendant has produced nearly 4000 pages of documents, and is expecting to begin production of ESI within the next week.**

4. **In September 2017, Defendant noticed the Plaintiff's deposition for November 2017 but postponed the deposition at Plaintiff's request and, after spending significant time on written discovery, re-noticed the deposition on June 5 for July 2. Plaintiff has indicated that date is not available, and so Defendant is seeking to work with Plaintiff to secure an alternate date for Plaintiff's deposition in July.**

5. **In October 2017, Plaintiff noticed several depositions of defense witnesses, but they did not go forward. Plaintiff re-noticed defense witness depositions on June 5 for dates beginning July 9, but they need to be rescheduled.**

6. **The parties have had substantial discussions about various discovery issues, several of which have been brought to the Court's attention for resolution.**

7. **Defendant's discovery efforts were stalled earlier this year when undersigned counsel became unexpectedly hospitalized and was diagnosed with a life-threatening illness, requiring him to be out of work for much of February and March 2018, not cleared to return to full time duty until June 1, 2018.**

8. **As to electronic discovery in particular:**
   a. **On October 18, 2017, Plaintiff provided proposed search terms to be applied to the ESI.**

b. On October 25, 2017, Defendant provided Plaintiff's counsel with an update on the ESI. For just one custodian, Defendant reported that there was 38.5 gigabytes of data – an enormous amount for the entire case, let alone one custodian among many.

c. Undersigned counsel then began working with a vendor to obtain a quote for processing and hosting the data that Defendant was collecting. The vendor provided a quote on January 23, 2018, and shortly thereafter undersigned counsel engaged the vendor to assist with this project.

d. At the time, Yale estimated that it had gathered 450 GB of data for just five custodians. As a result, the estimated cost of hosting this data for six months was over $100,000.

e. After undersigned counsel returned to work in March 2018, Defendant sent the data to its vendor for processing. In March and April, 2018, undersigned counsel worked with the vendor to narrow the scope of the data. The vendor also encountered difficulty in processing certain types of files; these issues needed to be resolved before the review could begin in earnest.

f. In April 2018, the parties had a good faith discovery dispute over several categories of documents. During the pendency of this dispute, Defendant made the reasonable decision not to commence review of electronic documents, because any documents reviewed

would then have to be re-reviewed at a later date (after the Court's ruling). This would have been inefficient and wasteful of resources.

g. In May 2018, Defendant began review of the ESI, but found that even after de-duplication and other measures were taken to ensure that only potentially responsive documents were reviewed, the amount of data to be reviewed was still enormous.

h. Undersigned counsel put together a team of attorneys in late May/early June to review the data, and then trained this team to conduct the review. Due to the amount of data, Yale is now exploring the use of dedicated document review attorneys to assist in the review, to expedite the process.

i. Based on the amount of data to be reviewed and the resources available to review them, undersigned counsel estimates that August 15, 2018 is the earliest date by which it can commit to completing the review and production of the ESI, barring any unexpected developments or the discovery of new data. In any event, production of ESI will begin as soon as possible and is expected in the next week.

9. Defendant requests that all remaining deadlines be extended similarly.

WHEREFORE, Defendant respectfully moves and Plaintiff consents to a three-month extension of the discovery deadline, which is currently August

4

1, 2018 and would be extended to November 1, 2018. Defendant further requests that all remaining deadlines be extended similarly.

DEFENDANT,
YALE UNIVERSITY

By:  /s/ David C. Salazar-Austin
Victoria Woodin Chavey (ct 14242)
David C. Salazar-Austin (ct 25564)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
David.Salazar-Austin@jacksonlewis.com
Victoria.Chavey@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this 20th day of June 2018, a copy of the foregoing **CONSENTED-TO MOTION FOR EXTENSION OF DISCOVERY DEADLINE** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ David C. Salazar-Austin
David C. Salazar-Austin
