**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SUSAN BYRNE,** Plaintiff | : | **Civil Action NO.** |
| **vs.** | : | **3:17-cv-01104-VLB** |
| **YALE UNIVERSITY, INC.** Defendant | : | **JUNE 20, 2018** |

**JOINT SUMMARY OF PARTIES' DISCOVERY DISPUTES**

## I. INTRODUCTION

**Pursuant to your Honor's Chamber Practices, the parties, Plaintiff Susan Byrne and Defendant Yale University, submit this joint summary of discovery disputes which require your Honor's resolution. Despite conferring on the issues outlined below, the parties are unable to reach a resolution and seek the Court's assistance in resolution of these disputes.**

**Defendant, Yale University, disagrees that the parties have a discovery dispute, and objects to the submission of this letter. Defendant's position is further outlined below.**

## II. DEFENDANT HAS NOT PRODUCED ANY ELECTRONICALLY STORED INFORMATION

### a. Issue

**Defendant has not produced any electronically stored information (ESI) in response to Plaintiff's Second Set of Interrogatories and Request for Production ("Discovery Requests"), propounded on September 15, 2017.**

**b. Plaintiff's Position**

**Plaintiff respectfully regrets having to bring a second discovery dispute before this Court, however several months have elapsed without the production of any ESI by Defendant. None of the documents produced by Defendant are responsive to the ESI requested by Plaintiff in her Second Set of Discovery Requests.**

**On September 15, 2017, Plaintiff propounded her Second Set of Discovery Requests, which almost exclusively requested ESI. On October 18, 2017, Plaintiff provided Defendant with search terms to guide the production of ESI. Defendant requested and the Court granted Defendant a thirty day extension to respond to Plaintiff's Second Set of Discovery Requests. Doc. Nos. 24 & 25. Even though several months have elapsed since the extension granted by the Court, Defendant has not provided any ESI.**

**Since January 2018, the parties have conferred repeatedly regarding the status of the production of ESI, with Defendant repeatedly promising an imminent production of ESI since a March 26, 2018 conference call.**

**To avoid bringing this issue to the Court and on the recommendation of this Court's clerk in a joint call to the Court's chambers, Plaintiff's counsel proposed a Stipulated Agreement to Defense counsel with a deadline of July 20, 2018 for production of ESI. However, Defense counsel insisted on an August 15, 2018 deadline for production of ESI, which is two weeks after the current conclusion of discovery. After numerous discussions, the parties were unable to**

**reach an agreement for a reasonable deadline for Defendant's production of ESI, even though Defendant has already had nine months to produce ESI.**

**As Defendant's deficiency in production of ESI has and continues to prejudice the Plaintiff, we ask the Court to provide Defendant with a deadline by which to produce all ESI.**

**c. Defendant's Position**

**As an initial matter, Defendant objects to the filing of this letter, as it suggests there is an e-discovery dispute where there is none. The parties have fundamentally agreed to the search terms to be applied, to the list of custodians, and to the applicable timeframe from which responsive documents must be produced. Plaintiff's only issue is that the ESI production is not complete, but both parties agree that this must be done expeditiously. Without a dispute, it is not proper to bring this issue before the Court.**

**Plaintiff also fails to disclose that Defendant has committed to a date by which it will complete ESI production, absent unforeseen circumstances: August 15. Plaintiff also fails to disclose that the volume of ESI is in this case is unusually large; for example, defense counsel advised Plaintiff's counsel in October 2017 that the volume would be enormous, as just one custodian had 38.5 gigabytes of data.**

**Moreover, the parties have been working diligently on discovery throughout this case. Both parties served written discovery in mid-September, and both parties consented to the other party's request for extension of time to respond until November. Defendant also spent several months seeking to respond to the Plaintiff's complaint, which was amended twice in light of Defendant's motions,**

**and the operative complaint was filed in mid-December. Since that time, the parties have had substantial discussions about various discovery issues, and have raised numerous discovery disputes with this Court. Defendant has, to date, produced nearly 4000 pages of documents.**

**Finally, there was a delay in the discovery activity in this case when undersigned counsel became unexpectedly hospitalized and was diagnosed with a life-threatening illness, requiring him to be out of work for much of February and March 2018, not cleared to return to full time duty until June 1, 2018.**

**Defendant also noticed the Plaintiff's deposition for November 2017 but postponed the deposition at Plaintiff's request and, after spending significant time on written discovery, re-noticed the deposition on June 5 for July 2. Plaintiff has indicated that date is not available, and so Defendant is seeking to work with Plaintiff to secure an alternate date for Plaintiff's deposition in July.**

**To address Plaintiff's concern about the timing of the ESI production, Defendant proposed that the parties jointly request an extension of the discovery period, to permit completion not only of written discovery, including ESI, but also depositions. Plaintiff consented to seeking three additional months, taking the discovery deadline out to November 1, 2018. With the Defendant thus agreeing to an ESI production deadline and the parties agreeing on a discovery deadline extension, there is no issue that requires the Court's attention.**

**The ESI discovery timeline explains more specifically why Defendant's approach was necessary:**

- **On October 18, 2017, Plaintiff provided proposed search terms to be applied to the ESI.**

- **On October 25, 2017, Defendant provided undersigned counsel with an update on the ESI. For just one custodian, Defendant reported that there was 38.5 gigabytes of data– an enormous amount for the entire case, let alone one custodian among many.**

- **Undersigned counsel then began working with a vendor to obtain a quote for processing and hosting the data that Defendant was collecting. The vendor provided a quote on January 23, 2018, and shortly thereafter undersigned counsel engaged the vendor to assist with this project.**

- **At the time, Yale estimated that it had gathered 450 GB of data for just five custodians. As a result, the estimated cost of hosting this data – not reviewing or producing it – was over $100,000 for only six months.**

- **After undersigned counsel returned to work in March 2018, Defendant sent the data to its vendor for processing. In March and April, 2018, undersigned counsel worked with the vendor to narrow the scope of the data. The vendor also encountered difficulty in processing certain types of files; these issues needed to be resolved before the review could begin in earnest.**

- **In April 2018, the parties had a good faith discovery dispute over several categories of documents. During the pendency of this dispute, Defendant made the reasonable decision not to commence review of electronic documents, because any documents reviewed would then have to be re-reviewed at a later date (after the Court's ruling). This would have been inefficient and wasteful of resources.**

- **In May 2018, Defendant began review of the ESI, but found that even after de-duplication and other measures were taken to ensure that only potentially responsive documents were reviewed, the amount of data to be reviewed was still enormous.**

- **Undersigned counsel put together a team of attorneys in late May/early June to review the data, and then trained this team to conduct the review. Due to the amount of data, Yale is now considering whether to engage dedicated document review attorneys to assist in the review, to expedite the process.**

- **Based on the amount of data to be reviewed and the resources available to review them, undersigned counsel estimates that August 15, 2018 is the earliest date by which the ESI can be reviewed and**

**produced, barring any unexpected developments or the discovery of new data.**

**In sum, due to the manner in which Defendant retains documents, unique file types, and the number of custodians, this case features an extraordinary amount of data – by orders of magnitude, far more than is typically seen in a single-plaintiff employment case. Defendant has consistently pushed forward with the goal of producing responsive documents from the ESI. When it became apparent that the production could not be completed during the current discovery period, it offered to agree to a modest extension of the discovery deadline, and agreed to commit to a production date of August 15, 2018.**

**Defendant maintains that it has put in place a reasonable plan for the complete production of ESI. With the Court's permission, a brief extension of the discovery deadlines in this case, and a correlating extension of the dispositive motions deadline, will resolve Plaintiff's concerns as expressed in this joint letter.**

## III. CONCLUSION

**For the reasons stated above both parties seek the Court's prompt assistance in resolution of the aforementioned issues.**

**PLAINTIFF,**
**SUSAN BYRNE**

**By:** ***/s/ Claire M. Howard***
**Claire M. Howard (ct29654)**
**Madsen, Prestley & Parenteau, LLC**
**402 Asylum Street**
**Hartford, CT 06103**
**Tel. (860) 246-2466**
**Fax. (860) 246-1794**
**E-mail: choward@mppjustice.com**
**Attorneys for the Plaintiff**

**DEFENDANT,**
**YALE UNIVERSITY**

**By:** ***/s/David C. Salazar-Austin***
**David C. Salazar-Austin (ct 25564)**
**David.Salazar-Austin@jacksonlewis.com**
**Victoria Woodin Chavey (ct 14242)**
**Victoria.Chavey@jacksonlewis.com**
**Jackson Lewis LLP**
**90 State House Square, 8th Floor**
**Hartford, CT 06103**
**Tel. (860) 522-0404**
**Attorneys for the Defendant**

**CERTIFICATE OF SERVICE**

**I hereby certify that on June 20, 2018, a copy of the foregoing Motion for Extension of Time, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**