UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE, | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
|     Defendant | : | AUGUST 15, 2018 |
| | : | |

**CONSENTED-TO MOTION FOR EXTENSION OF TIME WITHIN
WHICH TO COMPLETE ESI PRODUCTION AND COMPLETE DISCOVERY**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for this Court, Defendant Yale University hereby respectfully moves, with the consent of Plaintiff, for an extension of time to complete Defendant's production of ESI, per the Court's Order dated June 21, 2018.

In support of this motion, Defendant states as follows:

1. On June 21, 2018, following Defendant's representation that it believed in good faith that it could complete production of available ESI by August 15, the Court entered an order establishing an ESI production deadline of August 15.

2. Based on the data collected at the time, Defendant reasonably anticipated completing its ESI production by August 15.

3. By August 15, Defendant will have produced well over ten thousand pages of ESI documents.

4. Between June 21, 2018 and August 15, 2018, Defendant reviewed over 64,000 total documents (e-mail and attachments), culled from over

1.5 terabytes of data.[1]  In order to accomplish this extensive review, Defendant engaged 12 first-level reviewers, consisting of eight document reviewers from a third-party vendor,[2] and four Jackson Lewis P.C. employees.  Documents marked responsive were then reviewed at a second level, for quality control purposes, before Defendant ultimately produced them in searchable PDF files.

       5. However, last week, Defendant collected and sent to its third-party vendor an additional 440 GB of data from three custodians.  The third party received this data on August 8, and immediately began evaluating its contents and processing the data.  Defendant did not anticipate this volume of additional data when it projected an August 15 production date for ESI. The delay in gathering this data was caused, in part, by the fact that a significant portion of the data was stored by Yale Law School (as opposed to Yale University), and thus required Defendant to navigate administrative obstacles in order to collect that data.

       6. Also, on August 14, 2018, Defendant determined that it anticipates delivering data related to one final custodian (Steven Wilkinson) by August 21, 2018.  Defendant was unable to collect his data previously because a technical issue initially prevented Defendant from completing the collection process.  That issue was finally resolved on August 14, and Defendant now

---

[1] One terabyte of data is equal to 1,000 gigabytes. Conservative estimates suggest that just one gigabyte of data can contain over 100,000 pages of e-mails/attachments.  Accordingly, 1.5 terabytes may be estimated to include 150,000,000 pages of e-mails/attachments.

[2] The third-party review team alone estimates that it spent approximately 875 hours on this document review.

2

anticipates collecting and sending Mr. Wilkinson's data to its third-party vendor by August 21, 2018. The third-party vendor will then require approximately one week to process the data, at which point Defendant can review and then produce any responsive, non-privileged documents.

7. Accordingly, as to the bulk of the new data received after the Court's Order of June 21, Defendant requests that the production deadline be extended until September 5, 2018. With regard to the ESI of the final custodian, Mr. Wilkinson, the parties request an extension until September 15, 2018, by which date Defendant expects its ESI production to be complete.

8. In response to Defendant's inquiry with Plaintiff as to whether she would consent to Defendant's request for additional time to produce ESI based on the data received after the June 21 Order, Plaintiff, through counsel Claire Howard, advised that she consented to this motion on the condition that the motion also seek a 30-day extension of the discovery period, from November 1, 2018 to December 1, 2018. Accordingly, on the basis of Plaintiff's position that she will consent to this motion only if it includes a request for a 30-day extension of the discovery period, Defendant hereby also requests that the discovery deadline be reset from November 1, 2018 to December 1, 2018.

9. This motion is Defendant's first request for an extension of the Court's Order setting August 15 as the ESI production deadline, and the second requested extension of the discovery deadline.

10. If the Court grants an extension of the discovery deadline to December 1, 2018, the summary judgment deadline also would need to be

extended. The current summary judgment deadline is December 6, 2018, and a commensurate 30-day extension is requested, consistent with the 30-day extension of the discovery deadline.

WHEREFORE, Defendant respectfully moves for an extension of time as follows: 1) a three-week extension of time, up to and including September 5, 2018, for production of responsive documents from the additional data received August 8, 2018; and 2) a one-month extension of time, up to and including September 15, 2018, for production of responsive documents from Mr. Wilkinson's ESI. In addition, for the reasons stated above, this motion also seeks a 30-day extension of the discovery period, up to and including December 1, 2018, and the summary judgment deadline, to January 6, 2019.

DEFENDANT,
YALE UNIVERSITY

By:    */s/ David C. Salazar-Austin*
       **Victoria Woodin Chavey (ct 14242)**
       **David C. Salazar-Austin (ct 25564)**
       **Jackson Lewis P.C.**
       **90 State House Square, 8th Floor**
       **Hartford, CT 06103**
       David.Salazar-Austin@jacksonlewis.com
       Victoria.Chavey@jacksonlewis.com
       **Tel.: (860) 522-0404**
       **Fax: (860) 247-1330**

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on this 15th day of August, 2018, a copy of the foregoing motion was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

                                         */s/ David C. Salazar-Austin*
                                         **David C. Salazar-Austin (ct 25564)**