# Exhibit 85

| | |
|---|---|
| **From:** | Michael Della Rocca <michael.della@yale.edu> |
| **Sent:** | Tuesday, July 19, 2016 5:55 AM |
| **To:** | Polak, Benjamin |
| **Cc:** | Sawyer, Susan; Menon, Alice; David M. Post; Swersey, Art; Resnik, Judith; Solomon, Mark; Addington, Michelle; Michael Della Rocca |
| **Subject:** | Re: Confidential uwc case |

Dear Ben,

Thank you for your thoughtful questions and comments about the Panel's report in the case involving Professor Gonzalez Echevarria. I have consulted with all of the Panel members, and we agree on the following further thoughts.

1. A fuller articulation of the main reason for the recommended restriction on tenure and promotion decisions is the following (this reasoning was put forward by Judith Resnik): such a restriction limits RGE's power to harm others in the department whom he regards as supported by individuals such as David Quint, Carol Jacobs, Anibal Gonzalez-Perez, and Katie Trumpener who provided information that aided in the UWC case against RGE. We think that this is a significant point and that it is a specific reason for limiting his power over tenure and promotion, beyond the general point that there is reason to limit RGE's power in his departments. In your conversation with me last week, you made the important observation that participation in hiring and promotion decisions is something like a fundamental right of tenure. The Panel agrees, but also feels that the danger of retaliation by RGE against his colleagues -- many of whom have spoken against him -- is significant and that voting regarding tenure and promotion is a context in which such retaliation may well take place. Thus there is good reason to guard against this possibility.

2. The Panel understands the reasons for your suggestion about precluding RGE from having new graduate students. But the Panel also feels that there are important disadvantages here too because this move would prevent new students from benefiting from RGE's considerable expertise and knowledge. One halfway position is the following: you suggest very reasonably that "for those students whom he already advises, I would also like to require that the DGS participate in all formal decisions concerning those students, as well as provide such students with information encouraging them to communicate with the DGS if they encounter any difficulties in the advising process." A halfway position favored by the Panel is to suggest that a similar requirement be put in place for any new students he advises. Thus the general point would be that with regard to any current or new students whom RGE advises, the DGS must participate in all formal decisions concerning those students and the DGS must encourage such students to communicate with the DGS if they encounter any difficulties in the advising process.

Thank you for consulting with us and for this opportunity to reflect on your suggestions.

all the best,
Michael
On 7/16/16, 11:00 AM, Polak, Benjamin wrote:

> Dear Michael.
>
> As requested, the following is an "official" request for you to consult with the panel on a couple of points. I have spelt out the first point a bit.

1

CONFIDENTIAL                                                                                       BYRNE018151

Ben

> Dear Michael,
> I write to you in connection with the UWC case regarding Professor Roberto Gonzalez Echevarria. The UWC procedures allow for me to consult with you as chair of the panel regarding the panel's conclusions and recommendations, and then possibly to consult directly with a majority of the panel. I have one suggestion and one question about the panel's recommendations on which I seek the guidance of the panel.
> First the suggestion. The panel did not make any recommendations concerning graduate or post-doctoral students, students that would seem to be particularly vulnerable in light of the findings and conclusions made by the panel. I would like to add a provision preventing Professor Gonzalez Echevarria from participating on any *additional* graduate student PhD committees or qualifying exams or chapter committees, or from advising new graduate or post-doctoral students for a defined period, possibly five years. This would apply only to students for whom he is not already an advisor. I would like to avoid any harm to the progress of his existing students. But, for those students whom he already advises, I would also like to require that the DGS participate in all formal decisions concerning those students, as well as provide such students with information encouraging them to communicate with the DGS if they encounter any difficulties in the advising process. I would welcome the panels' views on this.
> Second the question. I would like to better understand the panels' recommendation that Professor Gonzalez Echevarria be precluded from participating in hiring, promotion, or reappointment decisions at Yale for a period of five years.
> It might be necessary for me to meet with the panel to discuss these points.
> Yours,
> Ben

Sent from my iPhone

CONFIDENTIAL						BYRNE018152