# Exhibit 10

| | |
|---|---|
| **From:** | Jose_Cabranes@ca2.uscourts.gov |
| **Sent:** | Thursday, April 2, 2015 3:07 PM |
| **To:** | Valis, Noel |
| **Cc:** | Stith, Kate; roberto.echevarria@yale.edu; Rolena Adorno (rolena.adorno@yale.edu) |
| **Subject:** | It occurs to me |

**Private and Confidential**

    I think a short letter from each of the three professors asking Kate to serve as his/her adviser, and to accompany the professor to <u>any meeting</u> with University administrators, will serve adequately.

    In anticipation of any such letters, I recommend a review of any arguably relevant documents, including the Faculty Handbook, and any constitutive documents regarding, e.g., the University Tribunal, or other "processes" (however irrelevant to this sort of ad hoc investigatory procedure). You want to be in a position to say that there is no known University document or rule that precludes individuals from choosing the same faculty friend/adviser.

    If, as I assume, there are no such rules or documents, you should not feel under any obligation (grounded in perceived demands of "civility") to yield to any administration assertions of authority in this respect. You owe no deference to the administration in matters of faculty rights and due process.

    All of this having been said, each of the professors should feel free to make his/her own decision. I do note that having a single friend/adviser has the great advantage of (ultimately) permitting each to know and understand what the other two have been asked, etc.

    And, although there is no reason to think the two investigators will not act in good faith, this arrangement would have a salutary prophylactic effect with respect to any report that may be written---the authors would find it difficult to "cherry-pick" information and identify contradictions attributable to differing perspectives or observations, because the friend/adviser would know all the facts, and would be able to testify as to the facts discussed by all three professors.

                                   Jose

---

From:    "Valis, Noel" <noel.valis@yale.edu>
To:    "Stith, Kate" <kate.stith@yale.edu>, "Rolena Adorno (rolena.adorno@yale.edu)" <rolena.adorno@yale.edu>, "roberto.echevarria@yale.edu" <roberto.echevarria@yale.edu>,
Cc:    "Jose_Cabranes@ca2.uscourts.gov" <Jose_Cabranes@ca2.uscourts.gov>
Date:    04/02/2015 01:21 PM
Subject:    Re: It occurs to me

---

That's a very sensible thing to do, Kate. Many thanks.

Best,
Noel

On 4/2/2015 1:17 PM, Stith, Kate wrote:
It occurs to me that there may be some objection to you three faculty members having the same "adviser" at your interviews. They may even claim I have a potential conflict of interest. Of course, they have no written basis for denying my adviser role for all of you, because this entire procedure is ad hoc and nowhere authorized in the faculty handbook or elsewhere. But in an abundance of caution, I am going to confidentially consult a couple of legal advisors (the main one is copied here) as to what lawyers do in such a situation. I

1

believe the answer is that they get written permission from each client--often, I regret, after that client has consulted an independent counsel. I will let you know what I learn. For now, my plan is to accompany and advise each of you.
*Kate Stith*
*Lafayette S. Foster Professor of Law*
*Yale Law School*
*P.O. Box 208215*
*New Haven, CT  06520-8215*
*(courier: use 127 Wall St., 06511)*
*203-432-4835*

BYRNE003814