UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>    Plaintiff<br><br>v.<br><br>YALE UNIVERSITY,<br>    Defendant | :<br>:<br>:<br>: CIVIL CASE NO.: 3:17-cv-01104 (VLB)<br>:<br>:<br>:<br>: DECEMBER 30, 2019<br>: |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF EXTERNAL REVIEWERS**

Defendant Yale University ("Yale") hereby moves in limine to preclude testimony of 9 professors from other institutions whom Plaintiff has listed as potential witnesses on the issue of her damages. Several of these potential witnesses were external reviewers of Plaintiff's scholarship for purposes of Yale's consideration of Plaintiff for tenure, and their involvement was limited solely to reviewing her scholarship and submitting written letters stating their views of such scholarship. Indeed, all 9 of these professors were disclosed for the first time on December 13, 2019, as having some knowledge relevant to Plaintiff's damages; because of this very late disclosure, however, Defendant has had no opportunity to explore in discovery what knowledge of Plaintiff's damages each one has or is believed to have.

By listing the external reviewers and professors from other universities as potential witnesses on damages issues, it appears Plaintiff intends to convert them into quasi-expert witnesses who might opine as to reputational damages she has allegedly suffered. Such testimony would be improper because the external

reviewers were never disclosed during discovery as potential witnesses to Plaintiff's damages, much less were they disclosed as expert witnesses, and all they could offer would be impermissible lay opinion. Fed. R. Evid. 701.

## Conclusion

For all these reasons, Defendant Yale University respectfully moves to preclude testimony from Professors Burningham, Cascardi, Cruz, de Armas, Folger, Gaylord, Grieve, Santo-Tomas, and Weber regarding Plaintiff's damages.[1]

---

[1] Although Plaintiff has listed these potential witnesses on only the issue of her damages, and thus this Motion is focused on their potential testimony regarding damages, Defendant also would object to any of these witnesses, including but not limited to those who served as external reviewers of Plaintiff's scholarship, testifying as to their views of her tenure case. The external reviewers submitted letters to Yale that were reviewed as part of the tenure case, and any testimony, beyond that which was stated in the letters, would be irrelevant because it was not information known to or considered by Yale in its tenure review. Fed. R. Evid. 402, 403.

                        **DEFENDANT,**
                        **YALE UNIVERSITY**

**By:**   ***/s/ Victoria Woodin Chavey***
        **Victoria Woodin Chavey (ct14242)**
        **David C. Salazar-Austin (ct25546)**
        **Jackson Lewis PC**
        **90 State House Square, 8th Floor**
        **Hartford, CT 06103**
        **victoria.chavey@jacksonlewis.com**
        **david.salazar-austin@jacksonlewis.com**
        **Tel.: (860) 522-0404**
        **Fax: (860) 247-1330**

**CERTIFICATION OF SERVICE**

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ David C. Salazar-Austin*
                                            **David C. Salazar-Austin**