UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE, : | |
| Plaintiff : | |
| : | CIVIL CASE NO.: |
| v. : | 3:17-cv-01104 (VLB) |
| : | |
| YALE UNIVERSITY, : | |
| Defendant : | DECEMBER 30, 2019 |
| : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PLAINTIFF'S OPINIONS ABOUT HER OWN SCHOLARSHIP**

Defendant Yale University ("Yale") hereby moves in limine to exclude evidence of Plaintiff's opinion that the quality of her scholarship met Yale's rigorous tenure standards. Plaintiff has repeatedly argued that she believes she deserves tenure at Yale, and that the mere fact that she was denied tenure supports her retaliation claim. In denial of tenure cases like this one, however, courts have uniformly held that differing opinions on a tenure candidate's qualifications cannot support a conclusion of illegal animus.

Because Plaintiff's opinions about her own scholarship cannot be used to support her claims in this case, they are irrelevant, and the Court should thus exclude such evidence pursuant to FRE 401. Moreover, permitting such evidence is little more than an invitation to the jury to substitute Plaintiff's opinion for Yale's academic judgment, which would be an impermissible infringement of Yale's academic freedom.

I. **Relevant Background**

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

II. **Plaintiff Relies Heavily, and Impermissibly, on her Own Opinion of her Scholarship.**

In her deposition, Plaintiff relied on her own belief that she is qualified for tenure, testifying: "I believe fully and without any hesitation that I did deserve tenure at Yale." Byrne Tr., pp. 168:8 – 169:10. Discovery demonstrated that she repeatedly relied on this belief to support her various claims, often refusing to accept that someone may have a lower opinion of her scholarship than she does. Such evidence, however, cannot be used to support her claims of retaliation. See Jackson v. Harvard Univ., 721 F. Supp. 1397, 1443 (D. Mass. 1989) ("Pronouncements by plaintiff and her supporters that she was qualified for tenure, even more qualified than tenured males, may be true, but they do not constitute evidence of sex bias"). Accordingly, it is irrelevant and thus inadmissible.

The Second Circuit has held that differing opinions cannot support a conclusion of illegal animus in a tenure case. See Weinstock v. Columbia Univ., 224 F.3d 33, 43 (2d Cir. 2000). This is so because differences of opinion are commonplace when it comes to the question of scholarship in a tenure denial case. Zahorik v. Cornell Univ., 729 F.2d 85, 93 (2d Cir. 1984). "[T]enure decisions are a source of unusually great disagreement. Because the stakes are high, the number of relevant variables is great and there is no common unit of measure by which to judge scholarship, the dispersion of strongly held views is greater in the case of tenure decisions than with employment decisions generally." Id.; see also

**Rajaravivarma v. Bd. of Trs. For the Conn. State Univ. Sys.**, 862 F. Supp. 2d 127, 166 (D. Conn. 2012) (VLB).  As a result, Plaintiff's opinion of herself simply has no bearing on any issue in the case.

Further, as this Court has held, it is not the court's role to "engage in inappropriate substitution of its own judgment based upon its nascent knowledge of [university] tenure criteria."  **Rajaravivarma**, 862 F. Supp. 2d at 166-68. Nor is it the jury's role to do so.  Indeed, it is well established that it is "[a] university's prerogative to determine for itself on academic grounds who may teach is an important part of our long tradition of academic freedom." **Lieberman v. Gant**, 630 F.2d 60, 67 (2d Cir. 1980) (internal quotation marks omitted). "It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion." **Wood v. Strickland**, 420 U.S. 308, 326, 95 S. Ct. 992, 43 L. Ed. 2d 214 (1975).

If the jury is allowed to hear Plaintiff's ardently expressed opinions about her own qualifications, the risk is that the jury will substitute Plaintiff's opinion of her own qualifications for Yale's opinion.  This conflicts with academic freedom principles, which dictate that a jury must not substitute a dissenting opinion—expressed by Plaintiff or anyone else—for Yale's academic judgment.

Accordingly, the court should exercise its authority to bar irrelevant evidence and protect Yale's academic freedom, and thus should exclude evidence of Plaintiff's opinion about her own qualifications.

III.    **Conclusion**

For all these reasons, Defendant Yale University respectfully moves to exclude evidence of Plaintiff's opinions about her own scholarship and whether it satisfies Yale's tenure standards.

            DEFENDANT,
            YALE UNIVERSITY

By:    /s/ David C. Salazar-Austin
        Victoria Woodin Chavey (ct 14242)
        David C. Salazar-Austin (ct 25564)
        Jackson Lewis P.C.
        90 State House Square, 8th Floor
        Hartford, CT 06103
        P: (860) 522-0404
        F: (860) 247-1330
        victoria.chavey@jacksonlewis.com
        david.salazar-austin@jacksonlewis.com

**CERTIFICATION OF SERVICE**

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>  */s/ David C. Salazar-Austin*
>  **David C. Salazar-Austin**

SUSAN BYRNE vs YALE UNIVERSITY
Susan Byrne on 10/19/2018

```
 1              UNITED STATES DISTRICT COURT

 2                        for the

 3                DISTRICT OF CONNECTICUT

 4

 5
     SUSAN BYRNE,            } Civil Case Number:
 6      Plaintiff,           } 3:17-cv-01104-VLB
                             }
 7         vs.               } CONFIDENTIAL TESTIMONY
                             } Page 211 through 214
 8   YALE UNIVERSITY,        }
        Defendant.           }
 9

10

11

12

13   DEPOSITION OF: Susan Byrne
     TIME:          10:05 a.m.
14   DATE:          October 19, 2018
     HELD AT:       Jackson Lewis, PC
15                  90 State House Square - 8th Floor
                    Hartford, Connecticut
16

17

18

19

20

21

22
        Reporter: Annette Brown, LSR, No. 0009
23         Brandon Huseby Reporting & Video
                  249 Pearl Street
24          Hartford, Connecticut  06103
             Telephone: 860.549.1850
25               Fax: 860.549.1537
```

1  vote and gone to the divisional level?
2  A   I'm sorry.  You asked for what I had as to
3  information?
4  Q   What information you have.  Was there any
5  information available to you about what your
6  candidacy would have looked like or how it would have
7  been received at the divisional level?
8  A   I think it would have been voted unanimously,
9  yes.  The same way it was for my last promotion.
10 Q   I understand that may be what you think, but
11 what information do you have -- other than the fact
12 that you had a unanimous vote at the divisional level
13 for your prior promotion, what information do you
14 have that suggests to you what the outcome would have
15 been at the divisional level for the tenure case?
16         MR. PARENTEAU:  Object to the form of
17 that question and also disregard comments.  Just
18 answer questions.
19 A   The weight of my scholarship and the
20 importance in the field is what I base my response
21 on, that yes, it would have been positive at the
22 divisional level.
23 BY MS. CHAVEY:
24 Q   And when say the weight of your scholarship,
25 what do you mean?

```
 1     A    I produce quality work that changes my field.
 2   I have changed my field in a number of ways.  That
 3   scholarship is what has gotten me the name that I
 4   have in my field.  It's why I get invited to
 5   international events.  It's why I get invited to give
 6   talks.  It's why all of that happens.
 7          People like what I do because it matters in my
 8   field, and that is why I believe fully and without
 9   any hesitation that I did deserve to be tenured at
10   Yale.
11     Q    And so when you said the weight of your
12   scholarship and the importance of your work, you're
13   talking -- you're basically saying the same thing,
14   the importance of your scholarship is what you just
15   described?
16     A    If I understand the question, yes.
17     Q    Okay.  So if you turn in --
18     A    Go ahead.  I'm just going to get more water on
19   the way.  I can hear you.  Sorry.
20     Q    If you turn to Exhibit 4 please and
21   specifically page 32.
22     A    I'm there.
23     Q    Okay.  This is -- this is Section H describing
24   each of the faculty positions at Yale, and there's --
25   you can see that there's a general description of the
```

SUSAN BYRNE vs YALE UNIVERSITY
Susan Byrne on 10/19/2018

```
 1                        JURAT

 2

 3

 4    I, SUSAN BYRNE, do hereby certify that the foregoing
      testimony given by me on October 19, 2018, is true
 5    and accurate, including any corrections noted on the
      corrections page, to the best of my knowledge and
 6    belief.

 7

 8

 9

10                                  [signature]

11                          SUSAN BYRNE
      State of Nevada
12    County of Clark

13
      At Henderson, NV    in said county of Clark
14    this 7th day of December  , 2018, personally
      appeared, SUSAN BYRNE, and she made oath to the truth
15    of the foregoing corrections by her subscribed.

16

17

18    Before me, Frank L. St. Germain  , Notary Public.

19    [signature]

20    My Commission Expires: June 11, 2022

21

22                              FRANK L. ST. GERMAIN
                                Notary Public - State of Nevada
23                              County of Clark
                                APPT. NO. 18-3336-1
24                              My App. Expires June 11, 2022

25
```

```
 1                        CERTIFICATION

 2        I, ANNETTE F. BROWN, LSR and Notary Public within
     and for the State of Connecticut, do hereby certify
 3   that I took the deposition of SUSAN BYRNE, on October
     19, 2018.
 4
          I further certify that the above-named deponent
 5   was by me duly sworn to testify to the truth, the
     whole truth and nothing but the truth concerning
 6   his/her knowledge in the matter of the case of, BYRNE
     v. YALE UNIVERSITY.
 7
          I further certify that the testimony was taken by
 8   me stenographically and reduced to typewritten form
     under my direction by means of COMPUTER ASSISTED
 9   TRANSCRIPTION; and I further certify that said
     deposition is a true record of the testimony given by
10   said witness.

11        I further certify that I am neither counsel for,
     related to, nor employed by any of the parties to the
12   action in which this deposition was taken; and
     further, that I am not a relative or employee of any
13   attorney or counsel employed by the parties hereto,
     nor financially or otherwise interested in the
14   outcome of the action.

15        WITNESS my hand and my seal this 2nd day of
     November, 2018.
16

17

18

19

20

21
          Annette Brown, LSR No. 00009
22        Notary Public
          My Commission Expires:
23        November 30, 2019

24

25
```