UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>    Plaintiff<br><br>v.<br><br>YALE UNIVERSITY,<br>    Defendant | :<br>:<br>:<br>:   CIVIL CASE NO.:<br>:   3:17-cv-01104 (VLB)<br>:<br>:<br>:   DECEMBER 30, 2019<br>: |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF REINSTATEMENT**

Defendant Yale University ("Yale") hereby moves in limine to exclude argument and evidence related to installation of Plaintiff to a tenure position at Yale. Even if this issue were appropriate for consideration by the jury, which Yale contends it is not (see Motion in Limine to Exclude Evidence of Wage-Related Losses and Any Equitable Relief), there is no factual predicate for Plaintiff to request installation as a tenure professor at Yale, because she was never considered by the Yale Tenure Appointments Committee (TAC), the Joint Boards of Permanent Officers (JBPO), or by the Yale Corporation, which are all necessary steps in the relevant tenure process. Without having gone through these steps and without having passed each one, Plaintiff is not eligible for a tenure position at Yale. Moreover, there is no case law to support a request to this Court to place Plaintiff in a tenure position without her going through all of the required procedural steps of Yale's process. Accordingly, any argument or evidence related to Plaintiff seeking, as a remedy, a tenure position at Yale should be excluded.

I.   Relevant Background

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

II.   Installation as a Tenured Professor

Plaintiff is expected to offer argument and evidence that, but for the Department of Spanish and Portuguese's adverse vote on her tenure case, she would have been granted tenure at Yale, and thus that, as a remedy if she prevails on any of her claims, she should be installed as a tenured professor at Yale. This anticipated position does not, however, have any basis in fact or law and instead is pure speculation and an unprecedented leap beyond any reported case law.

Plaintiff simply has no evidence – and cannot ask the jury or the Court to speculate – as to *what would have happened* if her Department had voted positively on her tenure case. It is undisputed, per the express terms of Yale's tenure procedures, that, in the event of a positive Department vote, Plaintiff's tenure case would also have had to be approved by the TAC, the JBPO and the Yale Corporation. (See Ex. RB, Tenure Steps, pp. 10-11; Ex. JC, March 30, 2015 Letter, p. 2 (copies attached).) Plaintiff should not be permitted to ask the jury or court to speculate as to what decision those bodies would have reached. Because Plaintiff's demand for installation to a tenure position relies wholly on speculation

2

and opinion, the Court should exclude all evidence of her request to be installed as a tenured professor.[1]

Neither the Court nor the jury has the power to trample Yale's academic freedom by installing Plaintiff to a tenure position, bypassing the levels of review required by the Faculty Handbook.  Indeed, no authority suggests that the Court or jury has this power.  The only case Plaintiff upon which relies is <u>Brown v. Trustees of Boston University</u>, 891 F.2d 337 (1989), a 30-year old decision from another jurisdiction with facts so distinct from the present case that it could not possibly support imposition of tenure.

In fact, the <u>Brown</u> case highlights why Plaintiff in this case must <u>not</u> be installed to a tenure position.  In <u>Brown</u>, the plaintiff had received a unanimously positive vote in her department and also in her college's tenure committee; she then received the support of her Dean, albeit with some reservations, and of the University-wide tenure committee. When the Assistant Provost and Provost recommended a three-year extension, however, the plaintiff's candidacy went *back* to her department, which *again* voted unanimously in support of tenure; further, the College's tenure committee voted unanimously in support of plaintiff's tenure bid, and the University's tenure committee also unanimously affirmed its original recommendation of tenure.  Despite all of those approvals, the Provost

---

[1] **If the Court were to permit Plaintiff to present to the jury her request for reinstatement, the Court should limit such request to seek reinstatement to the position she held at the time she left Yale:  Associate Professor on Term.**

recommended against tenure, and the case was referred to a three-member ad hoc committee, which voted in favor of tenure.  The Provost nonetheless reported to the BU President that the ad hoc committee's report confirmed his judgment that plaintiff did not merit tenure, and the President thus recommended against tenure, which recommendation the University Trustees accepted.  On the jury's finding of sex discrimination, the District Court ordered the plaintiff's reinstatement with tenure.

In complete contrast, here, Plaintiff's tenure case failed at the very first hurdle, as her Department voted against her tenure case.  Her tenure case was never presented to the TAC, JBPO or Yale Corporation, meaning that even if one were to ignore the Department's academic judgment—as Plaintiff effectively requests—neither the Court nor the jury has any means of determining whether Plaintiff met Yale's tenure standards.  In essence, if the Court were to award her tenure, Plaintiff would be the only professor at Yale to have achieved tenure, contrary to the express provisions of Yale's tenure procedures, without *any Yale department, committee, or final decisionmaker* having found her to have satisfied Yale's strict tenure standards, which include, inter alia, that the candidate "stand among the foremost leaders in their fields throughout the world."  Compare Brown, 891 F.2d at 361 (noting the plaintiff has received "near unanimous endorsement by colleagues within and without her department," which "suggest[s] strongly that there are no issues of collegiality or the like which might make the granting of tenure inappropriate").

**Otherwise stated, if the jury or Court were to order Plaintiff's installation to a tenure position, the litigation process will have effectively—and impermissibly—usurped Yale academic judgment and academic freedom, while also ignoring Yale's processes for tenure consideration and the potential for any "issues of collegiality or the like," as in <u>Brown</u>. <u>See, e.g.</u>, <u>Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.</u>, 2014 U.S. Dist. LEXIS 52852, \*22-23 (E.D.N.Y. Apr. 16, 2014) ("[c]ourts have been cautious to avoid intruding upon the administration of a school district or university system, even in the context of remedying employment discrimination"); <u>Honadle v. University of Vermont & State Agric. College</u>, 56 F. Supp. 2d 419, 423 (D. Vt. 1999) (holding in advance of trial that ordering instatement would be inappropriate).**

**Accordingly, and consistent with <u>Honadle</u>, the Court should order that instatement to a tenure position is not permissible and should preclude Plaintiff from presenting argument or evidence regarding a request for instatement to a tenure position.**

### III.   <u>Conclusion</u>

**For all these reasons, Defendant Yale University respectfully moves to exclude any argument or evidence concerning Plaintiff's request for installation to a tenure position at Yale.**

5

**DEFENDANT,
YALE UNIVERSITY**

By: ***/s/ David C. Salazar-Austin***
**David C. Salazar-Austin (ct25546)
Victoria Woodin Chavey (ct14242)
Jackson Lewis PC
90 State House Square, 8th Floor
Hartford, CT 06103
david.salazar-austin@jacksonlewis.com
victoria.chavey@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330**

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David C. Salazar-Austin*
**David C. Salazar-Austin**
