# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE, | : | |
|     Plaintiff | : | Civil Action No. |
| | : | |
| vs. | : | 3:17-cv-01104-VLB |
| | : | |
| YALE UNIVERSITY | : | |
|     Defendant | : | DECEMBER 30, 2019 |
| | : | |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's October 3, 2018 Amended Scheduling Order, ECF No. 59, Plaintiff Susan Byrne and Defendant Yale University (the "Defendant") respectfully submit this Joint Trial Memorandum.

(1) **TRIAL COUNSEL**: The parties will be represented at trial by the following:

**Plaintiff**

Claire M. Howard  (ct29654)
Madsen, Prestley & Parenteau, LLC-HTFD
402 Asylum Street
Hartford, CT 06103
860-246-2466
Fax: 860-246-1794
Email: choward@mppjustice.com

Jacques J. Parenteau (ct09771)
Magdalena B. Wiktor (ct28647)
Madsen, Prestley & Parenteau, LLC-NL
105 Huntington St., PO Box 1631
New London, CT 06320
860-442-2466
Fax: 860-447-9206
jparenteau@mppjustice.com
mwiktor@mppjustice.com

**Defendant**

Victoria Woodin Chavey (ct 14242)
David C. Salazar-Austin (ct 25564)
90 Statehouse Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
Victoria.Chavey@jacksonlewis.com
David.Salazar-Austin@jacksonlewis.com

**(2)**     <u>JURISDICTION</u>:  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, because Plaintiff's claims present a federal question under 42 U.S.C. Section 2000, et seq. and 29 U.S.C. Section 621, et seq.  This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. Section 1367.

**(3)**     <u>JURY/NON-JURY</u>:  Plaintiff has claimed this case to the jury.

**(4)**     <u>LENGTH OF TRIAL</u>:  The parties estimate that the trial will last 10-15 days.

**(5)**     <u>FURTHER PROCEEDINGS</u>:  The parties request a conference with the Court in which the parties can argue their respective positions on any jury instructions that are materially different.  In particular, argument on the issue of whether the "but-for" standard applies to Plaintiff's CFEPA retaliation claims is likely to shape the trial of this case, and as such an early conference would be beneficial to both parties.  Moreover, the parties would like to present argument on their motions in limine before the trial begins, because rulings on at least some of those motions will affect the parties' presentations from the beginning of the trial.

**(6)**     <u>NATURE OF THE CASE</u>: The nature of Plaintiff's causes of action and the relief sought are set forth below, as are Defendant's core affirmative defenses.  The parties acknowledge that the Court's rulings on the pending summary judgment motion, and on the motions in limine filed in conjunction with this Joint Trial Memorandum, may alter the descriptions set forth below.

    *A.*     *<u>Count One: Retaliatory Discharge in Violation of Conn. Gen. Stat. Section 46a-58, et seq. ("CFEPA")</u>:*

Plaintiff alleges that she was not granted tenure within the Department of Spanish and Portuguese due to retaliation because members of the department had the mistaken belief that she was the author of a March 6, 2015 anonymous letter that was distributed to faculty members of the department, members of Defendant's administration, and was the subject of a Yale Daily News article indicating that sexual harassment was occurring in the department, which sparked a series of investigations.  Separately, Plaintiff claims she engaged in protected activity by 1) being interviewed by Defendant's attorneys as part of Defendant's investigation into the climate of the Department of Spanish and Portuguese; 2) being quoted and referenced in the Yale Daily News article about complaints of discrimination and harassment by graduate students in the Department; and 3) by testifying as part of Defendant's Title IX investigation into sexually inappropriate comments and behavior by Professor Gonzalez Echevarria.

Defendant, in contrast, asserts that it is not liable under CFEPA because the determination that Plaintiff's scholarship did not meet Yale's tenure standard was the legitimate, non-retaliatory reason for Defendant's unfavorable tenure vote in the Department of Spanish and Portuguese. Defendant's view of Plaintiff's scholarship developed over a period of years, beginning before she purportedly engaged in protected activity. Moreover, the decision-makers involved in deciding to deny her tenure were unaware of some of the alleged protected activity, and in any event, were not motivated by her speech, but rather by the quality of her work.  Thus, Plaintiff cannot prove that her protected activity was the but-for cause of the adverse tenure decision.

B.    *Count Two: Retaliatory Discharge in Violation of Title VII of the Civil Rights Act of 1964, As Amended, 42 USC 2000E, and the Civil Rights Act of 1991 ("Title VII"):*

As with her retaliation claim under Connecticut law, Plaintiff alleges that she was not granted tenure within the Department of Spanish and Portuguese due to retaliation because members of the department had the mistaken belief that she was the author of a March 6, 2015 anonymous letter that was distributed to faculty members of the department, members of Defendant's administration, and was the subject of a Yale Daily News article indicating that sexual harassment was occurring in the department, which sparked a series of investigations.  Separately, Plaintiff claims she engaged in protected activity by 1) being interviewed by Defendant's attorneys as part of Defendant's investigation into the climate of the Department of Spanish and Portuguese; 2) being quoted and referenced in the Yale Daily News article about complaints of discrimination and harassment by graduate students in the Department;   and 3) by testifying as part of Defendant's Title IX investigation into sexually inappropriate comments and behavior by Professor Gonzalez Echevarria.

Defendant, in contrast, asserts that it is not liable under CFEPA because the determination that Plaintiff's scholarship did not meet Yale's tenure standard was the legitimate, non-retaliatory reason for Defendant's unfavorable tenure vote in the Department of Spanish and Portuguese. Defendant's view of Plaintiff's scholarship developed over a period of years, beginning before she purportedly engaged in protected activity. Moreover, the decision-makers involved in deciding to deny her tenure were unaware of some of the alleged protected activity, and in any event, were not motivated by her speech, but rather by the quality of her work.  Thus, Plaintiff cannot prove that her protected activity was the but-for cause of the adverse tenure decision.

C.    *Count Three: Negligent Misrepresentation:*

Plaintiff alleges that Defendant negligently misrepresented the terms and conditions under which she would be entitled to tenure. The criteria and procedures for tenure were published in the FAS Handbook and the Faculty Handbook. Both Handbooks promise a fair review of a tenure case. The FAS Handbook obligated Defendant to recuse an individual from discussions and votes on tenure on that individual when there is a personal or professional conflict of interest. Plaintiff reasonably relied on these misrepresentations to her detriment.

Defendant, in contrast, asserts that it is not liable under a negligent misrepresentation theory because the statements Defendant made to her did not constitute misrepresentations; rather, Defendant complied with the terms of the relevant Handbooks, and fairly reviewed Plaintiff's tenure case. Defendant was candid with Plaintiff about the deficiencies in her work, particularly her scholarship, and thus Plaintiff knew or should have known that there was a possibility she may not receive tenure.

Further, to the extent Plaintiff understood the FAS Handbook to require the recusal of certain professors, it was unreasonable for her to do so, as the FAS Handbook does not mandate recusal in the circumstances presented by this case.

D.    *Count Four: Breach of Contract:*

Plaintiff alleges that the Faculty Handbook constitutes an employment contract between Plaintiff and Defendant, and that Defendant breached the contract by not ensuring a fair review of her tenure application. Plaintiff alleges that Defendant breached the employment contract by refusing to recuse individuals with a personal or professional conflict of interest from the tenure vote, as required in the Handbook. Plaintiff also claims that she had a reasonable expectation that individuals with a conflict of interest would be recused, consistent with Defendant's Handbook requiring recusal of individuals with a personal or professional conflict of interest.

Defendant denies that it violated any contract between Plaintiff and Defendant. Defendant asserts that it had no obligation to compel the recusal of any professor, that it complied with all required procedures associated with Plaintiff's tenure review, and that ultimately it did evaluate Plaintiff's tenure case in accordance with the standards set forth in the Faculty Handbook. Further, because attaining tenure requires approval at levels above the department level, and because Plaintiff never received approval at those levels, Plaintiff's only

4

alleged contractual damages are entirely speculative in nature. As such, she cannot establish the damages element of her breach of contract claim.

**(7)** <u>**TRIAL BY MAGISTRATE JUDGE**</u>**: The parties have not agreed to try this case before a Magistrate Judge.**

**(8)** <u>**LIST OF WITNESSES AND EXHIBITS**</u>**:**

    **(a)** <u>**Witnesses**</u>**: See Exhibit P-1 (Plaintiff's list) and D-1 (Defendant's list). Plaintiff's Objections to Defendant's Witness List and Defendant's Responses thereto are attached as Exhibit P-2. Defendant's Objections to Plaintiff's Witness List and Plaintiff's Responses thereto are attached as Exhibit D-2.**

    **(b)** <u>**Exhibits**</u>**: See Exhibit P-3 (Plaintiff's list, with objections and responses thereto) and D-3 (Defendant's list with objections and responses thereto).**

**(9)** <u>**STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>

    **(a)** <u>**Bench Trial**</u>**: Not applicable.**

    **(b)** <u>**Jury Trial:**</u> **Undersigned counsel will continue to work together to determine if the parties can reach agreement on stipulations of fact.**

        **(1)** <u>**Proposed Voir Dire Questions**</u>**: See Exhibit P-4 (Plaintiff's Proposed Voir Dire Questions) and D-4 (Defendant's Proposed Voir Dire Questions).**

        **(2)** <u>**Proposed Jury Instructions**</u>**: See Exhibit P-5 (Plaintiff's Jury Instructions and D-5 (Defendant's Jury Instructions).**

            **Plaintiff's Objections to Defendant's Jury Instructions are attached hereto as P-6.**

            **Defendant's Objections to Plaintiff's Jury Instructions are attached hereto as D-6**

        **(3)** <u>**Proposed Verdict Form**</u>**: See Exhibit P-7 (Plaintiff's Proposed Verdict Form and Defendant's objections) and D-7 (Defendant's Proposed Verdict Form and Plaintiff's objections)**

        **(4)** <u>**Brief Description of Case and Parties:**</u>

Plaintiff, Susan Byrne, was an Associate Professor on Term at Yale University, the Defendant in this case. In 2015, Plaintiff applied for tenure within Yale's Department of Spanish and Portuguese. In February 2016, this Department declined to approve Plaintiff for tenure at Yale, asserting principally that Plaintiff's scholarship was not of the quality necessary to achieve tenure.

Plaintiff alleges that Defendant's decision to deny her tenure was an act of retaliation based on Plaintiff's alleged complaints and Defendant's agents' mistaken belief of Plaintiff's alleged complaints regarding conduct that she believed violated state and federal anti-discrimination laws. Plaintiff thus alleges retaliation in violation of the Connecticut Fair Employment Practices Act, and Title VII. Plaintiff further alleges that in not following its policies set forth in its Handbook obligating recusal by individuals who have a personal or professional conflict of interest, Plaintiff did not receive a fair review of her tenure application, causing Yale to breach the employment contract set forth in the Handbook. Plaintiff also alleges that Yale negligently misrepresented to her that she would receive a fair tenure review and that individuals with personal or professional conflict of interest would be recused from the tenure review process.

Defendant denies Plaintiff's allegations. Yale University is one of the preeminent universities in the world, and it necessarily maintains high standards for achieving lifetime tenure. Defendant's defense is principally that the Department of Spanish and Portuguese evaluated Plaintiff based on her scholarship and the merits of her tenure application, and that the Department was not motivated by any retaliatory animus. Rather, after a thorough review consistent with its policies and procedures, a majority of the Department determined, in the first level of the tenure process, that Plaintiff was not qualified for the lifetime position she sought, and thus Plaintiff did not proceed to the further levels of tenure review that would have been required if she had succeeded at the first level. Defendant further denies that it made any misrepresentations to Plaintiff and asserts that it did not breach any contract with Plaintiff. To the contrary, Yale asserts that it complied with its policies and procedures and afforded Plaintiff a full and fair review of her tenure case.

(10) **ANTICIPATED EVIDENTIARY ISSUES**

The parties' Motions in Limine are listed below. The Motions have been separately filed and are attached as Exhibits P-8 through P-9, and Exhibit D-8 through D-14.

(a) **Plaintiff's motions in limine**

1. Motion in limine to prevent Defendant's witnesses from testifying as to their opinions regarding decisions made regarding Plaintiff's employment when such individuals and/or their observations were not part of any decision-making process.

2. Motion in limine to preclude Defendant from offering recordings of Climate Review interviews of Professors Adorno, Gonzalez Echevarria and Valis, recently disclosed months after the close of discovery.


 (b) <u>Defendant's motions in limine</u>

1. Motion in limine to exclude evidence of wage-related losses or any other equitable relief, because these issues should be decided by the Court post-trial.

2. Motion in limine to exclude any evidence regarding instatement to a tenure position, as such relief relies wholly on speculation, and is otherwise not permissible.

3. Motion in limine to exclude evidence related to a potential punitive damages claim, because such damages were not available under CFEPA during the relevant timeframe, and any claim for punitive damages under Title VII should be bifurcated.

4. Motion in limine to preclude admission of the Climate Review Report due to its inclusion of multiple layers of hearsay, irrelevance, and the risk of undue prejudice to Yale.

5. Motion in limine to preclude the testimony of external reviewers of Plaintiff's scholarship, as they were not disclosed as potential witnesses to damages, nor as expert witnesses.

6. Motion in limine to preclude evidence of the Title IX complaint filed on February 17, 2016 and the ensuing proceedings, as the complaint post-dated the negative vote on Plaintiff's tenure case and constitutes impermissible character evidence, and to preclude evidence of Plaintiff's involvement with the Title IX office on the basis that it is irrelevant in that no decisionmaker was aware of such involvement.

7. Motion in limine to exclude evidence regarding matters unrelated to Plaintiff or her claims in this case, such as remote allegations about Roberto Gonzalez Echevarria, Plaintiff's feelings toward Rolena Adorno, and correspondence about an Internet address.

8. Motion in limine to exclude evidence of Plaintiff's opinions about her own scholarship.

| PLAINTIFF, | DEFENDANT, |
| SUSAN BYRNE | YALE UNIVERSITY |

| /s/ Claire Howard | /s/ David C. Salazar-Austin |
| Claire M. Howard  (ct29654) | Victoria Woodin Chavey (ct 14242) |
| Madsen, Prestley & Parenteau, LLC-HTFD | David C. Salazar-Austin (ct 25564) |
| 402 Asylum Street | 90 Statehouse Square, 8th Floor |
| Hartford, CT 06103 | Hartford, CT  06103 |
| 860-246-2466 | Tel: (860) 522-0404 |
| Fax: 860-246-1794 | Fax: (860) 247-1330 |
| Email: choward@mppjustice.com | Victoria.Chavey@jacksonlewis.com |
| | David.Salazar-Austin@jacksonlewis.com |

**Jacques J. Parenteau (ct09771)**
**Magdalena B. Wiktor (ct28647)**
**Madsen, Prestley & Parenteau, LLC-NL**
**105 Huntington St., PO Box 1631**
**New London, CT 06320**
**860-442-2466**
**Fax: 860-447-9206**
**jparenteau@mppjustice.com**
**mwiktor@mppjustice.com**

## CERTIFICATION OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Claire Howard*
**Claire Howard**

4848-0716-2800, v. 1