# Exhibit D-2

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **SUSAN BYRNE,** | : | C.A. NO. 3:17-CV-01104 (VLB) |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
|     Defendant | : | DECEMBER 30, 2019 |
| | : | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED WITNESSES, WITH PLAINTIFF'S RESPONSES [1]

| Name | Defendant's Objection | Plaintiff's Response |
|---|---|---|
| Kate Stith | Defendant objects to Kate Stith testifying about matters of which she has no personal knowledge, including supervision of the Plaintiff, the Department's reaction to Plaintiff's alleged protected activity, and the Department's decision on tenure and promotion; or which are cumulative of testimony of other witnesses, such as Professors Adorno, Valis, and Gonzalez Echevarria.  FRE 402, 403, 602. | As discussed in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, beginning after the dissemination of the March 6, 2015 anonymous letter regarding sexual harassment allegations in the Department of Spanish and Portuguese, Professors Adorno and Valis regularly forwarded emails regarding supervision and oversight of Plaintiff to Professor Stith and frequently met with Professor Stith to discuss supervision and oversight of Plaintiff and her tenure application. Professor Stith possesses knowledge regarding Professor |

---

[1] To the extent that Defendants references objections which will be asserted in motions in limine, Plaintiff will address those objections in her response to Defendant's motions in limine.

1

|  |  | Adorno, Gonzalez Echevarria and Valis discussions regarding Plaintiff, which is relevant to retaliatory animus.  Furthermore, Professor Stith separately communicated to the University during the Climate Review and Title IX investigation on behalf of the aforementioned three professors, and as such possesses information distinct from the three professors regarding Plaintiff's claims. |
|---|---|---|
| Jamaal Thomas | Defendant objects to Jamaal Thomas testifying about matters of which he has no personal knowledge or about alleged protected activity as to which there is no evidence that the decisionmakers in the Department of Spanish and Portuguese were aware at the time of the tenure vote. FRE 402, 403.  Defendant also objects to evidence concerning the Climate Review Report and the Title IX complaint and proceedings.  *See* Motions in Limine; FRE 402, 403, 602, 801. | As one of two individuals who interviewed Professors Adorno, Gonzalez Echevarria and Valis for the Climate Review and who was also instructed to gather information for a possible Title IX investigation, Mr. Thomas possesses relevant information regarding both investigations.  Furthermore, Mr. Thomas has personal knowledge regarding all three professors' interviews during the Climate Review and communications with the professors regarding the Climate Review investigations – according to deposition testimony by Mr. Thomas the Climate Review |

| | | | interviews discussed Plaintiff. |
|---|---|---|---|
| Stephanie Spangler | **Defendant objects to Stephanie Spangler testifying about matters of which she has no personal knowledge or about alleged protected activity as to which there is no evidence that the decisionmakers in the Department of Spanish and Portuguese were aware at the time of the tenure vote. FRE 402, 403. Defendant also objects to evidence concerning the Climate Review Report and the Title IX complaint and proceedings.** *See* **Motions in Limine; FRE 402, 403, 602, 801.** | | **Dr. Spangler possesses relevant information regarding the Climate Review Report, as she testified that she was given an oral presentation regarding the Climate Review Report. Furthermore, Dr. Spangler conducted numerous interviews of individuals as part of a Title IX investigation into sexual harassment allegations against Professor Gonzalez Echevarria.** |
| Benjamin Polak | **Defendant objects to Benjamin Polak testifying about alleged protected activity as to which there is no evidence that the decisionmakers in the Department of Spanish and Portuguese were aware at the time of the tenure vote. FRE 402, 403. Defendant also objects to evidence concerning the Climate Review Report and the Title IX complaint and proceedings.** *See* **Motions in Limine.** | | **Documentary evidence and testimony has shown that Mr. Polak had communications with Professors Adorno, Gonzalez Echevarria and Valis regarding perceptions of protected activity and the three professors' retaliatory animus. Furthermore, Mr. Polak simultaneously oversaw the University Wide Committee investigation into Professor Gonzalez Echevarria, which included previous testimony by Plaintiff as well as Plaintiff's appeal of her tenure denial. As such, Mr. Polak possesses relevant information regarding Plaintiff's claims of retaliation and breach of contract.** |

| | | |
|---|---|---|
| William Connors | Defendant objects to William Connors testifying about matters of which he has no personal knowledge - including alleged protected activity, alleged retaliatory acts, and the Department's tenure denial decision - or about damages that are not recoverable or will not be heard by the jury. *See* Motions in Limine. Defendant also objects to the extent the proposed testimony of this witness about alleged damages would be cumulative or duplicative. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. FRE 402, 403, 602. | Defendant's objection is nonsensical as Plaintiff both communicated to Defendant and he will only testify regarding Plaintiff's emotional distress damages. Furthermore, given that Defendant never deposed Plaintiff's disclosed expert, Dr. Art Wright, who will be testifying regarding Plaintiff's damages, Defendant's objection that they were not able to explore this witnesses knowledge through a deposition is disingenuous. |
| Janet Byrne | Defendant objects to Janet Byrne testifying about matters of which she has no personal knowledge - including alleged protected activity, alleged retaliatory acts, and the Department's tenure denial decision - or about damages that will not be heard by the jury or that are not recoverable. *See* Motions in Limine. Defendant also objects to the extent the proposed testimony of this witness would be cumulative or duplicative. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore her alleged knowledge during discovery through deposition and/or document requests. FRE 402, 403, 602. | Defendant's objection is nonsensical as Plaintiff both communicated to Defendant and she will only testify regarding Plaintiff's emotional distress damages. Furthermore, given that Defendant never deposed Plaintiff's disclosed expert, Dr. Art Wright, who will be testifying regarding Plaintiff's damages, Defendant's objection that they were not able to explore this witnesses knowledge through a deposition is disingenuous. |
| Mary Buckley | Defendant objects to Mary Buckley testifying about matters of which she has no personal knowledge - including alleged protected activity, alleged retaliatory acts, and the Department's tenure denial decision - or about | Defendant's objection is nonsensical as Plaintiff both communicated to Defendant and she will only testify regarding Plaintiff's emotional |

| | | |
|---|---|---|
| | damages that will not be heard by the jury or that are not recoverable. *See* Motions in Limine. Defendant also objects to the extent the proposed testimony of this witness would be cumulative or duplicative. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore her alleged knowledge during discovery through deposition and/or document requests. FRE 402, 403, 602. | distress damages. Furthermore, given that Defendant never deposed Plaintiff's disclosed expert, Dr. Art Wright, who will be testifying regarding Plaintiff's damages, Defendant's objection that they were not able to explore this witnesses knowledge through a deposition is disingenuous. |
| Pat McDaniel | Defendant objects to Pat McDaniel testifying about matters of which she has no personal knowledge - including alleged protected activity, alleged retaliatory acts, and the Department's tenure denial decision - or about damages that will not be heard by the jury or that are not recoverable. *See* Motions in Limine. Defendant also objects to the extent the proposed testimony of this witness would be cumulative or duplicative. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore her alleged knowledge during discovery through deposition and/or document requests. FRE 402, 403, 602. | Defendant's objection is nonsensical as Plaintiff both communicated to Defendant and they will only testify regarding Plaintiff's emotional distress damages. Furthermore, given that Defendant never deposed Plaintiff's disclosed expert, Dr. Art Wright, who will be testifying regarding Plaintiff's damages, Defendant's objection that they were not able to explore this witnesses knowledge through a deposition is disingenuous. |
| Tom Byrne | Defendant objects to Tom Byrne testifying about matters of which he has no personal knowledge - including alleged protected activity, alleged retaliatory acts, and the Department's tenure denial decision - or about damages that will not be heard by the jury or that are not recoverable. *See* Motions in Limine. Defendant also objects to the extent the proposed testimony of this witness would be cumulative or duplicative. Finally, this | Defendant's objection is nonsensical as Plaintiff both communicated to Defendant and he will only testify regarding Plaintiff's emotional distress damages. Furthermore, given that Defendant never deposed Plaintiff's disclosed expert, Dr. Art Wright, who will be |

| | | |
|---|---|---|
| | witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. FRE 402, 403, 602. | testifying regarding Plaintiff's damages, Defendant's objection that they were not able to explore this witnesses knowledge through a deposition is disingenuous. |
| Kevin Poole | Defendant objects to Kevin Poole testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Moreover, this witness was not disclosed as having knowledge of Plaintiff's damages, and thus Defendant had no notice that he might testify on that topic. | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Paulo Moreira | Defendant objects to Paulo Moreira testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Moreover, this witness was not disclosed as having knowledge of Plaintiff's damages, and thus Defendant had no notice that he might testify on that topic. | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages |
| Frederick de Armas | Defendant objects to Frederick de Armas testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic |

| | | |
|---|---|---|
| | personal knowledge.  FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages.  FRE 701.  Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | who was a junior faculty member within the Department of Spanish and Portuguese.  This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Bruce Burningham | Defendant objects to Bruce Burningham testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge.  FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages.  FRE 701.  Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese.  This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Anne Cruz | Defendant objects to Anne Cruz testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge.  FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages.  FRE 701.  Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged | She will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese.  This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |

| | knowledge during discovery through deposition and/or document requests. | |
|---|---|---|
| Anthony Cascardi | Defendant objects to Anthony Cascardi testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Roger Folger | Defendant objects to Roger Folger testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Enrique Garcia Santo-Tomas | Defendant objects to Enrique Garcia Santo-Tomas testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on | He will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic |

|  | personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| --- | --- | --- |
| Mary Gaylord | Defendant objects to Mary Garylord testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests. | She will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |
| Patricia Grieve | Defendant objects to Patricia Grieve testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged | She will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages. |

| | | |
|---|---|---|
| | knowledge during discovery through deposition and/or document requests. | |
| Alison Weber | **Defendant objects to Allison Weber testifying to matters that will not be heard by the jury, call for speculation, relate to damages that are not recoverable, and/or are cumulative/duplicative or not based on personal knowledge. FRE 402, 403, 602. Defendant further objects to the extent Plaintiff intends to use this witness to present quasi-expert opinion regarding damages. FRE 701. Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 13, 2019, which was too late to permit Defendant to explore his alleged knowledge during discovery through deposition and/or document requests.** | **She will testify as to his opinion regarding the harm of tenure denial for a Spanish academic based on his perception as a Spanish academic who was a junior faculty member within the Department of Spanish and Portuguese. This testimony will aid the jury in determining the appropriate noneconomic compensatory damages.** |
| Victor Wang | **Defendant objects to Victor Wang, who was a reporter for the student newspaper, testifying to matters of which he has no personal knowledge and/or that are hearsay or irrelevant. FRE 402, 602, 801.** | **He will testify as to his personal knowledge regarding conversations held with Plaintiff as part of writing articles for Yale Daily News regarding sexual harassment complaints within the Department of Spanish and Portuguese. Therefore his testimony is not inadmissible hearsay or falls within an exception to the hearsay rule.** |
| Emma Platoff | **Defendant objects to Emma Platoff, who was a reporter for the student newspaper, testifying to matters of which she has no personal knowledge and/or that are hearsay or irrelevant. FRE 402, 602, 801.** | **She will testify as to his personal knowledge regarding conversations held with Plaintiff as part of writing articles for Yale Daily News regarding sexual harassment complaints within the Department of Spanish and Portuguese.** |

| | | Therefore his testimony is not inadmissible hearsay or falls within an exception to the hearsay rule. |
|---|---|---|
| **Dr. Arthur Wright (damages expert)** | **Defendant objects to Arthur Wright testifying about damages that will not be heard by the jury or are not recoverable. Defendant also objects to this proposed testimony on the ground that it is unduly speculative, uses an unsupported methodology, and assumes facts not in evidence. See Defendant's Motions in Limine.** | **Dr. Wright is an economist with over thirty years of experience. See Wright C.V. He has a Ph.D. in economics from Massachusetts Institute of Technology and is currently a Professor Economics, Emeritus, at the University of Connecticut. To form his expert report, Dr. Wright relied on uncontroverted pay records disclosed by Defendant and applied a methodology supported by courts within the Second Circuit. *Gulino v. Board of Education of the City School District of New York*, 2016 U.S. Dist. LEXIS 103132 at \*56-69 (S.D.N.Y. June 13, 2016)** |