# Exhibit D-5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SUSAN BYRNE,** | : | |
| Plaintiff | : | **Civil Action NO.** |
| | : | |
| **vs.** | : | **3:17-cv-01104-VLB** |
| | : | |
| **YALE UNIVERSITY** | : | |
| Defendant | : | **DECEMBER 23, 2019** |
| | : | |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to the Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant, the parties in the above-referenced matter propose the following jury instructions:

## REQUESTED INSTRUCTION NO. 1
## CLAIM OF RETALIATION FOR OPPOSING ALLEGED DISCRIMINATION

Pursuant to Title VII and the Connecticut Fair Employment Practices Act (CFEPA), it is unlawful for an employer to retaliate against an employee for opposing an unlawful employment practice. An employer has the absolute right, however subjective and unsound, to make employment decisions, so long as the employer's decision is not based on retaliatory reasons.

Professor Byrne alleges that Yale University violated the CFEPA and Title VII by retaliating against her for engaging in activity protected by those statutes. To prevail on her retaliation claims, Professor Byrne has the burden of proving the following four elements:

1.      She engaged in activity protected by the statutes;

2.      Yale University knew of the protected activity;

3.      Yale University subsequently took adverse employment action against her; and

4.      Yale University would not have taken the adverse employment action but for Professor Byrne's protected activity, that is, Professor Byrne must prove a causal link between the adverse employment action and the protected activity.

If you find that Professor Byrne has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find in favor of Yale and against her on this claim. I will now explain each of these elements.

### 1. Protected Activity

The first element Professor Byrne must prove to prevail on her retaliation claim is that she engaged in activity protected by the law. When an employee opposes an employment practice prohibited by law, we say that she has engaged in "protected activity." Protected activity includes making a formal complaint of discrimination to government agencies and internal complaints to the employer that are specific enough to make clear that the employee is complaining about conduct prohibited by law. A general allegation or complaint that does not refer or relate to alleged discrimination is not protected activity.

Professor Byrne claims that she engaged in protected activity in three ways: (a) when she provided testimony as part of a Climate Review of her department; (b) when she participated in a Title IX investigation; and (c) when she commented to a student reporter. Yale University denies that Professor Byrne engaged in any protected activity.

To prove that she engaged in protected activity when she commented about what she perceived as discrimination, Professor Byrne must prove: (1) that she had a good faith, objectively reasonable belief, whether accurate or not, that the conduct she was describing constituted discriminatory conduct prohibited by Title VII or CFEPA; and (2) that she communicated her opposition to the conduct to Yale University in a form that enabled it to understand that she was complaining about conduct prohibited by the statutes.

You should assess the reasonableness of Professor Byrne's belief that she engaged in protected activity in light of the totality of the circumstances

you find to be proven. Professor Byrne's belief was objectively reasonable if a reasonable person in the same circumstances would have believed that the activity she complained about was discriminatory. It is not enough for Professor Byrne to show that she reasonably believed in good faith that the activity was unethical, immoral or illegal under some other statute; Professor Byrne must prove the reasonableness of her belief that the activity she opposed was discriminatory. For purposes of her retaliation claim, Professor Byrne need not establish that the conduct she opposed actually constituted conduct prohibited by Title VII or CFEPA. Rather, it is sufficient for purposes of her claim if she proves she had a good faith, objectively reasonable belief that the underlying conduct violated Title VII or CFEPA.

## 2. Knowledge of Protected Activity

The parties agree that Yale University, as a corporation, had knowledge of Professor Byrne's alleged protected activity, which is sufficient to satisfy the knowledge prong of Professor Byrne's claim. Yale is not conceding, however, that the individuals in the Department of Spanish and Portuguese who voted on her tenure case had knowledge of the alleged protected activity, but that issue pertains to causation, which I will address in a moment.

## 3. Adverse Employment Action

Professor Byrne received a negative tenure vote in the Department of Spanish and Portuguese. There is no dispute under the law that this decision was an adverse employment action.

## 4. Causal Relationship

Professor Byrne also must prove the final element of this cause of action: that her protected activity was the <u>determinative</u> <u>cause</u> of the adverse employment action. At all times, Professor Byrne retains the ultimate burden of persuading you by a preponderance of the evidence that "*but for*" her expression of opposition to conduct she believed to be discriminatory, the Department of Spanish and Portuguese would have voted in favor of tenure for her. To meet this standard, Professor Byrne must show that Yale University's reasons for Professor Byrne's negative tenure vote in her Department were false, and that retaliation for her protected activity was the sole and only true reason. Evidence that specific decisionmakers responsible for the adverse action were not aware of Professor Byrne's protected activity is evidence of a lack of a causal connection.

If you find that Professor Byrne would have received a negative tenure vote in her Department even if she had not complained about alleged discrimination, you must enter a verdict for Yale University on Professor Byrne's retaliation claim. Even if you find that Professor Byrne made complaints about alleged discrimination and those complaints were a substantial element in the negative tenure vote in the Department of Spanish and Portuguese, you must still find for Yale University if you find that Professor Byrne would have received a negative vote in her Department even in the absence of her complaints.

<u>Sources:</u>    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 171.25 (5th ed. 2001);
42 U.S.C. § 2000e-3;
<u>Univ. of Texas Southwestern Med. Ctr. v. Nassar</u>, 570 U.S. 338 (2013) (finding "but for" causation applicable to claims of retaliation under Title VII and similarly worded statutes);

<u>Rojas v. Roman Catholic Diocese of Rochester</u>, 660 F.3d 98, 108 (2d Cir. 2011) (employer could not have reasonably understood plaintiff's "generalized" complaints as directed at conduct prohibited by Title VII);

<u>Hicks v. Baines,</u> 593 F. 3d 159, 164 (2d Cir. 2010) ("All of plaintiffs' retaliation claims are analyzed pursuant to Title VII principles.");

<u>Gordon v. New York City Bd. of Educ.</u>, 232 F.3d 111, 117 (2d Cir. 2000) ("The lack of knowledge on the part of particular *individual agents* is admissible as some evidence of a lack of a causal connection.");

<u>Falcon v. State of Conn. Judicial Branch</u>, No. 3:16-cv-549(AWT), 2018 U.S. Dist. LEXIS 196230, at *25-26 (D. Conn. Sept. 25, 2018) (describing the elements of a Title VII retaliation claim as including but-for causation and noting that the elements of a retaliation claim are identical under CFEPA and Title VII);

<u>Saliga v. Chemtura Corp.</u>, No. 12-cv-832, 2015 U.S. Dist. LEXIS 133135, at *44-45 (D. Conn. Sept. 30, 2015) ("Complaints presenting general allegations of harassment unrelated to protected class are not protected activity under Title VII, Section 1981, or CFEPA.");

<u>Rajaravivarma v. Bd. of Trs. for the Conn. State Univ. Sys.</u>, 862 F. Supp. 2d 127, 148, 166 (D. Conn. 2012);

<u>Gray v. City of N.Y.</u>, No. 08-CV-2840 (NGG) (JMA), 2011 U.S. Dist. LEXIS 142427, at *41-42 (E.D.N.Y. Dec. 12, 2011) (finding decision-maker could not have retaliated against plaintiff where there is no evidence that the decision-maker had knowledge of plaintiff's complaint);

<u>Bazile v. City of N.Y.</u>, 215 F. Supp. 2d 354, 384-85 (S.D.N.Y. 2002);

<u>Negussey v. Syracuse Univ.</u>, 95-CV-1827, 1997 U.S. Dist. LEXIS 3853, at *38 (N.D.N.Y. Mar. 24, 1997) ("a plaintiff may not predicate a retaliation claim on acts that predate the protected activity").

## <u>REQUESTED INSTRUCTION NO. 2</u>
## <u>YALE'S GOOD FAITH BELIEF IS ALL THAT IS REQUIRED</u>

In your consideration of Professor Byrne's retaliation claim, you are instructed that Yale University's reasons for the adverse departmental vote on her tenure case cannot be considered pretext so long as Yale University had a reasonable, honest belief that the facts upon which it based its decisions were true. Professor Byrne's perception of her scholarship and her subjective belief that she was retaliated against are not important to your determination. Therefore, if you conclude that Yale University honestly believed that the facts upon which it based its employment decisions were true, you must return a verdict in Yale University's favor on the retaliation claim.

<u>Sources:</u>   <u>Combs v. Meadowcraft, Inc.</u>, 106 F. 3d 1519, 1543 (11th Cir. 1997) (disagreement regarding the wisdom of an employer's business decision does not, without more, create a basis to disbelieve an employer's explanation regarding that decision);
<u>Schuler v. Chronicle Broadcasting Co.</u>, 793 F.2d 1010, 1011 (9th Cir. 1986) (Plaintiff's subjective personal judgments regarding her own competence are insufficient as a matter of law to establish employer's legitimate non-discriminatory reason -- her relative competence compared to more qualified employee retained -- was a pretext);
<u>Marini v. Costco Wholesale Corp.</u>, 64 F. Supp. 3d 317, 334 (D. Conn. 2014).
<u>Aguliaro v. Brooks Brothers, Inc.</u>, 927 F. Supp. 741, 747 (S.D.N.Y. 1996).

## REQUESTED INSTRUCTION NO. 3
## PROFESSOR BYRNE'S SUBJECTIVE BELIEF

Professor Byrne's personal, subjective belief that she was retaliated against is not sufficient to meet her burden of proof. It is not enough for Professor Byrne to show her subjective belief, feelings, suspicions or speculation that the reasons stated for the adverse departmental vote were not genuine. The burden in this case is always on Professor Byrne to prove by a preponderance of the evidence that Yale University intentionally retaliated against her. If Professor Byrne fails to meet her burden, you must find for Yale University.


Sources:    St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993);
Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981);
Kalola v. IBM, No. 13 Civ. 7339 (VB) (LMS), 2017 U.S. Dist. LEXIS 29945, at *41-42 (S.D.N.Y. Feb. 28, 2017) (finding "Plaintiff's subjective belief" insufficient to establish pretext in the context of a retaliation claim);
Morser v. AT&T Information Systems, 703 F. Supp. 1072, 1083 (S.D.N.Y 1989) ("[Plaintiff's] own belief that he was qualified . . . 'carries little weight.'").

<u>**REQUESTED INSTRUCTION NO. 4**</u>
<u>**ACADEMIC FREEDOM**</u>

If you find that Yale University determined that Professor Byrne's scholarship did not meet Yale's high standards for tenure, then you must defer to the University's academic judgment underlying the departmental vote and find in favor of Yale University on the retaliation claim.

Yale University's academic judgment is not on trial in this action. Under the First Amendment, educational institutions, such as Yale University, have the freedom to make their own academic judgments about education and scholarship. It is not enough for Professor Byrne merely to establish a dispute or disagreement about her scholarship. Determinations about teaching ability, scholarship, and professional stature are professional academic judgments about which reasonable people can disagree. And they often deal with matters that require special knowledge to understand. Such judgments cannot be second-guessed, unless they are proven by a preponderance of the evidence to be a pretext for forbidden considerations, such as intentional retaliation.

<u>Sources:</u>    <u>Lieberman v. Gant</u>, 630 F.2d 60, 67 (2d Cir. 1980);
<u>Bickerstaff v. Vassar College</u>, 196 F.3d 435 (2d Cir. 1999);
<u>Regents of Univ. of Cal. v. Bakke</u>, 438 U.S. 265, 312 (1978);
<u>Zahorik v. Cornell Univ.</u>, 729 F.2d 85, 93-94 (2d Cir. 1984);
<u>Rajaravivarma v. Bd. of Trs. for the Conn. State Univ. Sys.</u>, 862 F. Supp. 2d 127, 166 (D. Conn. 2012);
<u>Craine v. Trinity College</u>, 259 Conn. 625 (2002).

## NEGLIGENT MISREPRESENTATION

Professor Byrne claims that Yale University made negligent misrepresentations by communicating to her, through its employees, that: she would receive a fair tenure review; things were going well at that time; there would not be negative effects for her involvement in the climate review and Title IX investigation; and, the Dean allegedly had the power to require recusal from tenure review.

In order to prevail on her claim of negligent misrepresentation, Professor Byrne must prove by a preponderance of the evidence each of the following three elements. First, Professor Byrne must prove that Yale University made a statement or statements that were untrue. Second, Professor Byrne must prove that Yale University knew or should have known that the statements were untrue at the time they were made. Third, Professor Byrne must prove that she reasonably relied upon the false statements to her detriment.

Yale University denies that Professor Byrne justifiably relied on the statement that things were going well at that specific point in time and asserts that the other alleged misrepresentations were in fact truthful statements.

The first element requires that Professor Byrne prove that Yale University supplied _false_ information to her regarding an existing fact. Statements of opinion are not actionable.

The second element of this claim requires that Professor Byrne prove that Yale University failed to exercise reasonable care or competence in communicating this information. A party may be under a duty to exercise

reasonable care to disclose to another party facts that are basic to their relationship when and if it knows that the other party is mistaken about such a fact. Reasonable care is also sometimes referred to as due care. Due care is that amount of care that a reasonably prudent person would take under certain circumstances.

Lastly, this claim also requires that Professor Byrne prove that she justifiably relied on the false information to her detriment. This requires that Professor Byrne prove that the false statement was material, and that Professor Byrne actually relied on the false statement to her detriment. In order to prove that she actually relied on the false statement, Professor Byrne must prove that she acted or failed to act in some manner at least in part because of some misinformation provided by Yale University and that as a result she has suffered harm.

In order to find for Professor Byrne under this count, you must find for Professor Byrne on all three elements by a preponderance of the evidence. If you do not find for Professor Byrne on each and every element, then you must find for Yale University on this count. Again, I remind you that the wisdom of Yale University's decision to deny Professor Byrne tenure is an academic decision that is not before you and must not be second-guessed by you.

**Sources:**    **Yurevich v. Sikorsky Aircraft Div.**, 51 F. Supp. 2d 144, 152 (D. Conn. 1999);
**Foy v. Pratt & Whitney Group**, 127 F.3d 229, 233 (2d Cir. 1997);
**Glazer v. Dress Barn, Inc.**, 274 Conn. 33, 72-79 (2005);
**D'Ulisse-Cupo v. Board of Dirs. of Notre Dame High Sch.**, 202 Conn. 206, 218-21 (1987);
**Restatement (Second) of Torts** § 552 (1977).

## REQUESTED INSTRUCTION NO. 6
## BREACH OF CONTRACT

Professor Byrne claims that Yale University breached a contract with her by violating the tenure review and recusal procedures of the Faculty Handbook. In order to recover on her breach of contract claim, Professor Byrne must prove:

1) she had a contract with Yale University;

2) Yale University failed to perform its obligations under the contract (i.e., that Yale University breached the contract); and

3) as a result, Professor Byrne sustained damages.

**Source:**  **Fishman v. Smartserv Online**, No. X05CV0172810S, 2003 Conn. Super. LEXIS 338, at *23-26 (Super. Ct. Feb. 11, 2003).

## REQUESTED INSTRUCTION NO. 7
## CONTRACTS ARE NOT MADE IN COURT

It is not your function to remake the contract or to change the terms of the contract. You must determine the intent of the parties from the contract the parties themselves made and apply the terms of that contract that the parties in fact made.

**Sources:** **Bank of Boston Connecticut v. Schlesinger**, 220 Conn. 152, 158 (1991); **Barnard v. Barnard**, 214 Conn. 99, 109-10 (1990).

In order to prove a breach of contract, Professor Byrne must show that Yale University committed a "material breach." A material breach is a breach that affects the fundamental purpose of the contract and destroys the entire purpose for entering into the contract. A failure to perform some minor part of a contractual duty is not a material breach. Whether the breach was material is a question of fact for you to decide.

Here, Professor Byrne alleges the purpose of the contract was to ensure that Yale University would grant or deny Professor Byrne tenure based on a fair application of Yale's tenure standard. Professor Byrne claims that there were deviations from the tenure process, which constitute a material breach of contract, such as that she was not told that she could identify external reviewers whom she believed would unfairly assess her work. Yale University denies that there was any breach of contract and, to the extent that there was any minor deviation from the tenure process, those actions were merely <u>incidental</u> to the purpose of the contract and do not constitute a <u>material</u> breach of the contract.

In determining whether any breach in this case was material, you should consider all of the circumstances, including:

(1) the extent to which the alleged deviation from established process deprived Professor Byrne of a benefit she reasonably expected;

(2) the extent to which Professor Byrne can be adequately compensated for the alleged deviation from established process;

(3) the extent to which Yale University will suffer forfeiture;

(4) the likelihood that Yale University will fix its failure, taking into account all the circumstances, including any reasonable assurances; and

(5) the extent to which Yale University acted in accordance with the standards of good faith and fair dealing.

If you find that Yale University did not materially breach a contract with Professor Byrne, then you must enter a verdict for Yale University on this count. If you find that Yale University materially breached the contract, then you must determine whether Professor Byrne was injured by such breach and, if so, the amount of damages to be awarded.

**Source:** **Fishman v. Smartserv Online**, No. X05CV0172810S, 2003 Conn. Super. LEXIS 338, at *23-26 (Super. Ct. Feb. 11, 2003); **Restatement (Second) of Contracts** § 241 (1981).

<u>**REQUESTED INSTRUCTION NO. 9**</u>
<u>**DAMAGES - BREACH OF CONTRACT CLAIM**</u>

A required element of the breach of contract claim is that Professor Byrne prove that she incurred actual damages as a result of Yale University's alleged breach, as well as prove the amount of those damages.

Professor Byrne must specifically prove that:

1. The damages were reasonably foreseeable by Yale University at the time they entered into the alleged contract;

2. The damages were sustained as a direct result of Yale University's breach of the alleged contract; and

3. The damages can be calculated with reasonable certainty. The damages must not be too speculative or remote and there must be evidence allowing for objective ascertainment of the amount of damages.

If you find that Professor Byrne has not proven one or more of these three elements of her damages claim, then you must enter a verdict for Yale University on this count. If you find that Professor Byrne has proven damages arising from a material breach of contract, then you must determine the amount of damages to be awarded in accordance with the instructions provided next, bearing in mind that an award of damages for a breach of contract is intended to place the injured party in the position it would have been in had the contract been performed.

<u>Sources:</u>    <u>E. Point Sys. v. Steven Maxim, S2K, Inc.</u>, No. 3:13-cv-00215 (VAB), 2016 U.S. Dist. LEXIS 36613, at \*30 (D. Conn. Mar. 22, 2016); <u>Frillici v. Westport</u>, 264 Conn. 266, 283 (2003);

**Meadowbrook Ctr., Inc. v. Buchman**, 149 Conn. App. 177, 186-87, 189 (2014);

**CAS Construction Co. v. Town of E. Hartford**, 82 Conn. App. 543, 556 (2004);

**W. Haven Sound Dev. Corp. v. W. Haven**, 201 Conn. 305, 320 (1986).

## REQUESTED INSTRUCTION NO. 10
## CHARGES ON DAMAGES GENERALLY - COURT EXPRESSES NO OPINION

I will next instruct you regarding the law of damages available for the claims raised in this case. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

If you find for Professor Byrne on her claims against Yale University then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for all loss resulting from the injuries Professor Byrne sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Professor Byrne from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that Professor Byrne has not proven her case by a preponderance of the evidence, you must find for Yale University. If you find for Yale University, you must not consider the instructions I give on damages.

**Source**:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 106.02 (5th ed. 2001) (modified).

## REQUESTED INSTRUCTION NO. 11
## SPECULATIVE DAMAGES

In awarding damages, you may not speculate on damages. It is only actual damages that the law speaks of. The amount of your verdict must be based upon the evidence presented. You are not to award Professor Byrne speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.

**Sources:** O'Malley, Grenig & Lee, **Federal Jury Practice and Instructions** § 171.90 (5th ed. 2001) (modified);
Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978) ("[A]n award of damages must be supported by competent evidence concerning the injury.");
Meadowbrook Ctr., Inc. v. Buchman, 149 Conn. App. 177, 191-93 (2014) ("Under Connecticut law, damages may not be predicated on a contingency.").

If you determine Yale University retaliated against Professor Byrne or made negligent misrepresentations, then you must determine the amount of damages Yale University's conduct caused Professor Byrne. The only damages that you may award, if proven, are damages related to Professor Byrne's alleged emotional upset or loss of reputation caused by the retaliation or the negligent misrepresentation.

In this regard, you must determine an amount that is fair compensation for Professor Byrne's damages, and I instruct you that you may not award any other types of damages, including for any wages or other matters.

I cannot give you a yardstick by which to measure the dollar value, if any, of damages. There is no exact standard for fixing the compensation to be awarded for this type of alleged damages. You have heard the evidence, and you will have to determine, based on your common sense and experience, that amount of money, if any, that will fairly and reasonably compensate her for the damages you find she has proven as a consequence of illegal retaliation or negligent misrepresentation. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. Computing damages may be difficult, but you must not

let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Professor Byrne prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances reasonably permit.

**Sources:** O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 171.90 (5th ed. 2001) (modified);
42 U.S.C. § 1981a;
<u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005) (confirming lost wages award is an equitable remedy).

<u>**REQUESTED INSTRUCTION NO. 13**</u>
<u>**PROOF OF EMOTIONAL DISTRESS DAMAGES**</u>

Professor Byrne has alleged that, as a result of Yale University's conduct, she has suffered emotional distress, loss of enjoyment of life, and harm to reputation. Professor Byrne has the burden of proving any compensatory damages by a preponderance of the evidence.

If you determine that Professor Byrne has not proven by a preponderance of the evidence that she experienced any emotional distress, loss of enjoyment of life, or harm to reputation as a result of any action on the part of Yale University, then you should not award Professor Byrne any such compensatory damages.

<u>**Sources:**</u>      <u>ABA Model Jury Instructions</u>, Employment Litigation, 1.07[3];
Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>
§§ 104.05, 104.06, 104A.11 (1987 & Supp. 1993);
<u>Carey v. Piphus</u>, 435 U.S. 247, 264 n.20 (1978);
<u>Patramale v. Local No. 17</u>, 847 F.2d 1009 (2d Cir. 1988);
<u>Stolberg v. Members of Bd. of Trustees for State Colleges of Conn.</u>,
474 F.2d 485, 489 (2d Cir. 1973);
<u>Evanauskas v. Strumpf</u>, No. 3-00-CV-1106 (JCH), 2001 U.S. Dist. LEXIS
14326, at *15 (D. Conn. June 27, 2001).

## REQUESTED INSTRUCTION NO. 14
## DAMAGES – PROFESSOR BYRNE CANNOT RECOVER MORE
## THAN ONCE FOR THE SAME LOSS

Professor Byrne cannot recover more than once for the same loss, even if she prevails on more than one of her claims. You are not permitted to award Professor Byrne a double recovery for a single loss. If two separate claims result in a damages award to compensate Professor Byrne for a particular injury, only one award can be made.

Source: Rowe v. Goulet, 89 Conn. App. 836, 848-49 (2005).

<u>REQUESTED INSTRUCTION NO. 15</u>
<u>PUNITIVE DAMAGES</u>

In addition to the claims for damages already mentioned, if, and only if, you find for Professor Byrne on the question of the liability against Yale University for retaliation that allows you, but does not require you, to award punitive damages under federal law. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of retaliatory acts by its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful retaliation in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Professor Byrne on her retaliation claims under Title VII, and then further find from a preponderance of the evidence:

First: that Yale University acted with malice or reckless indifference to Professor Byrne's federally protected rights; and

Second: that Yale University did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such retaliation.

Professor Byrne must prove that the actions of Yale University that proximately caused actual damage to Professor Byrne were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Professor Byrne.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to Professor Byrne's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates Professor Byrne's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that Yale University's acts, which proximately caused actual damage to Professor Byrne, were outrageously, maliciously, oppressively or wantonly done. You should also bear in mind not only the conditions under which the law permits an award of punitive damages, but also the requirement of law that the amount of such

extraordinary damages, if awarded, must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that Yale University's conduct was purposeful, or the damages will be found to be excessive. If you award punitive damages, they must be separately stated in your verdict.

**Sources:**    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 171.94 (5th ed. 2001) (modified);
<u>Kolstad v. American Dental Association</u>, 527 U.S. 526 (1999);
<u>Tepperwien v. Entergy Nuclear Operations</u>, 663 F.3d 556 (2d Cir. 2011) ("Punitive damages are available under Title VII where an employer . . . retaliates against an employee with 'malice' or 'reckless indifference' to the employee's federally protected rights.");
<u>Smith v. Lightning Bolt Prods.</u>, 861 F.2d 363, 373 (2d Cir. 1988);
<u>Zarcone v. Perry</u>, 572 F.2d 52, 56 (2d Cir. 1978);
42 U.S.C. § 1981a.

## REQUESTED INSTRUCTION NO. 16
## NOMINAL DAMAGES

If you find in favor of Professor Byrne, but you find that her damages have no monetary value, then you must return a verdict for Professor Byrne in the amount of one dollar.

**Sources**:     O'Malley, Grenig & Lee, **Federal Jury Practice and Instructions** § 171.92 (5th ed. 2001).