# Exhibit D-7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>    Plaintiff | : | Civil Action No. |
| vs. | : | 3:17-cv-01104-VLB |
| YALE UNIVERSITY<br>    Defendant | : | DECEMBER *, 2019 |

## PROPOSED VERDICT FORM

We the jury, unanimously answer the questions submitted to us as follows:

### CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT: RETALIATION

---

**QUESTION NO. 1:** Has Plaintiff established by a preponderance of the evidence that she engaged in protected activity under CFEPA, and if so, that Yale University was aware of her doing so at the time it made the decision in dispute in this case (i.e., the decision to deny Plaintiff tenure)?

Yes_____    No_____

*If you answered Yes, proceed to Question No. 2. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

---

**QUESTION NO. 2:** Has Plaintiff established by a preponderance of the evidence that Yale University would not have taken the adverse employment action **but for** Plaintiff's alleged protected activity?

Yes_____    No_____

*If you answered Yes, conclude your deliberations and enter a finding for Plaintiff as to this claim. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

---

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to Question No. 1 and its inclusion of compound questions. *See Lore v. City of Syracuse*, 670 F.3d 127, 160 (2d Cir. 2012) ("the posing of compound questions is inappropriate because it normally will cause the jury's answers to be ambiguous").

Plaintiff objects to Question No. 2 as it states the incorrect legal standard for a CFEPA retaliation claim. *See Vogel v. CA, Inc.*, 2015 U.S. Dist. LEXIS 157068, at *9 (D. Conn. Nov. 20, 2015) (internal citations removed) ("[t]he Connecticut Supreme Court has not been determined whether Nassar affects the causation standard of claims under the CFEPA, and federal courts in this district have not agreed upon a resolution of their own … This Court, however, has held that it will apply the lower standard applicable under Connecticut law prior to Nassar."). *See generally* Plaintiff's Proposed Jury Instructions.

Plaintiff objects to the CFEPA instructions to the extent they do not include apportionment of damages.

## TITLE VII: RETALIATION

**QUESTION NO. 1:** Has Plaintiff established by a preponderance of the evidence that she engaged in protected activity under Title VII, and if so, that Yale was aware of her doing so at the time it made the decision in dispute in this case (i.e., the decision to deny Plaintiff tenure)?

Yes_____  No_____

*If you answered Yes, proceed to Question No. 2. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

**QUESTION NO. 2:** Has Plaintiff established by a preponderance of the evidence that Yale University would not have taken the adverse employment action <u>but for</u> Plaintiff's alleged protected activity?

Yes_____  No_____

*If you answered Yes, conclude your deliberations and enter a finding for Plaintiff as to this claim. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

### PLAINTIFF'S OBJECTIONS

Plaintiff objects to Question No. 1 and its inclusion of compound questions. *See Lore v. City of Syracuse*, 670 F.3d 127, 160 (2d Cir. 2012) ("the posing of compound questions is inappropriate because it normally will cause the jury's answers to be ambiguous").

Plaintiff objects to the Title VII instructions to the extent they do not include apportionment of damages.

## NEGLIGENT MISREPRESENTATION

**QUESTION NO. 1: Has Plaintiff established by a preponderance of the evidence that Defendant made a statement or statements of fact (not opinion) that were false?**

Yes_____    No_____

*If you answered Yes, proceed to Question No. 2. If you answered No, conclude your deliberations and entering a finding for Defendant as to this claim.*

---

**QUESTION NO. 2: Has Plaintiff established by a preponderance of the evidence Defendant knew or should have known that the statements were false at the time they were made?**

Yes_____    No_____

*If you answered Yes, proceed to Question No. 3. If you answered No, conclude your deliberations and entering a finding for Defendants as to this claim.*

---

**QUESTION NO. 3: Has Plaintiff established by a preponderance of the evidence that she relied upon the false statements to her detriment?**

Yes_____    No_____

*If you answered Yes, proceed to Question No. 4. If you answered No, conclude your deliberations and entering a finding for Defendants as to this claim.*

---

**QUESTION NO. 4: Has Plaintiff established by a preponderance of the evidence that her reliance upon any false statements was reasonable in light of all the evidence presented at trial?**

Yes_____    No_____

*If you answered Yes, conclude your deliberations and enter a finding for Plaintiff as to this claim. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

---

### PLAINTIFF'S OBJECTIONS

**Plaintiff objects to the instructions to the extent they misstate the required elements for a Negligent Misrepresentation claim. Plaintiff objects to the inclusion of the phrase "not opinion" in Question 1. Plaintiff also objects to the inclusion of the phrase "at the time they were made" in Question 2 - there is no requirement that Defendant knew at the time of making the statements that they were false.** *See Nazami v. Patrons Mutual*

*Ins. Co*., 280 Conn. 619, 626 (2006). Plaintiff also objects to the instruction for Question No. 3 that Plaintiff must establish that "she relied upon the false statements to her detriment" - the appropriate standard is whether plaintiff reasonably relied on the misrepresentation. *See Id*. Plaintiff further objects to the instruction for Question No. 4 as the instruction is incorrect - the last element to establish a negligent misrepresentation claim is whether the plaintiff suffered pecuniary harm as a result of the misrepresentation. *See Id*. *See also Sturm v. Harb Development, LLC*, 298 Conn. 124, 143-44 (2010).

**Plaintiff objects to the instructions to the extent they do not include apportionment of damages.**

## BREACH OF CONTRACT

**QUESTION NO. 1:** Has Plaintiff established by a preponderance of the evidence that she had a contract with Defendant?

Yes_____        No_____

*If you answered Yes, proceed to Question No. 2. If you answered No, conclude your deliberations and entering a finding for Defendants as to this claim.*

**QUESTION NO. 2:** Has Plaintiff established that Defendant Yale University breached a material term of that contract?

Yes_____        No_____

*If you answered Yes, proceed to Question No. 3. If you answered No, conclude your deliberations and entering a finding for Defendants as to this claim.*

**QUESTION NO. 3:** Has Plaintiff established that she suffered damages as a direct result of Defendant's alleged breach, and that such damages are not speculative but rather objectively ascertainable?

Yes_____        No_____

*If you answered Yes, conclude your deliberations and enter a finding for Plaintiff as to this claim. If you answered No, conclude your deliberations and enter a finding for Defendant as to this claim.*

### PLAINTIFF'S OBJECTIONS

**Plaintiff objects to Question No. 2 as it instructs the jury on an inaccurate standard. According to Connecticut Judicial Branch's Jury Instructions, the second element of a breach of contract claim is simply whether "the defendant failed to perform[its]**

> obligations under the agreement." Connecticut Jury Instructions 4.1-15 Breach of Contract. Plaintiff objects to Question No. 3 as it also states an incorrect standard. The third element of a breach of contract claim is whether plaintiff sustained damages. *Id*. Furthermore, Plaintiff objects to Question No. 3 and its inclusion of compound questions. *See Lore v. City of Syracuse*, 670 F.3d 127, 160 (2d Cir. 2012) ("the posing of compound questions is inappropriate because it normally will cause the jury's answers to be ambiguous").

*Have the foreperson sign and date this verdict form.*

Signed: _____
                            Foreperson

Dated: _____
                            Date

> **PLAINTIFF'S OBJECTIONS**
>
> Plaintiff objects to the utter lack of inclusion of questions regarding damages. Plaintiff has claimed economic damages, noneconomic compensatory damages, punitive damages and interest. *See* Plaintiff's Proposed Jury Instructions.