# Exhibit D-8

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>Plaintiff | :<br>:<br>: | |
| v. | :<br>: | CIVIL CASE NO.:<br>3:17-cv-01104 (VLB) |
| YALE UNIVERSITY,<br>Defendant | :<br>:<br>:<br>: | DECEMBER 30, 2019 |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED WAGE-RELATED LOSSES OR ANY REQUESTED EQUITABLE RELIEF

Defendant Yale University ("Yale") hereby moves in limine to exclude evidence of any alleged wage-related losses or any other requested equitable relief, for two reasons. First, such issues are reserved for consideration by the Court post-trial, if necessary following the jury's verdict. Here, it appears from Plaintiff's proposed witness and exhibit lists that Plaintiff intends to adduce evidence at trial of her alleged wage-related losses from the time she left Yale (at the end of the 2015-2016 academic year) to the present. Governing case law holds, however, that this such relief is equitable in nature and must be considered, if at all, by the court post-trial and not by the jury.

Second, there is no factual predicate for Plaintiff to request wage losses for 2016-2017, given that she voluntarily requested to leave Yale that year even though her contract extended through that academic year. Accordingly, any evidence related to her alleged wage losses in 2016-2017 should be excluded.

I.   Relevant Background

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

II.   Alleged Back Pay Damages

Plaintiff's Trial Proposed Witness and Exhibit Lists suggest that she intends to offer evidence at trial relating to her alleged lost wages from the end of the 2015-2016 academic year through the present, and beyond.

Any calculation of back pay or front pay damages should be made by the District Court and not by the jury. As explained by the Second Circuit, "[b]ecause a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question." Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005) (citing Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 157 (2d Cir. 2001)). The Second Circuit further held that only when the defendant fails to object to sending the lost wages issue to the jury should the District Court submit the lost wages issue for a jury determination. Broadnax, 415 F.3d at 272.

Courts in this district have applied Broadnax to CFEPA claims like those at issue in this case. See, e.g., Vale v. City of New Haven, No. 3:11-cv-00632 (JAM), 2017 U.S. Dist. LEXIS 54818, at *1-3 (D. Conn. Apr. 11, 2017); Vera v. Alstom Power, Inc., 189 F. Supp. 3d 360, 367-68 (D. Conn. 2016). In Vale, this District Court held that the court, and not the jury, should determine any back pay owed on two state law claims, as back pay is an equitable remedy for which there is no right to a jury

2

determination under federal law. Id. at *3.  The court relied on a Supreme Court decision holding that "the right to a jury trial in the federal courts is to be determined as a matter of federal law" and that "characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." Simler v. Conner, 372 U.S. 221, 222 (1963).  Similarly, in Vera, the Court determined back pay damages with respect to Title VII and CFEPA retaliation claims, rather than the jury. 189 F. Supp. 3d at 367-68.  Accordingly, this Court should treat Plaintiff's lost wage claims under CFEPA as claims for equitable relief, akin to Title VII claims.

Here, Yale specifically objects to sending any back pay or front pay issue to the jury.[1]  Moreover, because Plaintiff is specifically seeking to have the jury charged on back pay and front pay/reinstatement, Yale requests that the Court grant this motion and hold that such issues shall be determined, if necessary at all, by the District Court.

III. Conclusion

For all these reasons, Defendant Yale University respectfully moves to exclude evidence of alleged back pay and front pay (including instatement to a tenure position) from the jury.

---

[1] Yale also objects to the Court or the jury considering Plaintiff's request for installation as a tenured professor at Yale, and this objection is the subject of Yale's separate Motion in Limine regarding (re)instatement.

3

|  | DEFENDANT,<br>YALE UNIVERSITY |
|---|---|
| By: | */s/ David C. Salazar-Austin*<br>**David C. Salazar-Austin (ct25546)**<br>**Victoria Woodin Chavey (ct14242)**<br>**Jackson Lewis PC**<br>**90 State House Square, 8th Floor**<br>**Hartford, CT 06103**<br>**david.salazar-austin@jacksonlewis.com**<br>**victoria.chavey@jacksonlewis.com**<br>**Tel.: (860) 522-0404**<br>**Fax: (860) 247-1330** |

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          */s/ David C. Salazar-Austin*
                                          David C. Salazar-Austin