# Exhibit D-10

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE, | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:17-cv-01104 (VLB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| Defendant | : | DECEMBER 30, 2019 |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO A POTENTIAL CLAIM FOR PUNITIVE DAMAGES

Defendant Yale University ("Yale") hereby moves in limine to exclude evidence related to a potential claim for punitive damages.

### I.     Relevant Background

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

### II.     Punitive Damages

Plaintiff's Proposed Jury Charge indicate she intends to ask the jury to award punitive damages.  See, e.g., Plaintiff's Proposed Jury Charge.  First, punitive damages are not available under the Connecticut Fair Employment Practices Act. Vera v. Alstom Power, Inc., 189 F. Supp. 3d 360, 382 (D. Conn. 2016) ("[P]unitive damages are not available under CFEPA.").  Although CFEPA was amended effective October 1, 2019 expressly to permit punitive damages, that amendment is not retroactive.

Conn. Gen. Stat. §§ 1-1(u) and 55-3 create a presumption against the retroactivity of newly enacted legislation, which applies absent contrary legislative intent. Estate of Brooks v. Comm'r of Revenue Servs., 325 Conn. 705, 720 n.15 (2017); Gil v. Courthouse One, 239 Conn. 676, 687-89 (1997). These statutes respectively state that "[t]he passage or repeal of an act shall not affect any action then pending" and "[n]o provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." Conn. Gen. Stat. §§ 1-1(u) and 55-3. The rule of construction embodied in these statutes is applicable to this pending litigation, as there is no express legislative intent to retroactively apply the October 2019 amendment. Compare Conn. Gen. Stat. 46a-104, *and* 2019 Conn. Pub. Act 19-16, *with* Gil, 239 Conn. at 687, 689 (finding legislature clearly expressed retroactive intent where 1991 amendment states it applies to "all employees injured 'on or after October 1, 1969'").

Second, the issue of punitive damages under Title VII should be bifurcated. Plaintiff should be precluded from introducing evidence related to Yale's earnings or other financial information because the potential probative value, if any, of such evidence during the liability phase is far outweighed by the danger of unfair prejudice to Yale. Rule 403 of the Federal Rules of Evidence provides that even otherwise relevant evidence may be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Moreover, Rule 42(b) of the Federal Rules of Civil Procedure permits bifurcation of issues "to avoid prejudice." The Second Circuit has held that it would "often be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages. . ." <u>Smith v. Lightning Bolt Prods.</u>, 861 F.2d 363, 373-74 (2d Cir. N.Y. 1988); *see also* <u>Vasbinder v. Ambach</u>, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); <u>Tillery v. Lynn</u>, 607 F. Supp. 399, 403 (S.D.N.Y. 1985) ("New York courts have recognized [that a] 'defendant's wealth should not be a weapon to be used by plaintiff . . . ." (quoting <u>Rupert v. Sellers</u>, 368 N.Y.S. 2d 904, 912 (4th Dep't 1975))). Bifurcation is an accepted means of addressing this potential prejudice: it is appropriate to accommodate a plaintiff's interest in submitting evidence regarding a defendant's financial condition by "delay[ing] trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all." <u>Smith</u>, 861 F.2d at 374. If the jury finds in favor of the plaintiff on all of these issues, the parties should then be allowed to present evidence so that a jury could consider an award of punitive damages. <u>Id.</u>

Courts in the Second Circuit have permitted such bifurcation. <u>See, e.g.</u>, <u>Ejchorszt v. Daigle</u>, No. 3: 02-CV-01350 (CFD), 2009 U.S. Dist. LEXIS 50327, at *2 (D. Conn. June 16, 2019) (granting motion to bifurcate trial as to punitive damages "for

judicial economy and to avoid prejudice to [defendant] by forcing him to litigate his financial condition during the trial"); <u>Jackson v. City of White Plains</u>, No. 05-cv-0491 (NSR), 2016 U.S. Dist. LEXIS 6469, at \*10 (S.D.N.Y. Jan. 19, 2016) (granting bifurcation of punitive damages portion of trial and noting that "[c]ourts in this district have granted such requests"); <u>Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.</u>, 288 F.R.D. 335, 339 (S.D.N.Y. 2013) (granting request for separate trial phase to determine punitive damages and referring to the bifurcation discussed in <u>Smith</u> as "customary practice"); <u>Munafo v. Metro. Transp. Auth.</u>, No. 98 CV-4572 (ERK), 2003 U.S. Dist. LEXIS 13495, at \*68 (E.D.N.Y. 2003) (bifurcating the issue of punitive damages from liability "[b]ecause of the danger of unfair prejudice").

Bifurcation of the issue of punitive damages in this case is entirely appropriate. Any attempt by Plaintiff to offer financial information related to Yale University prior to any liability determination could emphasize that the Plaintiff is an individual and Yale is a large organization with resources, which is not a permissible consideration in the determination of liability. The jury also could be confused as to why they are hearing about Yale's resources, where such evidence has nothing at all to do with the challenged decisions or other evidence relating to those decisions. Defendant respectfully submits that given the potential undue prejudice of this type of evidence, the Court should bifurcate the trial to prevent the jury from considering Defendant's financial information unless and until the jury has found in favor of Plaintiff on liability and thus there must be consideration of punitive damages.

Should the Court grant Yale's request for bifurcation and the jury ultimately determines that an award of punitive damages may be appropriate, Defendant proposes the jury be instructed as set forth in the Punitive Damages charge in the parties' Requests to Charge.

### III.  Conclusion

For all these reasons, Defendant Yale University respectfully moves to exclude evidence related to a potential claim for punitive damages.

<div style="margin-left: 40%;">

DEFENDANT,
YALE UNIVERSITY

By:    */s/ David C. Salazar-Austin*
       David C. Salazar-Austin (ct25546)
       Victoria Woodin Chavey (ct14242)
       Jackson Lewis PC
       90 State House Square, 8th Floor
       Hartford, CT 06103
       david.salazar-austin@jacksonlewis.com
       victoria.chavey@jacksonlewis.com
       Tel.: (860) 522-0404
       Fax: (860) 247-1330

</div>

<center>**CERTIFICATION OF SERVICE**</center>

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David C. Salazar-Austin*
David C. Salazar-Austin