# Exhibit D-11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>    Plaintiff<br><br>v.<br><br>YALE UNIVERSITY,<br>    Defendant | CIVIL CASE NO.: 3:17-cv-01104-VLB<br><br><br><br>DECEMBER 30, 2019 |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
## ADMISSION OF CLIMATE REVIEW REPORT

Defendant Yale University ("Yale") hereby moves in limine to preclude admission of the Climate Review Report, which is a 48-page document replete with summaries of information provided by 57 individuals to two investigators. It should be excluded for three reasons: **First**, the document includes at least two layers of hearsay – that which the interviewees told the interviewers and that which the interviewers wrote in the Report. **Second**, the Report is not relevant to any issue at trial, because, to the extent Plaintiff alleges that her discussions with the interviewers included protected activity, Plaintiff has no basis – apart from her own speculation – for suggesting that the three Professors who voted against her tenure bid knew what she had told the interviewers. Accordingly, even if she did engage in protected activity when she spoke to the interviewers, those accused of acting with retaliatory motive did not know of the protected activity. **Third** and finally, admission of the Report would be unduly prejudicial to Yale, with any probative value outweighed by unfair prejudice, in that the Report contains

numerous negative opinions and anecdotes that have nothing at all to do with Plaintiff or any issue in this case.

## I. Relevant Background

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

## II. Climate Review Report

Plaintiff's Trial Exhibit List includes the Climate Review Report. Pl's Ex. 7. The Report is inadmissible hearsay, irrelevant, and unduly prejudice to Yale, and, accordingly, it should not be admitted at trial.

### Hearsay

Because the Report is a summary by two investigators of information they received from 57 people they interviewed, it is, by definition, hearsay. Fed. R. Evid. 801. In fact, it is double hearsay, and, as such, it is inadmissible. Even if one or both investigators were to testify at trial, and thus eliminate one layer of hearsay, it is inescapable that the Report contains unsworn statements of people who are not testifying at trial, and thus it remains inadmissible hearsay.

Moreover, the Report is not a business record that could be admitted as non-hearsay. The Climate Review was an unusual undertaking, concerned events long in the past, and was not done pursuant to any "regular practice" of such reviews at Yale. *See, e.g.*, Fed. R. Evid. 803(6).

### Irrelevant

Fed. R. Evid. 401 provides that evidence is relevant if it has the tendency to

make a fact of consequence in determining the action more or less probable than it would be without the evidence. The 48-page Climate Review Report does not meet this relevancy standard because it contains extensive, extremely detailed information about matters wholly unrelated to the issues in this case. For example, 13 pages of the Report concern input from lectors and graduate students, which has nothing to do with Plaintiff's claims. Moreover, the Report references concerns about departmental funding, events in 2006 before Plaintiff worked at Yale, issues concerning the hiring of another faculty member's spouse, and other such unrelated matters. The Report is so wide-ranging in the topics it covers, through the reporting of scores of witnesses' recollections and impressions, that it is simply not relevant to this case.

To the extent Plaintiff argues that the Report reflects "protected activity" insofar as she claims to have reported alleged discrimination to the interviewers, such argument should be rejected. Without conceding that Plaintiff's statements to the interviewers, as reflected in the Report, constitute "protected activity," Plaintiff's argument fails because she has not established, nor could she, that the three professors who voted against her tenure case knew what she had told the Climate Review investigators. *See, e.g., Nicolia v. GM, LLC*, 2019 U.S. Dist. LEXIS 172217 (W.D.N.Y. Oct. 3, 2019) (plaintiff must prove decisionmaker knew of protected activity). Moreover, at her deposition, Plaintiff testified that she had no information to suggest that the Climate Review investigators had advised Roberto Gonzalez Echevarria of any complaints by Plaintiff to the investigators. Byrne Depo., p. 57.

Because Plaintiff cannot establish that the alleged retaliators knew of any "protected activity" in which she engaged with the Climate Review investigators, the Report itself has no relevance. Fed. R. Evid. 401.

Unduly Prejudicial to Yale

Finally, even if the Climate Review Report were deemed relevant non-hearsay, it still should be excluded because its probative value, if any, is outweighed by the risk of undue prejudice to Yale arising from the Report's discussion of highly sensitive issues having nothing to do with Plaintiff or her tenure case. Fed. R. Evid. 403. Indeed, the Report refers to witnesses' impressions of various disputes and long-standing grievances among senior faculty in the Department of Spanish and Portuguese, issues with graduate students, opinions on collegiality and other general issues, and other such matters that have no place in this case. Admission of the Report would be especially inappropriate in light of the fact witnesses interviewed as part of the Climate Review were advised that they could participate anonymously; accordingly, names were not attached to many statements, and statements were presented only in general terms where necessary to protect confidentiality. These considerations make the Report even less useful as a source of any information, and thus its probative value, if it has any, is diminished further.

Yale asks the Court to guard against an apparent intention by Plaintiff to turn this trial into a general referendum on the Department of Spanish and Portuguese. Plaintiff must not be permitted to use evidence of intra-departmental

**personality, doctrinal, historic, and other perceived conflicts as a substitute for evidence of her legal claims.**

**III. Conclusion**

For all these reasons, Defendant respectfully moves to exclude the Climate Review Report from evidence.

DEFENDANT,
YALE UNIVERSITY

By: */s/ Victoria Woodin Chavey*
**Victoria Woodin Chavey (ct14242)
David C. Salazar-Austin (ct25546)
Jackson Lewis PC
90 State House Square, 8th Floor
Hartford, CT 06103
victoria.chavey@jacksonlewis.com
david.salazar-austin@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330**

## CERTIFICATION OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David C. Salazar-Austin*
David C. Salazar-Austin

```
 1              UNITED STATES DISTRICT COURT

 2                         for the

 3                 DISTRICT OF CONNECTICUT

 4

 5
     SUSAN BYRNE,              ) Civil Case Number:
 6       Plaintiff,            ) 3:17-cv-01104-VLB
                               )
 7          vs.                ) CONFIDENTIAL TESTIMONY
                               ) Page 211 through 214
 8   YALE UNIVERSITY,          )
         Defendant.            )
 9

10

11

12

13   DEPOSITION OF: Susan Byrne
     TIME:          10:05 a.m.
14   DATE:          October 19, 2018
     HELD AT:       Jackson Lewis, PC
15                  90 State House Square - 8th Floor
                    Hartford, Connecticut
16

17

18

19

20

21

22
         Reporter: Annette Brown, LSR, No. 0009
23          Brandon Huseby Reporting & Video
                   249 Pearl Street
24           Hartford, Connecticut  06103
              Telephone: 860.549.1850
25               Fax:  860.549.1537
```

```
 1   do that to an undergraduate student was with an
 2   undergraduate student named Julie Blindauer.  She was
 3   majoring in Spanish.  Roberto, Julie, and I were the
 4   only three there.  We were in the general area of
 5   call it a lobby of the department, and Roberto had
 6   that same grin on his face as he was doing that to
 7   Julie's hair, and he said, Isn't she pretty or isn't
 8   she beautiful, some word like that, and I said, I
 9   think what's beautiful is what's inside that head
10   trying to turn him away from that particular creepy
11   aspect of it.
12            So if Roberto were asked -- and this is how I
13   would mentally conceive it.  If Roberto were asked
14   did you ever do this to Julie Blindauer and did Sue
15   Byrne say this, then he would know who had told them
16   because the only three of us who were there were
17   those three.
18      Q   So it could have been Julie or you in your
19   example there?
20      A   Correct.
21      Q   So do you have any information that the
22   climate interviewers told Roberto directly what you
23   had told the interviewers?
24      A   I don't have any information, no.
25      Q   So you told the interviewers that Roberto had
```

```
 1                        JURAT
 2
 3
 4   I, SUSAN BYRNE, do hereby certify that the foregoing
     testimony given by me on October 19, 2018, is true
 5   and accurate, including any corrections noted on the
     corrections page, to the best of my knowledge and
 6   belief.
 7
 8
 9
10                              [signature]
11
                                SUSAN BYRNE
12   State of Nevada
     County of Clark
13
     At Henderson, NV         in said county of Clark
14   this 7th day of December    , 2018, personally
     appeared, SUSAN BYRNE, and she made oath to the truth
15   of the foregoing corrections by her subscribed.
16
17
18   Before me, Frank L. St. Germain   , Notary Public.
19   [signature]
20   My Commission Expires: June 11, 2022
21
22                         FRANK L. ST. GERMAIN
                           Notary Public - State of Nevada
23                         County of Clark
                           APPT. NO. 18-3336-1
24                         My App. Expires June 11, 2022
25
```

1              CERTIFICATION

2    I, ANNETTE F. BROWN, LSR and Notary Public within
and for the State of Connecticut, do hereby certify
3    that I took the deposition of SUSAN BYRNE, on October
19, 2018.
4
     I further certify that the above-named deponent
5    was by me duly sworn to testify to the truth, the
whole truth and nothing but the truth concerning
6    his/her knowledge in the matter of the case of, BYRNE
v. YALE UNIVERSITY.
7
     I further certify that the testimony was taken by
8    me stenographically and reduced to typewritten form
under my direction by means of COMPUTER ASSISTED
9    TRANSCRIPTION; and I further certify that said
deposition is a true record of the testimony given by
10   said witness.

11    I further certify that I am neither counsel for,
related to, nor employed by any of the parties to the
12   action in which this deposition was taken; and
further, that I am not a relative or employee of any
13   attorney or counsel employed by the parties hereto,
nor financially or otherwise interested in the
14   outcome of the action.

15    WITNESS my hand and my seal this 2nd day of
November, 2018.
16

17

18

19

20

21
     Annette Brown, LSR No. 00009
22   Notary Public
     My Commission Expires:
23   November 30, 2019

24

25