# Exhibit D-13

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>　　　Plaintiff | : <br> : <br> : |
| | :　　CIVIL CASE NO.: 3:17-cv-01104-VLB |
| v. | : |
| | : |
| YALE UNIVERSITY,<br>　　　Defendant | : <br> :　　DECEMBER 30, 2019 |
| | : |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
### EVIDENCE OF THE TITLE IX COMPLAINT THAT POST-DATED THE
### NEGATIVE TENURE VOTE

Defendant Yale University ("Yale") hereby moves in limine to exclude evidence of the Title IX complaint that the University filed on February 17, 2016 against Professor Roberto Gonzalez Echevarria, which thus post-dated the Department of Spanish and Portuguese's February 9, 2016 negative vote on Plaintiff's tenure case. Yale similarly seeks to exclude all evidence of the Title IX proceedings that followed the formal complaint. Fed. R. Evid. 401, 403, 404. Finally, Yale moves to preclude evidence of Plaintiff's interactions with Title IX office representatives of which no decisionmaker had knowledge. Fed. R. Evid. 401, 403.

## I.　　Relevant Background

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case on February 9, 2016.

## II.    Title IX Complaint Post-Dates All Decisions At Issue

Plaintiff's Trial Exhibit List includes numerous proposed exhibits relating to the Title IX complaint, which charged Professor Gonzalez Echevarria with sexual misconduct, and the related proceedings, including, for example, the Title IX factfinder's report following investigation, the confidential report submitted to the Provost by the faculty committee empaneled to hold a hearing in the matter, and various related correspondence.

All of these documents post-date the decisions that Plaintiff challenges in this case.  Accordingly, Plaintiff does not allege, nor could she, that the Title IX complaint or any Title IX-related proceedings thereafter constituted her protected activity.  There is simply no relevance to the Title IX complaint and subsequent Title IX related proceedings, because no material fact in issue is made more or less probable by virtue of this evidence.  Accordingly, all such evidence should be excluded at trial.  Fed. R. Evid. 401.

Moreover, even if the Title IX complaint and related matters were deemed marginally relevant, the probative value, if any, is outweighed by the danger of undue prejudice to Yale if the jury is permitted to hear evidence of the Title IX complaint against Professor Gonzalez Echevarria, the findings, the results, and other related evidence.  Plaintiff does not assert a claim of sexual harassment in this case, and thus the jury will not be asked to, and must not, consider whether sexual harassment occurred.  In that context, the jury could readily be confused or swayed by emotion upon hearing of the sexual misconduct charges against Professor Gonzalez Echevarria, his defenses to those charges, the Fact-Finder's

report (including hearsay summaries of the 25 witnesses interviewed), and the University's findings relating to whether sexual misconduct occurred. *E.g.,* Pl's Ex. 43 (UWC Panel Report); Pl's Ex. 46 (UWC Fact-Finder's Report).

Moreover, the Provost's decision on the Title IX complaint (Pl's Ex. 126) imposes certain sanctions on the basis of the UWC Panel Report, and there is no conceivable basis for the jury to hear this evidence, nor any reasonable way for the jury to sort out the actions taken in response to the findings regarding sexual misconduct, as compared to the claims of retaliation against Plaintiff that they must address in this case. Permitting the jury to hear testimony about, and to review the Title IX related charges, reports, findings, and conclusions would be unduly prejudicial to Yale, and would invite the jury to substitute the findings of the Title IX Fact-Finder, UWC Panel, and Provost for their own findings based on the evidence presented at trial. Accordingly, such evidence should be excluded under Fed. R. Evid. 401, 403.

The Title IX related evidence is inadmissible for the additional reason that it contains extensive opinion, speculation, and unsworn (and hearsay) statements about events many years past, and in particular the Fact-Finder and the UWC Panel, which did not conduct a formal legal proceeding in accordance with this Court's rules, relied on credibility judgments, as reflected in both the Fact-Finder's Report and the UWC Panel Report. *See, e.g.,* Pl's Exs. 46, 43 (respectively). For such unreliable evidence to be admitted would be improper because it is irrelevant to the issues to be decided by the jury and also would be unduly prejudicial to Yale. Admission of this evidence would also require Yale to conduct a "trial within a trial"

as it sought to make clear what happened in the Title IX proceedings and how those proceedings were different in kind and substance than the current claims.

Indeed, it appears Plaintiff wishes to use the Title IX complaint and subsequent proceedings as improper character evidence, from which to argue that, because Professor Gonzalez Echevarria was charged with and was found to have engaged in certain acts, it is more likely that he also engaged in the retaliatory conduct that Plaintiff alleges. *See, e.g.*, Pl's Ex. 85 (stating opinion on "danger of retaliation"). But this Court's rules do not permit such character evidence. Fed. R. Evid. 404; *see also Volker v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 196827, *9-10 (E.D.N.Y. Nov. 13, 2019) (propensity evidence is inadmissible).

Nor is the Title IX related evidence proper in this case to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). There is nothing in the Title IX related evidence that is relevant to Professor Gonzalez Echevarria's motive or intent in making the challenged tenure decision, nothing that is relevant to whether he had knowledge of Plaintiff's protected activity, nor any other basis for admission of this evidence. Nor was there even a finding, based on evidence in the Title IX proceeding, that Professor Gonzalez Echevarria had previously engaged in an act of illegal retaliation (which would nonetheless be inadmissible as mere propensity evidence). *See* Pl's Exs. 43, 126. *Compare Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990) (court refused to hold it was an abuse of discretion to admit evidence of prior bad acts because an element of plaintiff's §1983 claim was the existence of a "policy or custom" of unlawful behavior).

In any case, even if there were discrete aspects of the Title IX related evidence that were deemed marginally relevant, such that the Court held it appropriate to admit one excerpt or isolated page, there still would be no permissible basis for admitting all of the Title IX evidence, including the complaint itself, the Fact-Finder's Report, the UWC Panel Report, findings, the Provost's decision, or related testimony or correspondence. Such evidence is not only so extensive that it could overwhelm the trial on Plaintiff's claims, but it also includes much hearsay, opinion, unsworn statements, vague recollections of long past events, and credibility findings. This evidence is irrelevant and unduly prejudicial, and has no place in this trial. Fed. R. Evid. 401, 403.

III. <u>Pre-Title IX Complaint Involvement with Title IX Office</u>

It is undisputed that Plaintiff met with members of Yale's Title IX office on or about December 1, 2015 and that, at that time, she stated concerns about, inter alia, certain alleged behaviors of Professor Gonzalez Echevarria. Evidence of this meeting – including but not limited to notes therefrom (*see, e.g.*, Pl's Ex. 84 (handwritten notes of December 1 meeting) and related testimony of Stephanie Spangler[1] – should be excluded because there is no evidence that any of the

---

[1] Similarly, any evidence of information provided to the Title IX office by people <u>other than Plaintiff</u> (e.g., Pl's Ex. 45) should be excluded as irrelevant to any issue and also unduly prejudicial to Yale, given the likelihood it would confuse the jury, arouse its emotions, and cause Yale to defend a "trial within a trial" regarding the allegations of sexual misconduct against Professor Gonzalez Echevarria.

alleged retaliators was aware, prior to the challenged tenure vote on February 9, 2016, of Plaintiff's meeting with the Title IX office, much less aware of what she told the Title IX office representatives. *See, e.g., Nicolia v. GM, LLC*, 2019 U.S. Dist. LEXIS 172217 (W.D.N.Y. Oct. 3, 2019) (for retaliation claim, plaintiff must prove decisionmaker knew of protected activity). Accordingly, such evidence is not relevant to any issue in the case, and its admission would cause undue prejudice to Yale. Fed. R. Evid. 401, 403.

IV.     <u>Conclusion</u>

For all these reasons, Defendant Yale University respectfully moves to exclude from evidence the Title IX related proceedings, as well as evidence of what Plaintiff told Title IX representatives, unbeknownst to the alleged retaliators.

DEFENDANT,
YALE UNIVERSITY

By:     */s/ Victoria Woodin Chavey*
Victoria Woodin Chavey (ct14242)
David C. Salazar-Austin (ct25546)
Jackson Lewis PC
90 State House Square, 8th Floor
Hartford, CT 06103
victoria.chavey@jacksonlewis.com
david.salazar-austin@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David C. Salazar-Austin
David C. Salazar-Austin