UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>    Plaintiff<br><br>v.<br><br>YALE UNIVERSITY,<br>    Defendant | CIVIL CASE NO.: 3:17-cv-01104-VLB<br><br>DECEMBER 30, 2019 |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE ABOUT MATTERS UNRELATED TO PLAINTIFF
OR PROTECTED BY FERPA**

Defendant Yale University ("Yale") hereby moves in limine to exclude a variety of proposed evidence that has no connection to Plaintiff or her claims in this case, or that contains information protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA").

I.    **Relevant Background**

Plaintiff, a former Associate Professor at Yale, asserts claims of retaliation, negligent misrepresentation, and breach of contract in connection with her department's negative vote on her tenure case in February 2016.

II.   **Remote Events or Allegations about Roberto Gonzalez Echevarria**

Plaintiff appears to intend to offer evidence of a variety of alleged misconduct in years prior to her employment at Yale and/or having nothing to do with Plaintiff herself.  For example, Plaintiff's Exhibit 44 is an irrelevant document that pertains relates to the Title IX proceedings (which are the subject of a separate Motion in Limine), but it also refers to a situation in 2009 that has no possible bearing on this case.  Admission of Plaintiff's Exhibit 44 would serve no proper

purpose and could only confuse the jury, invite them to engage in improper considerations about potential sexual harassment or sexual misconduct, and erroneously suggest that they may consider character evidence. This evidence should be excluded pursuant to Fed. R. Evid. 402, 403, 404.

### III. Information Concerning Rolena Adorno

Professor Rolena Adorno was the Chair of the Department of Spanish and Portuguese, and Plaintiff apparently plans to adduce extensive documentary evidence reflecting Professor Adorno's writings about various irrelevant topics. For example, Plaintiff's Exhibit 64 is a long memorandum that Professor Adorno wrote about her relationship with Kevin Poole, who had been another non-tenured faculty member in the department. Although the memo makes passing references to Plaintiff, it should be excluded from evidence either because it is irrelevant or because any potential relevance is so far outweighed by the undue prejudice against Yale that it would engender. Fed. R. Evid. 402, 403. Similarly, Plaintiff's Exhibits 56-59, 64-66, and 68-69 should be excluded.

### IV. Correspondence about an Internet Address

Plaintiff has included on her proposed exhibit list numerous emails concerning several witnesses' efforts to determine an Internet address in order to determine who had altered Professor Gonzalez Echevarria's Wikipedia page. *See, e.g.,* Pl's Exs. 73, 158-60, 364, 375-77. Plaintiff had assumed, without basis, that the witnesses were trying to find her whereabouts so they could determine where she was interviewing. But there is no evidence of such motive for the inquiry, nor would such inquiry, which came <u>after</u> the negative department vote on Plaintiff's

2

tenure case on February 9, 2016, be relevant to any issue in this case. Any potential relevancy would be substantially outweighed by the risk of undue prejudice, given the potential for confusion or misleading of the jury. Accordingly, this evidence should be excluded. Fed. R. Evid. 402, 403.

V. **FERPA**

FERPA is a federal law that prohibits Yale from disclosing identifiable student records, and, accordingly, Yale has redacted student names from documents produced in discovery. To the extent, however, that any student names have inadvertently remained visible in documents produced and now designated as trial exhibits, Yale seeks an order from the Court that any such indicia of students' identities will be permitted to be redacted before such document is introduced into evidence. Yale has been working to ensure that any visible student names are redacted and will continue to do so prior to trial.

VI. **Conclusion**

For all these reasons, Defendant Yale University respectfully seeks an order precluding admission of the above-described evidence at trial.

DEFENDANT,
YALE UNIVERSITY

By: */s/ Victoria Woodin Chavey*
Victoria Woodin Chavey (ct14242)
David C. Salazar-Austin (ct25546)
Jackson Lewis PC
90 State House Square, 8th Floor
Hartford, CT 06103
victoria.chavey@jacksonlewis.com
david.salazar-austin@jacksonlewis.com
Tel.: (860) 522-0404
Fax: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David C. Salazar-Austin*
David C. Salazar-Austin