# Exhibit P-2

| | |
|---|---|
| SUSAN BYRNE,<br>      Plaintiff<br>v.<br>YALE UNIVERSITY,<br>      Defendant | C.A. NO. 3:17-CV-01104 (VLB)<br><br><br><br>DECEMBER 30, 2019 |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED WITNESSES

| Witness Name | Plaintiff's Objection | Defendant's Response |
|---|---|---|
| Julie Dorsey | Unfair Prejudice and Lay Opinion. Federal Rules of Evidence 403, 701. *Hester v. BIC*, 225 F.3d 178 (2d Cir. 2000).<br><br>To the extent that Ms. Dorsey was not involved in Plaintiff's allegations of retaliation, it is not apparent how her testimony would be relevant to that issue, and it would also be cumulative. To the extent that Ms. Dorsey intends to offer her views or opinions on Plaintiff's allegations of retaliation, breach of contract or negligent misrepresentation, it would be impermissible lay opinion testimony. *See* Plaintiff's Motion in Limine. | Professor Dorsey served on the committee appointed to review Plaintiff's appeal, which is a procedure provided in Yale's Faculty Handbook (Pl's Ex. 2 pp. 17 et seq.; Def's Ex. ME pp. 22 et seq.) and is part of Yale's tenure procedures insofar as Plaintiff was seeking reversal of her Department's unfavorable tenure vote. Accordingly, Professor Dorsey was a participant in Defendant's internal appeal decisionmaking process as to Plaintiff's tenure case. The Federal Rules and *Hester* case do not require a different result. *Hester*, 225 F.3d at 184-85 (holding inadmissible "naked speculation" concerning defendant's motivation for the challenged actions, and noting that witnesses involved the decisionmaking process or personally knowledgeable about it may testify accordingly). Indeed, Professor Dorsey will not offer an opinion as to the motivation of those who voted on Plaintiff's |

|  | Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 20, 2019, which was too late to permit Plaintiff to explore her alleged knowledge during discovery through deposition. | tenure case; rather, she will testify to the work of the committee, its conclusions, and the bases therefor. Finally, this witness was well-known to Plaintiff, as she interacted with the Committee in 2016 and, for example, specifically referenced Professor Dorsey by name in her letter dated August 10, 2016 (Pl's Ex 229). Moreover, in an email dated October 18, 2017, Plaintiff's counsel expressly identified Professor Dorsey as a custodian in the parties' e-discovery process, and Defendant accepted Plaintiff's request to include Professor Dorsey in the e-discovery searches and produced responsive documents pursuant thereto. For Plaintiff now to claim that she was unaware of Professor Dorsey's involvement is disingenuous at best, and this objection should be rejected. |
| --- | --- | --- |
| **Steven Wilkinson** | **Unfair Prejudice and Lay Opinion. Federal Rules of Evidence 403, 701.** *Hester v. BIC*, 225 F.3d 178 (2d Cir. 2000).<br><br>To the extent that Mr. Wilkinson was not involved in Plaintiff's allegations of retaliation, it is not apparent how his testimony would be relevant to that issue, and it would also be cumulative. To the extent that Mr. Wilkinson intends to offer his views or opinions on Plaintiff's allegations of retaliation, breach of contract or negligent misrepresentation, it | Professor Wilkinson chaired the committee appointed to review Plaintiff's appeal, which is a procedure provided in Yale's Faculty Handbook (Pl's Ex. 2 pp. 17 et seq.; Def's Ex. ME pp. 22 et seq.) and is part of Yale's tenure procedures insofar as Plaintiff was seeking reversal of her Department's unfavorable tenure vote. Accordingly, Professor Wilkinson was a participant in Defendant's internal appeal decisionmaking process as to Plaintiff's tenure case. The Federal Rules and *Hester* case do not require a different result. *Hester*, 225 F.3d at 184-85 (holding inadmissible "naked speculation" concerning defendant's motivation for the challenged actions, and noting that witnesses involved the |

| | | |
|---|---|---|
| | would be impermissible lay opinion testimony. *See* Plaintiff's Motion in Limine.<br><br>Finally, this witness was not disclosed as knowledgeable about any matter in this case until December 20, 2019, which was too late to permit Plaintiff to explore his alleged knowledge during discovery through deposition. | decisionmaking process or personally knowledgeable about it may testify accordingly). Indeed, Professor Wilkinson will not offer an opinion as to the motivation of those who voted on Plaintiff's tenure case; rather, he will testify to the work of the committee, its conclusions, and the bases therefor. Finally, this witness was well-known to Plaintiff, as she interacted with the Committee in 2016 and, for example, specifically referenced Professor Wilkinson by name in her letter dated August 10, 2016 (Pl's Ex 229). Moreover, in an email dated October 18, 2017, Plaintiff's counsel expressly identified Professor Wilkinson as a custodian in the parties' e-discovery process, and Defendant accepted Plaintiff's request to include Professor Wilkinson in the e-discovery searches and produced responsive documents pursuant thereto. For Plaintiff now to claim that she was unaware of Professor Wilkinson's involvement is disingenuous at best, and this objection should be rejected. |
| John Dovidio | **Unfair Prejudice and Lay Opinion. Federal Rules of Evidence 403, 701.**<br><br>*See* Plaintiff's Motion in Limine. | **Dean Dovidio will testify about his personal involvement in and knowledge of the matters at issue in this case, based on his role in the decisionmaking processes. Defendant does not intend to use this witness to offer "naked speculation" concerning the motivation for the unfavorable tenure vote.** *See Hester*, 225 F.3d at 184-85. |
| Tamar Gendler | **Unfair Prejudice and Lay Opinion. Federal Rules of Evidence 403, 701.** | **Dean Gendler will testify about her personal involvement in and knowledge of the matters at issue in this case, based on her role in the decisionmaking processes.** |

3

| | *See* Plaintiff's Motion in Limine. | Defendant does not intend to use this witness to offer "naked speculation" concerning the motivation for the unfavorable tenure vote. *See Hester*, 225 F.3d at 184-85. |
|---|---|---|
| Amy Hungerford | **Unfair Prejudice and Lay Opinion. Federal Rules of Evidence 403, 701.**<br><br>*See* Plaintiff's Motion in Limine. | Dean Hungerford will testify about her personal involvement in and knowledge of the matters at issue in this case, based on her role in the decisionmaking processes. Defendant does not intend to use this witness to offer "naked speculation" concerning the motivation for the unfavorable tenure vote. *See Hester*, 225 F.3d at 184-85. |

4844-8249-9248, v. 1