# Exhibit P-6

| | |
|---|---|
| SUSAN BYRNE, : | C.A. NO. 3:17-CV-01104 (VLB) |
|       Plaintiff : | |
| v. : | |
| YALE UNIVERSITY, : | |
|       Defendant : | DECEMBER 30, 2019 |

### Plaintiff's Objections to Defendant's Proposed Jury Instructions

Plaintiff submits the following objections to Defendant's proposed jury instructions. Plaintiff incorporates her proposed jury instructions, and the authority cited herein, to the extent that Defendant's proposed instructions deviate from or contradict Plaintiff's proposed instructions.

### Requested Instruction No. 1

Plaintiff objects to the proposed instruction as it ignores the motivating factor standard for pretext under Connecticut Fair Employment Practices Act ("CFEPA"). As this court has stated, "[t]he Connecticut Supreme Court has not been determined whether *Nassar* affects the causation standard of claims under the CFEPA, and federal courts in this district have not agreed upon a resolution of their own … This Court, however, has held that it will apply the lower standard applicable under Connecticut law prior to *Nassar*." *Vogel v. CA, Inc.*, 2015 U.S. Dist. LEXIS 157068, at *9 (D. Conn. Nov. 20, 2015) (internal citations removed).

**Requested Instruction No. 1.1**

Plaintiff objects to the proposed instruction to the extent it misstates the standard for protected activity for retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and CFEPA and also on the basis that the instruction ignores the participation clause in Title VII.

There is no requirement that Plaintiff's belief that the conduct she opposed was "objectively reasonable" which Defendant's instructions erroneously define as "if a reasonable person in the same circumstances would have believed that the activity [ ] complained about was discriminatory." Case law by the Second Circuit does not support this instruction. *See Summa v. Hofstra University*, 708 F.3d 115, 126 (2d Cir. 2013) (internal citations removed) ("To establish that she engaged in protected activity, [plaintiff] need not establish that the conduct she opposed was actually a violation of Title VII, but only that she possessed a good faith, reasonable belief that the underlying employment practice was unlawful under that statute.").

Second, Defendant's instruction entirely ignores that protected activity under Title VII and CFEPA includes participation in investigations. *See Crawford v. Metropolitan Government of Nashville & Davidson County*, 555 U.S. 271, 274 (2009) ("Title VII antiretaliation provision has two clauses, making it an unlawful employment practice for an employer to discriminate against any of his employees because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted,

2

or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a)."); *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015) (same).

### Requested Instruction No 1.2

Plaintiff objects to the proposed instruction to the extent that it includes language instructing the jury that whether individuals in the Department knew of Plaintiff's protected activity is required to satisfy the knowledge requirement for a retaliation claim. Corporate knowledge is sufficient to satisfy the knowledge prong of a retaliation claim, Defendant's instruction regarding individual knowledge is unnecessary. *See Kwan v. Andalex Group, LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (*quoting Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000)) (internal citations removed) ("Neither [the Second Circuit] nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity.").

### Requested Instruction No. 1.4

Plaintiff objects to the proposed instruction to the extent that it conflates and merges the standard for causation and Plaintiff's ultimate burden. Defendant's proposed instruction does not mention the different standards under CFEPA and Title VII for Plaintiff's ultimate burden. *See Zarda v. Altitude Express*, 855 F.3d 76, 81-82 (2d Cir. 2017) (In Title VII discrimination claim the district court erred by instructing jury on "but-for" standard for state law claim when motivating factor was the appropriate standard). *See also, supra, Vogel* at * 9.

Plaintiff also objects to Defendant's proposed instruction because it adds an additional burden for the Plaintiff - she must show that Defendant's proffered non-retaliatory reason is false.  As the Second Circuit has made clear, there are numerous ways a Plaintiff may show but-for pretext, but a Plaintiff is not required to show falseness in the proffered reason to meet her ultimate burden.  *See Kwan v. Andalex Group, LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, non5 retaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason.").  *See also Henry v. Wyeth Pharmaceuticals, Inc.*, 616 F.3d 134, 156 (2d Cir. 2010) (internal citations removed) (For Title VII discrimination claim, a plaintiff has no obligation to prove that the employer's innocent explanation is dishonest, in the sense of intentionally furnishing a justification known to be false.").

Plaintiff objects to Defendant's instruction to the extent it provides incomplete instructions regarding the knowledge of Defendant's agents and its impact on the causation prong.  Even if Defendant's agents claimed lack of knowledge of Plaintiff's protected activities as evidence of a lack of causation, the jury can still find retaliation if the circumstances show that there actually was knowledge of the protected activity or the agent is acting, explicitly or implicitly on a superior's orders who does have knowledge.  *Gordon v. New York City Board of Education*, 232 F.3d 111, 117 (2d Cir. 2000).  *See also Henry v. Wyeth*

4

*Pharmaceuticals, Inc.*, 616 F.3d 134, 148 (2d Cir. 2010) (inclusion of same on jury instruction).

Lastly, Plaintiff objects to Defendant's instruction that, "if you find that Professor Byrne made complaints about alleged discrimination and those complaints were a substantial element in the negative tenure vote… you must still find for Yale University." This instruction is incorrect in that it suggests that Plaintiff needs to prove that the only motivation for the negative tenure vote was a retaliatory animus. "[B]ut-for" causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Kwan v. Andalex Group, LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

**Requested Instruction No. 2**

Plaintiff objects to the proposed instruction to the extent that it misstates the law regarding an employer's good faith belief. The good faith defense has not been recognized by the Second Circuit for Title VII retaliation claims, it has only been recognized by district courts for FMLA interference claims. See *Poitras v. Connecticare, Inc.,* 206 F.Supp. 3d 736, 746 (D.Conn. June 30, 2016) ("the Court has not identified any Second Circuit cases discussing or approving of this defense in the context of an FMLA interference claim."). *See also* Defendant's Proposed Jury Instruction – Requested Instruction No. 2 (no cases cited from Second Circuit in support of good faith belief instruction).

5

**This instruction creates another step in the burden shifting scheme. Under Defendant's proposed instruction, after plaintiff meets their ultimate burden of demonstrating pretext, Defendant would then have an opportunity to override Plaintiff's evidence of pretext. Defendant's instructions state that plaintiff's evidence regarding pretext cannot be considered pretext as long as defendant had a "reasonable, honest belief" for their decision. This is entirely wrong as plaintiff is given an opportunity to present evidence negating this "reasonable, honest belief."** *Poitras v. Connecticare, Inc.,* **206 F.Supp. 3d 736, 746-47 (D.Conn. June 30, 2016).** *See Agugliaro v. Brooks Bros*. **, 927 F. Sup. 741, 747 (S.D.N.Y. 1996) (granting summary judgment for defendant in discrimination case due to plaintiff's inability to present evidence rebutting defendant's good faith belief defense).**

**Furthermore, this proposed instruction creates an additional requirement for plaintiff that she prove the falsity in defendant's decision in order to prevail on her retaliation claim. This is not an actual requirement – as the Second Circuit stated in** *Summa v. Hofstra University*, **708 F.3d 115 (2d Cir. 2013), "[i]n this Circuit, it is settled that a plaintiff in a Title VII action need not disprove a defendant's proffered rationale for its adverse actions in order to prevail."** *Id*. **at 129.**

**Requested Instruction No. 3**

Plaintiff objects to this proposed instruction to the extent that it suggests that Plaintiff will be mounting the argument that she had a personal, subjective belief that she was retaliated against. This instruction assumes an argument by Plaintiff which has not been asserted.

This instruction has no basis in law as a legal standard for Title VII or CFEPA retaliation claims. The law regarding the first element of Plaintiff's prima facie case, protected activity, is well established and there is no need for the court to add additional requirements. *See Summa v. Hofstra University*, 708 F.3d 115, 126 (2d Cir. 2013) ("To establish that she engaged in protected activity, [Plaintiff] "need not establish that the conduct she opposed was actually a violation of Title VII, but only that she possessed a good faith, reasonable belief that the underlying employment practice was unlawful under that statute.").

## Proposed Instruction No. 4

Plaintiff objects to Defendant's proposed instruction as it imposes an additional requirement. Defendant's proposed instruction tells the jury that they must defer to Defendant's academic judgment – there is no basis in retaliation or breach of contract law for this instruction.

As the Connecticut Supreme Court stated, a "university cannot claim the benefit of the contract it drafts but be spared the inquiries designed to hold the institution to its bargain." The principle of academic freedom does not preclude us from vindicating the contractual rights of a plaintiff who has been denied

tenure in breach of an employment contract." *Craine v. Trinity College*, 259 Conn. 625, 654 (2002). *See Rafalko v. University of New Haven*, 129 Conn. App. 44, 48 (2011) (same). Similarly, in *Zahorik v. Cornell University*, 729 F.2d 85 (2d Cir. 1984), the Second Circuit instructed that "Tenure decisions are not exempt under Title VII, however, and plaintiffs seeking to show that forbidden purposes lurk in a tenure decision have available methods of challenging such decisions. Departures from procedural regularity .... Conventional evidence of bias on the part of individuals involved may also be available." *Id*. at 93.

## Proposed Instruction No. 5

Plaintiff objects to Defendant's proposed instruction to the extent that it misstates the law regarding negligent misrepresentation. As the Connecticut Supreme Court stated, "an action for negligent misrepresentation requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mutual Ins. Co*., 280 Conn. 619, 626 (2006). *See Sturm v. Harb Development, LLC,* 298 Conn. 124, 143-44 (2010) (negligent misrepresentation is when "one, who in the course of his business, profession or employment … supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.").

### Requested Instruction No. 6

Plaintiff objects to Defendant's proposed instruction because it provides an incomplete description of the required elements of plaintiff's breach of contract claims. Defendant's instruction does not include that plaintiff alleges that she had an employment contract with defendant, the nature of the breach that plaintiff alleges, or that plaintiff claims that she has been damaged by defendant's material breach of the employment contract. *See* Connecticut Jury Instructions 4.1-15 Breach of Contract.

### Requested Instruction No. 7

Plaintiff objects to this proposed instruction to the extent that it suggests that Plaintiff has proposed that a form of relief be that the jury change the terms of the contract.

### Requested Instruction No. 8

Plaintiff objects to this proposed instruction to the extent that it purports to accurately describe a material breach. Defendant lists a variety of circumstances that the jury is to consider in determining whether the breach is material. The multi-factor test that Defendant purports must be applied is not a rule, but rather a set of circumstances that are applied differently depending on the facts of the case. *Strouth v. Pools by Murphy & Sons, Inc.*, 79 Conn. App. 55, 60 (2003). *See*

*Clem Martone Construction, LLC v. DePino*, 145 Conn. App. 316, 337 (2013) (same).

**Requested Instruction No. 12**

Plaintiff objects to the characterization of emotional distress damages as "damages related to Professor Byrne's alleged emotional upset." Plaintiff also objects to the omission of loss of enjoyment of life as a category of compensatory damages that Plaintiff has claimed pursuant to her negligent misrepresentation, Title VII and CFEPA retaliation claims.

**Requested Instruction No. 15**

Plaintiff objects to the instruction to the extent it that Defendant has attempted to insert more requirements than what the Second Circuit requires for Title VII retaliation punitive damage awards. Contrary to Defendant's instruction, there is no requirement that the jury find that "Yale University did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such retaliation" in order to award punitive damages. As the Second Circuit explained, "[p]unitive damages are available under Title VII in cases where "the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Zimmermann v. Associates First Capital Corp.,* 251 F.3d 376, 384 (2d Cir. 2001).

Plaintiff also objects to defendant's instructions that "an employer may not be held liable for punitive damages because of retaliatory acts by its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law." The Second Circuit has found that there was sufficient evidence to support an award of punitive damages where a victim of harassment notified company officials of the harassment for over a year before Defendant took action. *Cush-Crawford v. Adchem Corp.*, 271 F.3d 352, 359 (2d Cir. 2001). *See Dymskaya v. Orem's Diner of Wilton, Inc.*, Docket No. 3:12-cv-00388 (JAM), 2015 U.S. Dist. LEXIS 28891, at *20 (D. Conn. Mar. 10, 2015) ("Numerous courts have upheld jury punitive damages awards where the employer's managers knew (or should have known) of discriminatory conduct occurring in the workplace but failed to take adequate steps to address the situation over extended periods of time.").

Plaintiff objects to Defendant's characterization and description of whether punitive damages are "outrageous", "maliciously done", "wantonly done" or "oppressively done", to the extent the descriptions are not supported or required by law. See 42 U.S.C.S. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent … if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."). *See also, supra.*

**Plaintiff objects to Defendant's characterization in its proposed instruction that the law does not look with favor on punitive damages. Plaintiff also objects to the characterization of punitive damages an "extraordinary damage[ ]."**

							Respectfully submitted,


				By:	_____/s/ *Claire M. Howard*_____
					Claire M. Howard (ct29654)
					Madsen, Prestley & Parenteau, LLC
					402 Asylum Street
					Hartford, CT 06105
					Tel. (860) 246-2466
					Fax (860) 246-1794
					Email: choward@mppjustice.com