# Exhibit P-7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>    Plaintiff | : | Civil Action No. |
| vs. | : | 3:17-cv-01104-VLB |
| YALE UNIVERSITY<br>    Defendant | : | DECEMBER 30, 2019 |

## PLAINTIFF'S PROPOSED VERDICT FORM

We the jury, unanimously answer the questions submitted to us as follows:

**CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT: RETALIATION**

**QUESTION NO. 1**: Did Ms. Byrne engage in protected activity as defined by CFEPA?

    Yes_____        No_____

*If you answered "Yes" please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 2**: Do you find that Plaintiff has proven by a preponderance of the evidence that her protected activity was a motivating factor for the Department's negative tenure vote?

    Yes_____        No_____

*If you answered "Yes" then you have found for Plaintiff. Please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 3**: What amount of damages do you award?

    As to past lost wages and benefits:    $_____

    As to future lost wages and benefits:  $_____

    As to loss of enjoyment of life:         $_____

As to harm to reputation: $_____

As to emotional distress: $_____

TOTAL: $_____

**DEFENDANT'S OBJECTIONS:**

With regard to Question 1, the proposed verdict form fails to state the applicable standard (preponderance of the evidence) and fails to instruct the jury to consider the question of whether the Defendant was even aware of Plaintiff's protected speech – a prerequisite to finding in Plaintiff's favor. See, e.g., Gray v. City of N.Y., 2011 U.S. Dist. LEXIS 142427, at *41-42 (E.D.N.Y. Dec. 12, 2011); see also Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form.

With regard to Question 2, Plaintiff states the incorrect legal standard (motivating factor instead of "but-for" standard). See, e.g., Falcon v. State of Conn. Judicial Branch, 2018 U.S. Dist. LEXIS 196230, at *25-26 (D. Conn. Sept. 25, 2018) (describing the elements of a Title VII retaliation claim as including but-for causation and noting that the elements of a retaliation claim are identical under CFEPA and Title VII); see also Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form.

With regard to Question 3, Defendant objects inasmuch as the issue of damages should not be given to the jury (see, e.g., Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005)), and if it is, then the trial should be bifurcated. Further, the proposed verdict form assumes the jury will award damages. If the issue of damages does go to the jury, there should be a separate section at the end of this verdict form that deals with them. Finally, the instruction breaks out "loss of enjoyment of life," "harm to reputation," and "emotional distress," which at most are components of compensatory damages and not separate categories of damages that Plaintiff can recover. See McInnis v. Town of Weston, 458 F. Supp. 2d 7, 18 (D. Conn. 2006). They should not be broken out, as doing so will only artificially inflate the jury's award.

**TITLE VII: RETALIATION**

**QUESTION NO. 1:** Did Ms. Byrne engage in protected activity as defined by Title VII?

Yes_____    No_____

*If you answered "Yes" please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 2**: Do you find that Plaintiff has proven by a preponderance of the evidence that retaliation was a but-for reason for the Department's negative tenure vote?

Yes_____          No_____

*If you answered "Yes" then you have found for Plaintiff. Please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 3**: What amount of damages do you award?

| | |
|---|---|
| As to past lost wages and benefits: | $_____ |
| As to future lost wages and benefits: | $_____ |
| As to loss of enjoyment of life: | $_____ |
| As to harm to reputation: | $_____ |
| As to emotional distress: | $_____ |
| TOTAL: | $_____ |

**DEFENDANT'S OBJECTIONS**:
With regard to Question 1, the proposed verdict form fails to state the applicable standard (preponderance of the evidence) and fails to instruct the jury to consider the question of whether the Defendant was even aware of Plaintiff's protected speech – a prerequisite to finding in Plaintiff's favor. See, e.g., Gray v. City of N.Y., 2011 U.S. Dist. LEXIS 142427, at *41-42 (E.D.N.Y. Dec. 12, 2011); see also Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form.

With regard to Question 2, Plaintiff presents the "but-for" standard incorrectly by referring to "a" but-for reason instead of "the" but-for reason. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013)("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action)(emphasis added); see Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form.

With regard to Question 3, Defendant objects inasmuch as the issue of damages should not be given to the jury (see, e.g., Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005)), and if it is, then the trial should be bifurcated. Further, the proposed verdict form assumes the jury will award damages. If the issue of damages does go to the jury, there should be a separate section at the end of this verdict form that deals with them. Finally, the instruction breaks out "loss of enjoyment of life," "harm to reputation," and "emotional distress," which at most are components of compensatory damages and not separate categories of damages that Plaintiff can recover. See McInnis v. Town of Weston, 458 F. Supp. 2d 7, 18 (D. Conn. 2006). They should not be broken out, as doing so will only artificially inflate the jury's award.

**NEGLIGENT MISREPRESENTATION**

**QUESTION NO. 1**: Has Plaintiff proven by a preponderance of the evidence the elements of her negligent misrepresentation claim?

Yes_____      No_____

*If you answered "Yes" please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 2**: Has Plaintiff proven by a preponderance of the evidence that she is entitled to economic and non-economic damages for negligent misrepresentation?

Yes_____      No_____

*If you answered "Yes" then you have found for Plaintiff. Please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 3**: What amount of damages do you award?

| | |
|---|---|
| **As to past lost wages and benefits:** | $_____ |
| **As to future lost wages and benefits:** | $_____ |
| **As to loss of enjoyment of life:** | $_____ |
| **As to harm to reputation:** | $_____ |
| **As to emotional distress:** | $_____ |
| **TOTAL:** | $_____ |

> **DEFENDANT'S OBJECTIONS:**
>
> With regard to Question 1, the proposed verdict form fails to break out the elements on her claim, as it should so the jury does not ignore its obligation to determine if Plaintiff proved her claim. <u>See</u> Defendant's Proposed Jury Instructions; <u>compare</u> Defendant's Proposed Verdict Form.
>
> With regard to Question 3, Defendant objects inasmuch as the issue of damages should not be given to the jury (<u>see, e.g.</u>, <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005)), and if it is, then the trial should be bifurcated. Further, the proposed verdict form assumes the jury will award damages. If the issue of damages does go to the jury, there should be a separate section at the end of this verdict form that deals with them. Finally, the instruction breaks out "loss of enjoyment of life," "harm to reputation," and "emotional distress," which at most are components of compensatory damages and not separate categories of damages that Plaintiff can recover. <u>See</u> <u>McInnis v. Town of Weston</u>, 458 F. Supp. 2d 7, 18 (D. Conn. 2006). They should not be broken out, as doing so will only artificially inflate the jury's award.

**BREACH OF CONTRACT**

**QUESTION NO. 1:** Has Plaintiff proven by a preponderance of the evidence the elements of her breach of contract claim?

    Yes_____         No_____

*If you answered "Yes" please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 2:** Has Plaintiff proven by a preponderance of the evidence that she is entitled to economic damages for breach of contract?

    Yes_____         No_____

*If you answered "Yes" then you have found for Plaintiff. Please proceed to the next question.*

*If you answered "No" please stop and proceed to the signature line at the end of this document.*

**QUESTION NO. 3:** What amount of damages do you award?

    As to past lost wages and benefits:    $_____

    As to future lost wages and benefits:  $_____

    TOTAL:                                     $_____

**DEFENDANT'S OBJECTIONS**:

With regard to Question 1, the proposed verdict form fails to break out the elements on her claim, as it should so the jury does not ignore its obligation to determine if Plaintiff proved her claim. See Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form.

With regard to Question 2, the proposed verdict form fails to reference the critical issue of speculative damages. One of the core issues at issue is whether Plaintiff's damages hinge wholly on impermissible speculation. The jury must make this determination and should be instructed as such. CAS Construction Co. v. Town of East Hartford, 82 Conn. App. 543, 556 (2004) ("Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. Thus, the court must have evidence by which it can calculate the damages, which is not merely subjective or speculative…"); see Defendant's Proposed Jury Instructions; compare Defendant's Proposed Verdict Form

With regard to Question 3, Defendant objects inasmuch as the issue of damages should not be given to the jury (see, e.g., Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005)), and if it is, then the trial should be bifurcated. Further, the proposed verdict form assumes the jury will award damages. If the issue of damages does go to the jury, there should be a separate section at the end of this verdict form that deals with them. Finally, the instruction breaks out "future lost wages," which impermissibly requires the jury to award speculative damages. CAS Construction Co. v. Town of East Hartford, 82 Conn. App. 543, 556 (2004).

*Have the foreperson sign and date this verdict form.*

Signed: _____
               **Foreperson**

Dated: _____
               **Date**

| PLAINTIFF, | DEFENDANT, |
| SUSAN BYRNE | YALE UNIVERSITY |

| /s/ *Claire Howard* | /s/ *David C. Salazar-Austin* |
|---|---|
| **Claire M. Howard (ct29654)** | **Victoria Woodin Chavey (ct 14242)** |
| **Madsen, Prestley & Parenteau, LLC-HTFD** | **David C. Salazar-Austin (ct 25564)** |
| **402 Asylum Street** | **90 Statehouse Square, 8th Floor** |
| **Hartford, CT 06103** | **Hartford, CT 06103** |
| **860-246-2466** | **Tel: (860) 522-0404** |
| **Fax: 860-246-1794** | **Fax: (860) 247-1330** |
| **Email: choward@mppjustice.com** | **Victoria.Chavey@jacksonlewis.com** |
| | **David.Salazar-Austin@jacksonlewis.com** |

**Jacques J. Parenteau (ct09771)**
**Magdalena B. Wiktor (ct28647)**
**Madsen, Prestley & Parenteau, LLC-NL**
**105 Huntington St., PO Box 1631**
**New London, CT 06320**
**860-442-2466**
**Fax: 860-447-9206**
jparenteau@mppjustice.com
mwiktor@mppjustice.com

## CERTIFICATION OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Claire Howard*
**Claire Howard**