# Exhibit P-8

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>　　　Plaintiff | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
| v. | : | |
| YALE UNIVERSITY,<br>　　　Defendant | : | DECEMBER 30, 2019 |

## PLAINTIFF'S MOTION IN LIMINE RE: LAY OPINION TESTIMONY

Plaintiff hereby moves in limine to prevent Defendant's witnesses from testifying as to their opinions regarding decisions made regarding Plaintiff's employment when such individuals and/or their observations were not part of any decision-making process in the denial of Plaintiff's tenure application.

Defendants' Witness List lists various witnesses, including Julie Dorsey and Steven Wilkinson who are disclosed as being expected to testify to subject matters including "review… of the Plaintiff's appeals following the Plaintiff's tenure decision, and other facts and circumstances related to this matter" as well as John Dovidio, Tamar Gendler, and Amy Hungerford who Defendant states "will testify regarding the tenure review process, both generally and in the case of Plaintiff, [their] involvement in Plaintiff's tenure review, Plaintiff's recusal request, and other facts and circumstances related to this matter."

Given the lack of specificity as to the content of the testimony, Plaintiff believes that Defendants will attempt to elicit or will offer testimony from witnesses who did not make decisions regarding Plaintiff's employment and/or

her allegations of retaliation and discrimination that merely reflect the witnesses' own opinion of what the right outcome should have been, or what Defendants' motives were in reaching the decision that are material to the jury's findings on the ultimate issues in the case. Such testimony is not admissible under Fed. R. Evid. 701(b).

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that this motion in limine be granted.

> PLAINTIFF,
> SUSAN BYRNE
>
> By: /s/ *Magdalena B. Wiktor*
> **Magdalena B. Wiktor**
> Fed. Bar No.: (CT28647)
> Madsen, Prestley & Parenteau, LLC
> 105 Huntington Street
> New London, CT 06320
> Tel: (860) 442-2466
> Fax: (860) 447-9206
> E-mail: mwiktor@mppjustice.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 30th day of December, 2019, a copy of foregoing Memorandum in Support of Plaintiff's Motion in Limine Re: Lay Opinion Testimony was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_/s/ *Magdalena B. Wiktor*_
Magdalena B. Wiktor

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BYRNE,<br>    Plaintiff | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
| v. | : | |
| YALE UNIVERSITY,<br>    Defendant | : | DECEMBER 30, 2019 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
## RE: LAY OPINION TESTIMONY

Plaintiff hereby moves in limine to prevent Defendant's witnesses from testifying as to their opinions regarding decisions made regarding Plaintiff's employment when such individuals and/or their observations were not part of any decision-making process. These individuals were not part of the decision-making process in the denial of Plaintiff's tenure application and as such cannot testify as to the decision to not grant Plaintiff tenure.

Defendant's Witness List lists various witnesses, including Julie Dorsey amd Steven Wilkinson who are disclosed as being expected to testify to subject matters including "review… of the Plaintiff's appeals following the Plaintiff's tenure decision, and other facts and circumstances related to this matter" as well as John Dovidio, Tamar Gendler, and Amy Hungerford who Defendant states "will testify regarding the tenure review process, both generally and in the case of Plaintiff, [their] involvement in Plaintiff's tenure review, Plaintiff's recusal request, and other facts and circumstances related to this matter."

**Given the lack of specificity as to the content of the testimony, Plaintiff believes that Defendants will attempt to elicit or will offer testimony from witnesses who did not make decisions regarding Plaintiff's allegations of retaliation and discrimination that merely reflect the witnesses' own opinion of what the right outcome should have been, or what Defendants' motives were in reaching the decision that are material to the jury's findings on the ultimate issues in the case. Such testimony is not admissible under Fed. R. Evid. 701(b) – a witness may testify to their observations of another's actions and demeanor, to the extent such perceptions are relevant, but attributing a motive to the observed conduct or demeanor is not permitted as purely speculative lay opinion.** *Hester v. BIC Corp.*, **225 F.3d 178, 185 (2d Cir. 2000).**

**A lay witness may only testify in the form of an opinion if the testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determinations of a fact in issue." Fed. R. Evid. 701. "Rule 701(b) is designed to 'provide assurances against the admission of opinions which would *merely tell the jury what result to reach.*'"** *United States v. Rea*, **958 F.2d 1206, 1215 (2d Cir. 1992) (***quoting*** Fed. R. Evid. 701** *Advisory Committee Note on 1972 Proposed Rule*) **(emphasis added). Thus if "attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by Rule 701(B)."** *Hester*, **225 F.3d at 181 (internal citations removed).**

In *Hester v. BIC Corp.*, the employer appealed judgment following the District Court's allowance of lay opinion testimony from witnesses who observed interactions between plaintiff and her supervisor, but who were not involved in any decision-making process. The lay opinion testimony by witnesses impermissibly attributed a race-related motive to actions taken by plaintiff's supervisor. In reversing the judgment of the District Court that allowed this evidence, the Second Circuit held:

> We follow the reasoning of *Lightfoot, Rea* and opinions in other circuits, and hold that in an employment discrimination action, Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision. Witnesses are free to testify fully as to their own observations of the defendant's interactions with the plaintiff or with other employees, but "the witness's opinion as to the defendant's [ultimate motivations] will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant" was motivated by an impermissible animus. *Rea,* 958 F.2d at 1216. The four witnesses here testified that they observed Beck treat Hester with (variously) condescension, coldness, hostility or disregard, as compared with the three or so other Group Leaders, who were white. A jury can draw its own conclusions "from observed events or communications that can be adequately described" to it, such as the observed differential treatment described by Hester's witnesses. *Id.* at 1216. But their speculative lay opinion that this differential is attributable to race rather than anything else, is not helpful in this case because it "merely tell[s] the jury what result to reach." *Id.* at 1215.

*Hester v. BIC Corp.*, 225 F.3d at 185. See *Abdus-Sabur v. Port Auth. of New York & New Jersey*, 2001 WL 1111984, at *1 (S.D.N.Y. Sept. 20, 2001) (testimony that "Mr. Stevens did not make a serious effort to create a harmonious work atmosphere for black employees at the toll plaza" is an example of conclusory,

3

subjective opinion that is inadmissible because it does not establish facts but merely states the witness' own views about events as she may have perceived them.) Thus, *Hester v. BIC Corp.* stands for the proposition that a witness may testify to his observations of another's actions and demeanor, to the extent such perceptions are relevant, but attributing a motive to the observed conduct or demeanor is not permitted as purely speculative lay opinion.

Likewise, witnesses who were not decision makers and/or who were not involved in the decisions made regarding Plaintiff's allegations of discrimination or retaliation, breach of contract, and/or negligent misrepresentation, may not testify as to their opinion regarding either the Defendants' or the Plaintiff's animus or motivation in these subject matter areas. These witnesses are also not permitted to testify whether, in their opinion, an action taken by Defendants or Plaintiff within these subject matters areas was appropriate or inappropriate. These witnesses also cannot testify whether they saw no evidence that Defendants retaliated or discriminated against Plaintiff in this case. *Jacobs v. Gen. Elec. Co.*, 275 Conn. 395, 408 (2005) (reversing judgment when trial court allowed lay opinion from co-workers, who were not involved in making the layoff decision, that plaintiff was the correct person to be selected for reduction in force and was not discriminated on the basis of age.)

In addition, even if lay opinions could past the rigorous test of admissibility under Rule 701, such testimony should be excluded by the court under Fed. R. Evid. 403 since such evidence from individuals who did not have firsthand

knowledge of the motive for decisions made would be cumulative or a waste of time.  Also, whatever relevance such evidence might have will be substantially outweighed by the danger of unfair prejudice to Plaintiff. *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992).

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that this motion in limine be granted.

>   PLAINTIFF,
>   SUSAN BYRNE
>
>   By:     /s/ Magdalena B. Wiktor
>   Magdalena B. Wiktor
>   Fed. Bar No.: (CT28647)
>   Madsen, Prestley & Parenteau, LLC
>   105 Huntington Street
>   New London, CT 06320
>   Tel: (860) 442-2466
>   Fax: (860) 447-9206
>   E-mail: mwiktor@mppjustice.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 30th day of December, 2019, a copy of foregoing Memorandum in Support of Plaintiff's Motion in Limine Re: Lay Opinion Testimony was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

>   /s/ Magdalena B. Wiktor
>   Magdalena B. Wiktor