# Exhibit P-9

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **SUSAN BYRNE,** | : | **CIVIL CASE NO.: 3:17-cv-01104-VLB** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
| **Defendant** | : | **DECEMBER 30, 2019** |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE DISCLOSED ON DECEMBER 19, 2019 AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff hereby moves in limine to prevent Defendant from offering recordings not produced in discovery, despite Plaintiff's request therefor.  Through a discovery request in January 2019 Plaintiff requested all recordings made by Professor Kate Stith during Defendant's Climate Review of the Department of Spanish and Portuguese.  At the time, Defendant insisted these recordings were lost  - yet slightly over a week ago, months after the close of discovery, Defendants produced nineteen hours of Professor Stith's recordings of interviews with Professors Rolena Adorno and Noel Valis.

Permitting the introduction of such evidence would be unduly prejudicial to Plaintiff and would violate the Federal Rules of Civil Procedure and the Court's scheduling order.  As Defendant cannot meet its burden of establishing that its failure to disclose these documents was substantially justified or harmless, Plaintiff requests that the Court prohibit Defendant from introducing the recordings of Professors Adorno, Gonzalez Echevarria and Valis.

**PLAINTIFF,**

**SUSAN BYRNE**

By:    */s/ Claire M. Howard*         
        **Claire M. Howard (ct29654)**
        **Madsen, Prestley & Parenteau, LLC**
        **402 Asylum Street**
        **Hartford, CT  06103**
        **Tel:   (860) 246-2466**
        **Fax:  (860) 246-1794**
        choward@mppjustice.com

## CERTIFICATION OF SERVICE

      I hereby certify that on this 30th day of December, 2019, a copy of the foregoing Motion for Extension of Time, was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

        */s/ Claire M. Howard*        
         **Claire M. Howard**

| | | |
|---|---|---|
| | : | |
| **SUSAN BYRNE,** | : | **CIVIL CASE NO.: 3:17-cv-01104-VLB** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
| **Defendant** | : | **DECEMBER 30, 2019** |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE DISCLOSED ON DECEMBER 19, 2019**

Plaintiff hereby moves in limine to prevent Defendant from offering recordings not produced in discovery, despite Plaintiff's request therefor. Through a discovery request in January 2019 Plaintiff requested all recordings made by Professor Kate Stith during Defendant's Climate Review of the Department of Spanish and Portuguese. At the time, Defendant insisted these recordings were lost - yet slightly over a week ago, months after the close of discovery, Defendants produced nineteen hours of Professor Stith's recordings of interviews with Professors Rolena Adorno and Noel Valis. [1]

Permitting the introduction of such evidence would be unduly prejudicial to Plaintiff and would violate the Federal Rules of Civil Procedure and the Court's scheduling order. As Defendant cannot meet its burden of establishing that its failure to disclose these documents was substantially justified or harmless,

---

[1] Despite Professor Roberto Gonzalez Echevarria testifying that Professor Stith recorded his interview, Defendant has not produced this recording. Exhibit 1, Gonzalez Echevarria Dep. At 31.

Plaintiff requests that the Court prohibit Defendant from introducing the recordings of Professors Adorno, Gonzalez Echevarria and Valis.

I.   Background

On January 31, 2019, Plaintiff propounded written discovery, seeking in relevant part:

> 1.   Please produce the recordings taken by Kate Stith during the interviews conducted in connection with the Climate Review as noted on page 3 of the Climate Review Report, bates stamp number BYRNE003066, "Most witnesses came alone to their interviews. Kate Stith, the Lafayette S. Foster Professor at Yale Law School, accompanied each professor to the professor's interview, and with our consent recorded the interviews."

Exhibit 2.  In response, Yale stated that "These recordings were inadvertently lost when Professor Stith upgraded her iPhone, at which time she did not save the "voice memos" to the Cloud or via any other method." Exhibit 3.  Fact discovery in this case then closed on March 1, 2019. Doc.  69.

However on December 18, 2019 - 293 days after the close of fact discovery and 11 days before the deadline for filing the joint trial memo, Defendant produced eight recordings of over nineteen hours of interviews with Professors Adorno and Valis on topics including Plaintiff, the anonymous letter writer and allegations of sexual harassment.

 There are issues with this production, including redactions of the recordings that last over thirty minutes in one instance, two hours of missing recordings of Professor Adorno's interview, and no recordings of Professor Gonzalez Echevarria's interview.  The parties are conferring regarding these issues and Plaintiff anticipates filing a motion to compel.  Nonetheless, as Plaintiff is

severely harmed by the last minute production of these recordings, Defendant should be precluded from introducing evidence regarding tape recordings that Kate Stith made of Professors Adorno, Gonzalez Echevarria and Valis in their climate review interviews.

II. <u>Argument</u>

Plaintiff requested these recordings in a narrowly tailored discovery request nearly a year ago and Defendant insisted that the recordings could not be located.  Now, less than two weeks before joint trial memo is due and the Court's decision on Defendant's Motion for Summary Judgment is pending, Defendant insisted that the recordings were found by Professor Stith when earlier Defendant claimed that the recordings were lost and could not be retrieved.

Defendant has an obligation to preserve any potentially relevant documents. Once Plaintiff requested these recordings, Defendant cannot insist they could not be found, which prejudiced Plaintiff in her depositions of Jamaal Thomas, Professors Adorno and Valis.  Defendant cannot be rewarded for this dilatory behavior by then being able to use these recordings.

Federal Rules of Civil Procedure 26(b) and 34(b) require parties to produce relevant documents and other materials in response to an opposing party's discovery requests. Rule 26(e) requires that answers to requests for production of documents - "must" be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Rule 37 provides that, "[I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing sanctions for a late disclosure has the burden of showing that its failure to comply with Rule 37 is justified or harmless. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006). Furthermore, a bad faith violation of Rule 26 is not required to exclude evidence pursuant to Rule 37. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

As this court has explained

> [I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard may impose other appropriate sanctions." Id. at 37(c)(1)(C). Appropriate sanctions include prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, and dismissing the action or proceeding in whole or in part.

*ProBatter Sports, LLC v. Sports Tutor, Inc.,* Docket No. 3:05-CV-1975 (VLB), 2019 U.S. Dist. LEXIS 54896, at *19-20 (D. Conn. Mar. 29, 2019).

Before awarding exclusion, the Court must consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice

4

suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Regarding Defendant's purported explanation, Yale has only stated that Ms. Stith located the recordings in a cloud-based backup of her recordings, which is entirely inapposite to its prior representations that Ms. Stith "did not save the "voice memos" to the Cloud." Exhibit 3.

As there are conflicting statements and testimony regarding what was said in Professor Adorno, Valis and Gonzalez Echevarria's climate review testimony and also given that there are significant portions of the recording which are redacted, Plaintiff is still assessing the importance of the recordings. Nonetheless, given the potential importance and Defendant's excessive lateness in producing the recordings, it should be precluded from introducing the recordings as evidence.

Plaintiff is severely prejudiced by having to review nineteen hours of taped interviews between three of the individuals who participated in the retaliatory denial of Plaintiff's tenure application. As this late disclosure comes months after Defendant's Motion for Summary Judgment and days before the parties Joint Trial Memorandum is to be submitted to the court, the possibility of a continuance for Plaintiff to re-open the depositions of Professors Adorno, Gonzalez Echevarria and Valis is unlikely.

Plaintiff's request for Defendant to be precluded from using this late disclosed evidence is reasonable and appropriate given the circumstances. *See Bastys v. Rothschild*, 154 Fed. Appx. 260, 263 (2d Cir. 2005) (affirming preclusion of expert

report produced after close of discovery); *Kennedy v. Supreme Forest Products*, Docket No. 3:14-cv-01851 (JAM), 2017 U.S. Dist. LEXIS 77005, at *14 (D. Conn. May 22, 2017) (granting motion for exclusion of late disclosed photographs); *Lujan v. Cabana Mgmt., Inc.,* 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (precluding late-produced documents which were clearly responsive to plaintiff's discovery requests but not produced during discovery or which defendants might rely at trial)

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that this motion in limine be granted.

PLAINTIFF,
SUSAN BYRNE

By:     */s/ Claire M. Howard*

Claire M. Howard (ct29654)

Madsen, Prestley & Parenteau, LLC

402 Asylum Street
Hartford, CT  06103
Tel:    (860) 246-2466

Fax:   (860) 246-1794
choward@mppjustice.com

## CERTIFICATION OF SERVICE

I hereby certify that on this 30th day of December, 2019, a copy of the foregoing Motion for Extension of Time, was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

_____ */s/ Claire M. Howard*_____

**Claire M. Howard**

# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
 2

 3    * * * * * * * * * * * * * *
     SUSAN BYRNE,                    )
 4                                   )
                  Plaintiff,         )
 5                                   )  Civil Action No.
         -vs-                        )  3:17-CV-01104 (VLB)
 6                                   )
     YALE UNIVERSITY, INC.,          )
 7                                   )
                  Defendant.         )
 8    * * * * * * * * * * * * * *

 9

10

11

12

13          DEPOSITION OF:  ROBERTO GONZÁLEZ ECHEVARRÍA

14          DATE:      DECEMBER 14, 2018

15          HELD AT:   MADSEN, PRESTLEY & PARENTEAU, LLC
                        402 Asylum Street
16                      Hartford, Connecticut  06103

17

18

19       Reporter: Bethany A. Carrier, RMR, CRR, CSR #071

20

21

22

23                  CASSIAN REPORTING, LLC
24               21 Oak Street - Suite 307
                  Hartford, Connecticut 06106
25                     (860) 595-7462
             scheduling@cassianreporting.com
```

```
 1              A P P E A R A N C E S

 2

 3   Representing the Plaintiff:

 4   MADSEN, PRESTLEY & PARENTEAU, LLC
     402 Asylum Street
 5   Hartford, Connecticut  06103
          By:  CLAIRE M. HOWARD, ESQ.
 6             choward@mppjustice.com
               (860) 246-2466
 7

 8
     Representing the Defendant:
 9
     JACKSON LEWIS, P.C.
10   90 State House Square
     8th Floor
11   Hartford, Connecticut  06103
          By:  VICTORIA WOODIN CHAVEY, ESQ.
12             victoria.chavey@jacksonlewis.com
               (860) 522-0404
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE WITNESS:  Some specific, but --

2    BY MS. HOWARD:

3          Q    And Professor Stith recorded the interview.

4    Correct?

5          A    Yes.  I remember that she did.

6          Q    And did Professor Stith get your consent to

7    record this interview?

8          A    Of course.  Yes.  Yes.

9          Q    So this was something that Professor Stith and

10   you discussed before the climate review interview?

11         A    Yes.  She must have asked me about that, yes.

12         Q    So did you begin the interview with reading the

13   statement?

14         A    No.  There were some general questions about the

15   climate in the department, and then I read my statement;

16   and then they asked me questions about that.  But I can't

17   recall what the questions were very precisely.

18         Q    Do you recall generally what the questions

19   were?

20         A    No.  About the feeling in the department, how --

21   which my view of it was very positive.

22         Q    Other than the statement, did you provide the

23   climate review investigators with any documents?

24         A    No.

25         Q    Why not?

```
 1                STATE OF CONNECTICUT

 2          I, Bethany A. Carrier, RMR, CRR, CSR #071, a Notary

 3     Public, duly commissioned and qualified in and for the

 4     State of Connecticut, do hereby certify that pursuant to

 5     Notice, there came before me on the 14th of December,

 6     2018, the following-named person, to wit:  ROBERTO

 7     GONZÁLEZ ECHEVARRÍA, who was by me duly sworn to testify

 8     to the truth and nothing but the truth; that he was

 9     thereupon carefully examined upon his oath and his

10     examination reduced to writing under my supervision; that

11     this deposition is a true record of the testimony given by

12     the witness.

13          I further certify that I am neither attorney nor

14     counsel for nor related to nor employed by any of the

15     parties to the action in which this deposition is taken,

16     and further that I am not a relative or employee of any

17     attorney or counsel employed by the parties hereto, or

18     financially interested in this action.

19          IN WITNESS THEREOF, I have hereunto set my hand

20     this 2nd day of January, 2019.
```



```
23     Bethany A. Carrier, RMR, CRR, LSR #071
                       Notary Public
24
       My Commission Expires:
25     October 31, 2023
```

# EXHIBIT 2

## PROCEDURE

On March 24, 2015, Provost Ben Polak, Faculty of Arts and Sciences (FAS) Dean Tamar Gendler, and Graduate School (GS) Dean Lynn Cooley announced a review of the learning and working environment in the department of Spanish and Portuguese to all members of the department. On March 27th, letters were sent to graduate students, ladder faculty, lectors, and staff describing the interviewing process.[11] We began interviewing witnesses on March 31, 2015 and finished our last interview on September 11, 2015. Although we tried to interview first students, then junior faculty, then lectors and staff, and finally senior faculty, scheduling issues sometimes prevented us from adhering to this schedule. We interviewed Prof. Adorno in a series of six interviews for a total of 23 hours. Because of time constraints we did not return to any witness to discuss matters that had been raised in others' interviews.

A number of witnesses provided documents to us for our review. Copies of the documents we cite in this report are attached as exhibits to this report. Prof. Adorno has told us she is submitting to the Provost the more than 400 pages of documents she gave us.

Prior to their scheduled interviews, Prof. Adorno, Prof. González Echevarría, and Prof. Noël Valis requested that we send a statement of the topics we planned to cover during the interviews. (We did not provide statements.)

Most witnesses came alone to their interviews. Kate Stith, the Lafayette S. Foster Professor at Yale Law School, accompanied each professor's interview, and with our consent recorded the interviews. In addition to helping these professors prepare beforehand, Prof. Stith consulted with them during the interviews, occasionally posed questions, and raised a number of concerns about this review (including its impetus).

A member of the department told us that he[12] overheard Prof. Adorno coaching Prof. Valis about the responses Prof. Valis should provide in her conversation with us; Prof. Adorno denied having discussed interview content with other faculty in the department.

## SENIOR FACULTY PERSPECTIVES

### *Overview*

The senior faculty[13] in the department of Spanish and Portuguese are deeply and passionately divided on the issue of how well the department is functioning. But on some things

---

[11] Goren, Barbara and Thomas, Jamaal. "Re: Departmental Climate Review." Messages to Graduate Students in the Department of Spanish and Portuguese, Members of the Ladder Faculty in the Department of Spanish and Portuguese, Members of the Instructional Faculty in the Department of Spanish and Portuguese, and Virginia Gutierrez, Registrar, and Susan Wheeler, Financial Assistant. 27 March 2015. Email, attached to this report as Exhibit 5. Separate e-mails were sent to the students, ladder faculty, lectors, and staff in the department.

[12] This report will use the masculine pronoun throughout to refer to both male and female witnesses who are not identified by name, in order to help protect their anonymity.

[13] The senior faculty, in order of seniority, are Prof. González Echevarría (who joined the department as a tenured professor in 1977), Prof. K. David Jackson (1993), Prof. Adorno (1996), Prof. Valis (1999), and Prof. González-Pérez (2006).

Confidential--Attorneys' Eyes Only

BYRNE003066

# EXHIBIT 3

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| SUSAN BYRNE, | : | CIVIL CASE NO.: 3:17-cv-01104-VLB |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
|     Defendant | : | MARCH 4, 2019 |
| | : | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Yale University ("Defendant"), by and through its undersigned counsel, hereby submits the following responses to Plaintiff's Sixth Set of Requests for Production of Documents to Defendant dated January 31, 2019.

## GENERAL RESPONSE

In response to Plaintiff's request for e-mail and other electronically stored information ("ESI"), Defendant will make reasonable, good faith, proportionate efforts required under the Rules, including, without limitation, Rules 1, 26(b)(1) and 26(g)(1)(B)(iii), *Federal Rules of Civil Procedure*, to locate and produce non-privileged documents that are responsive to Plaintiff's requests.

The ESI will generally be produced as it is kept in the usual course of business rather than organized and labeled to correspond to the categories of Plaintiff's requests.

The format of production of the ESI will be the form in which it is ordinarily maintained, or in a reasonably useable form or forms, typically Tiff and Load with

metadata included.  Upon request, Yale can also produce in fully searchable PDF format with metadata preserved.  Also upon request, Yale will meet and confer if you have any questions or would like to discuss this further, including, without limitation, specific Tiff and Load specifications appropriate for your ESI review software. Production of ESI will generally not be made in paper unless you pay for the additional costs and charges involved.

<u>PRODUCTION REQUEST NO. 1:</u>

Please produce the recordings taken by Kate Stith during the interviews conducted in connection with the Climate Review as noted on page 3 of the Climate Review Report, bates stamp number BYRNE003066, "Most witnesses came alone to their interviews.  Kate Stith, the Lafayette S. Foster Professor at Yale Law School, accompanied each professor to the professor's interview, and with our consent recorded the interviews."

<u>RESPONSE</u>:    Although Professor Stith, in her capacity as advisor to certain interviewees and not on behalf of Yale University, recorded certain interviews as "voice memos" during the Climate Review process, she is no longer in possession of these recordings.  These recordings were inadvertently lost when Professor Stith upgraded her iPhone, at which time she did not save the "voice memos" to the Cloud or via any other method. Professor Stith was not aware that the upgrade would cause her to lose the recorded interviews, and her cell phone provider did not warn her of this risk.

As a result, Professor Stith is not in possession of any documents responsive to this Request and was unable to provide them to Yale per this Request.

**DEFENDANT,**
**YALE UNIVERSITY**

By _____
**Victoria Woodin Chavey (ct 14242)**
**David C. Salazar-Austin (ct 25564)**
**Jackson Lewis P.C.**
**90 State House Square, 8th Floor**
**Hartford, CT  06103**
**Tel.: (860) 522-0404**
**Fax: (860) 247-1330**
**Victoria.Chavey@jacksonlewis.com**
**David.Salazar-Austin@jacksonlewis.com**

## CERTIFICATION OF SERVICE

This is to certify that the foregoing was sent by electronic mail on this 4th day of March, 2019 to the following counsel of record:

Magdalena Wiktor, Esq.
Claire M. Howard, Esq.
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
CHoward@mppjustice.com

_____
David C. Salazar-Austin