UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE,<br>　　Plaintiff | :<br>:<br>: |
| vs. | :<br>:   C.A. NO. 3:17-CV-01104 (VLB)<br>: |
| YALE UNIVERSITY, INC.<br>　　Defendant | :<br>:   September 24, 2020<br>: |

### Notice Regarding Leave to Conduct Limited Discovery

Plaintiff is filing this notice regarding the Court's Ruling on Motions in Limine (Doc. 130) and its request for Plaintiff to inform the Court as to whether she seeks leave to conduct additional limited discovery regarding Professor Kate Stith's audio recordings of Climate Review Interviews.

Plaintiff's First Set of Discovery Requests to Defendant, propounded on July 19, 2017, asked Defendant for "all documents concerning the Climate Review of the Department of Spanish and Portuguese initiated in March 2015, including but not limited to the Climate Review Report, interview notes and correspondence."

On July 27, 2020 Plaintiff conducted a limited deposition of Professor Stith regarding the Climate Review recordings.  During the deposition Professor Stith admitted to not retaining the recordings but taking notes during the Climate Review interviews, which are in Yale's possession, and observing co-interviewer Barbara Goren taking notes during the Climate Review Interviews.  July 27, 2020

**Transcript of Deposition of Kate Stith (Excerpts attached hereto as Exhibit A) at 13, 14, 19. These notes have not been produced by Defendant.**

**Consequently, Plaintiff seeks leave from the Court to re-open discovery for the limited purposes of seeking these notes taken by Barbara Goren and Professor Stith during the Climate Review Interviews and potentially filing a motion to compel regarding these notes.**

        **PLAINTIFF,**
        **SUSAN BYRNE**


    **By:** _____*/s/ Claire M. Howard*_____
        **Claire M. Howard (ct29654)**
        **Madsen, Prestley & Parenteau, LLC**
        **402 Asylum Street**
        **Hartford, CT 06103**
        **Tel. (860) 246-2466**
        **Fax. (860) 246-1794**
        **E-mail: choward@mppjustice.com**
        **Attorneys for the Plaintiff**

## **CERTIFICATION**

      I hereby certify that on this 24th day of September, 2020, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

                                                */s/ Claire M. Howard*

                                                **Claire M. Howard**

# EXHIBIT A

```
                UNITED STATES DISTRICT COURT

                  DISTRICT OF CONNECTICUT


****************************)
SUSAN BYRNE,                )
        PLAINTIFF,          )
                            )
VS                          )   CIVIL ACTION
                            )   NO. 3:17CV1104(VLB)
YALE UNIVERSITY,            )
        DEFENDANT.          )
****************************)
```

———————————————————————————————

ALL PARTICIPANTS APPEARED VIA ZOOM

———————————————————————————————

DEPOSITION OF:    KATE STITH CABRANES

DATE:             July 27, 2020

WITNESS LOCATION: Bethany, Connecticut




Reporter:  Thea Finkelstein, RMR, CRR, CSR #126



Cassian Reporting, LLC
21 Oak Street
Hartford, Connecticut 06106
860-595-7462
scheduling@cassianreporting.com

```
 1                    APPEARANCES:

 2

       Representing the Plaintiff:
 3
            MADSEN, PRESTLEY & PARENTEAU LLC
 4          402 Asylum Street
            Hartford CT 06103
 5          860-246-2466
            By:  CLAIRE M. HOWARD, ESQ.
 6          choward@mmpjustice.com

 7


 8
       Representing the Defendant:
 9
            JACKSON LEWIS LLP
10          90 State House Square
            8th Floor
11          Hartford, Connecticut 06103
            By:  DAVID C. SALAZAR-AUSTIN, ESQ.
12          david.salazar-austin@jacksonlewis.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                          INDEX

 2   EXAMINATIONS                                          Page

 3   Witness Name

 4   KATE STITH

 5   Direct Examination by ATTORNEY HOWARD                  6

 6   Cross-Examination by ATTORNEY SALAZAR-AUSTIN          54

 7   Redirect Examination by ATTORNEY HOWARD               55

 8

 9

10

11                    NO EXHIBITS MARKED

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  record of what they said.  At the time, it was
2  expected -- I don't know -- that the chair of the
3  department, Rolena Adorno, would receive a copy of the
4  Climate Review, and in case they were quoted at all, I
5  wanted to make sure the quotes were right.
6         I think it's also useful to record
7  interviews, just as we're recording this deposition.
8  I won't go on with my philosophy on that, but that's
9  why I recorded.
10    Q    And so you said a minute ago that you had an
11 expectation of getting a copy of the department
12 Climate Review.  Where did you form that expectation?
13    A    Rolena Adorno expected that, as chair of the
14 department, she would get a copy of the review.  I
15 mentioned this because in fact she didn't get a copy,
16 so I never had occasion to go back and look at any
17 quotes or look at the voice recording.
18    Q    Did you take notes during the interviews?
19    A    I did.
20    Q    Do you still have those notes?
21    A    I have those notes in the possession of my
22 attorney, or Yale's attorney.
23    Q    And when you took notes during the Climate
24 Review interviews, did you take notes during each and
25 every Climate Review interview that you participated

```
 1  in?
 2      A   I took some notes for each interview.
 3      Q   How did you get the idea to record the
 4  Climate Review interviews?
 5      A   I had been a participant -- I was actually a
 6  judge on the hearing panel in previous Yale
 7  proceedings.  One was a disciplinary hearing.  Yes,
 8  I've been involved in several Yale proceedings.
 9          I recall one disciplinary hearing in
10  particular and one tenure review hearing, and I found
11  it difficult to take complete notes and to ask
12  questions at the same time.  So I thought that it made
13  sense to -- those hearings were not recorded.  There
14  was no transcript made.  And in one case, it became
15  relevant exactly what a witness had said, and the
16  hearing panel did not have the same recollection.  So
17  I'm sort of in favor of contemporaneous recordings.
18      Q   While you were sitting in these interviews,
19  did you ever check your phone to make sure it was
20  still recording properly?
21      A   No.
22      Q   At the end of the interviews, did you check
23  your phone to see if it properly recorded the
24  interview?
25      A   Actually, during the interviews -- they were
```

```
 1        Q    And was Barbara Goren taking notes during
 2   Professor Echevarria's interview?
 3        A    I recall her taking notes; I don't recall if
 4   it was that interview.  I think Jamaal took more notes
 5   over the course of the summer.
 6        Q    Did you ever see, during all the interviews,
 7   Attorney Goren take notes?
 8        A    I do recall her at some point writing
 9   something down, but I don't recall her trying to take
10   full notes.
11        Q    And did you take notes during Professor
12   González Echevarria's interview?
13        A    I took notes.  I don't recall if I took notes
14   during the reading of the document, since he said he
15   was going to give a copy to them and I had a copy of
16   it, but I had taken notes in the second half hour.
17        Q    And when you said during the summer,
18   testified that it was during the summer that you tried
19   to obtain the recordings on your phone, was that the
20   summer of 2015 that you're referring to?
21        A    Yes, it is.
22        Q    And other than renaming the names of the
23   recordings in the summer of 2015, did you ever try to
24   access them?
25        A    Not until Yale's attorneys asked me for the
```

```
 1                    CERTIFICATE OF REPORTER
 2        I, THEA FINKELSTEIN, a Registered Merit
 3   Reporter/Notary Public within and for the State of
 4   Connecticut, do hereby certify there came before me,
 5   on the July 27, 2020, the following named person, to
 6   wit:  KATE STITH CABRANES, who was by me duly
 7   sworn/affirmed to testify to the truth and nothing but
 8   the truth; that she was thereupon carefully examined
 9   upon her oath, and her examination reduced to writing
10   under my supervision; that this deposition is a true
11   record of the testimony given by the witness.
12        I further certify that I am neither counsel for,
13   related to, nor employed by any of the parties to the
14   action in which this deposition is taken; and further,
15   that I am not a relative or employee of any attorney
16   or counsel employed by the parties hereto, nor
17   financially or otherwise interested in the outcome of
18   the action.
19                          WITNESS my hand and affixed my
20   seal this August 6, 2020.
21
22
23
24                                   THEA FINKELSTEIN, RMR CRR
25   My commission expires:  April 30, 2025
```