# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BYRNE, : | |
|     Plaintiff : | |
| : | CIVIL CASE NO.: |
| v. : | 3:17-cv-01104 (VLB) |
| : | |
| YALE UNIVERSITY, : | |
|     Defendant : | NOVEMBER 5, 2020 |
| : | |

## DEFENDANT'S MOTION FOR CONTINUANCE OF JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for this Court, Defendant Yale University, by and through its attorneys, hereby respectfully requests a six-month continuance of the February 16, 2021 jury trial of this matter, until on or about August 2021.

In support of this motion, Defendant states as follows:

    1.    On October 1, 2020, this Court scheduled jury selection for February 16, 2021, and the parties have estimated the evidence will require 10-15 days.

    2.    On or about November 2, 2020, Attorney Victoria Woodin Chavey – lead counsel for the Defendant in this matter since its inception – commenced a sabbatical leave of absence that will last for up to one year. Accordingly, we have undertaken to transfer lead counsel responsibility for this case to another Jackson Lewis attorney: Beverly Garofalo, Esq.

    3.    Attorney Garofalo is an experienced litigator who, along with Attorney Salazar-Austin, will ensure that a smooth transition occurs so as not to jeopardize the efficient trial of this matter.

4. Attorney Garofalo is scheduled for a jury trial in United States District Court in Boston, Massachusetts, set for March, 2021, pursuant to a scheduling order issued September 1, 2020. The case name is <u>Gigi Kai Zi Chan v. Wellington Management Company LLP and Charles Argyle</u>, Docket Number 1:19-CV-11605-WGY. This pre-existing commitment for a trial commencing as early as March 1 makes it impossible for Attorney Garofalo to participate in the two-to three-week trial of the <u>Byrne</u> matter commencing with jury selection on February 16, 2021, pursuant to the October 1, 2020 scheduling order.

5. Further, Attorney Salazar-Austin has a previously scheduled trial set for March 16, 2021, pursuant to the Connecticut Superior Court's May 20, 2020 modification of a prior scheduling order. While it is possible the <u>Byrne</u> trial would conclude before the commencement of that previously scheduled trial, it is also possible that the <u>Byrne</u> trial will continue past March 16, especially with potential delays due to the complications of trying a case in the global pandemic. The matter is <u>Lavan Williams v. ProStar Inc.</u>, Docket Number HHD-CV19-6113183-S.

6. Moreover, undersigned counsel and numerous Yale witnesses have health concerns related to a jury trial this upcoming winter during the global pandemic. The prospect of spending multiple days or weeks indoors with jurors, court staff, and others necessary for the trial of this matter causes significant concern, unless an effective vaccine is available or the spread of the virus is controlled by then.

7. Specifically, undersigned counsel, Attorney Salazar-Austin, has a significant underlying health condition that may make him more vulnerable to the

effects of COVID-19, and he would be willing to provide the court with further information for in camera review as necessary.

8. Further, many of Yale's witnesses in this case are age 65 or older and/or have responsibility for other family members who are in vulnerable groups. The CDC reports that 8 out of 10 deaths related to COVID-19 in the United States have been in individuals age 65 or older.[1] Witnesses over age 65 in this case include, but are not limited to, Professors Adorno, Bloch, Dovidio, Gonzalez Echevarria, Mazzotta and Valis. Several of Yale's witnesses have expressed concern for their own health and/or their family's health if they must testify in this matter in court in February.[2] While Defendant understands the potential for remote testimony, Defendant's ability to defend itself against Plaintiff's allegations would be substantially prejudiced if many or most of its witnesses cannot attend the trial in person, as the witnesses' ability to connect with the jury would be irreparably compromised.

9. This is the first motion for continuance filed in connection with the February 16, 2021 trial date.

10. As set forth above, there is ample good cause for the requested continuance.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

[2] Multiple witnesses report that in addition to their age, they are managing underlying health conditions that leave them even more vulnerable. For privacy reasons, Defendant does not identify those witnesses in this Motion, but will do so if the Court requires further information to justify the requested continuance.

11. Undersigned counsel inquired as to Plaintiff's position on this motion, most recently in e-mails dated November 2 and November 4, and on a telephone call on November 5. Despite this diligent effort, and having made every effort to afford Plaintiff a reasonable opportunity to respond, Defendant has not been able to ascertain Plaintiff's position on this Motion.

12. Based on the sabbatical of Yale's lead counsel, the scheduling conflicts of the remaining counsel for Defendant, the health concerns of counsel and numerous witnesses, and the unpredictable circumstances and concerns posed by COVID-19, Defendant seeks to continue the jury trial until on or about August 2021.

WHEREFORE, Defendant Yale University respectfully requests a continuance of the trial in this case.

                                            DEFENDANT,
                                            YALE UNIVERSITY

By:   */s/ David C. Salazar-Austin*
        David C. Salazar-Austin (ct25546)
        Beverly W. Garofalo (ct11439)
        Jackson Lewis PC
        90 State House Square, 8th Floor
        Hartford, CT 06103
        David.Salazar-Austin@jacksonlewis.com
        Beverly.Garofalo@jacksonlewis.com
        Tel.: (860) 522-0404
        Fax: (860) 247-1330

## **CERTIFICATION OF SERVICE**

I hereby certify that on November 5, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David C. Salazar-Austin*
David C. Salazar-Austin